## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

       Plaintiff,

vs.                                           No. CIV 09-0060 JB/RLP

THI OF NEW MEXICO AT HOBBS CENTER
d/b/a HOBBS HEALTH CARE CENTER,
DOE CORPORATION 1, DOE CORPORATION 2,
and DOE CORPORATION 3,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

      **THIS MATTER** comes before the Court on the Plaintiff's Motion to Extend the Deadline to File a Motion to Amend the Complaint and Extend the Deadline to Identify an Expert and Serve Defendants with an Expert's Report and Memorandum in Support, filed August 7, 2009 (Doc. 23). The Court held a hearing on September 8, 2009.  The primary issues are: (i) whether Plaintiff Sarah Walker has shown good cause for the Court to extend the deadline for her to file a motion to amend her Complaint; and (ii) whether Walker has shown good cause for the Court to extend the deadline for her to identify an expert and serve the Defendants with an expert's report.  Because recent case law from the United States Court of Appeals for the Tenth Circuit suggests that the standards for motions to amend under rules 15 and 16 of the Federal Rules of Civil Procedure are roughly the same, and because the Court finds that Walker has met the rule 16 standard, the Court will grant the motion to extend the deadline to file a motion to amend the Complaint and extend the deadline to identify an expert and serve Defendants with an expert's report.

## FACTUAL BACKGROUND

Walker was employed as the Business Office Manager at Hobbs Health Care Center, a nursing home in Hobbs, New Mexico, from August 2005 until January 8, 2007. Walker, an African American, alleges that THI of New Mexico at Hobbs Center, LLC ("THI of New Mexico") -- doing business as Hobbs Health Care Center ("HHCC") -- and three Doe Corporations unlawfully subjected her to numerous acts of racial discrimination and terminated her employment with the HHCC because of her race. THI of New Mexico, is a foreign limited liability company authorized to do business in New Mexico and has eleven subsidiaries. Walker filed a charge of race discrimination and retaliation against the Defendants with the Equal Employment Opportunity Commission.

## PROCEDURAL BACKGROUND

This is a case for violation of Walker's civil rights under (i) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 and 3; (ii) 42 U.S.C. § 1981;  and (iii) the New Mexico Human Rights Act. The Complaint currently lists several corporate "Doe" Defendants in anticipation that additional corporate defendants will be added once they are discovered. See Motion ¶ 7 at 3.

The deadline set by the Order Adopting Joint Status Report and Provisional Discovery Plan ("Scheduling Order") to file an Amended Complaint and to add additional parties was July 19, 2009. See Joint Status Report and Provisional Discovery Plan at 2, filed May 27, 2009 (Doc. 12) ("Provisional Discovery Plan"); Scheduling Order, filed June 4, 2009 (Doc. 17).

Walker served discovery requests on HHCC on May 26, 2009, and represents that she anticipated having the opportunity to receive and review this discovery before filing her motion to amend the Complaint. Because of agreed-on requests for extensions, Walker did not receive the discovery responses until July 23, 2009. A telephonic meeting to review HHCC's responses to this

discovery was held on August 6, 2009, and, in her motion, Walker represented that she hoped to receive additional discovery by August 21, 2009.  See Motion ¶ 3 at 2.

Walker further stated in her motion that if discovery was not forthcoming, she anticipated filing a motion to compel on or about September 4, 2009.  See Motion  ¶ 4 at 2.  At the time that Walker filed her motion, a separate, unopposed motion requesting the Court's approval of these dates was pending before the Court.  See Unopposed Motion to Extend Deadline for Filing Motion to Compel Discovery, filed August 8, 2009 (Doc. 20).  On August 18, 2009, the Court granted the motion for extension, see Order Extending the Deadline in which Plaintiff May File a Motion to Compel Discovery Responses (Doc. 24), and on September 4, 2009, Walker filed her motion to compel, see Plaintiff's First Motion to Compel Discovery and Memorandum in Support (Doc. 31)("Motion to Compel").

Walker moves the Court for an order extending the deadline for filing a motion to amend the Complaint until September 15, 2009.  If the Court extends the first deadline, Walker intends to file a motion for leave to amend the Complaint to: (i) add three or four individual defendants as well as two or three corporate defendants; (ii) allege additional facts expected to be obtained from HHCC's responses to discovery; and (iii) allege that the prospective new individual and corporate defendants had conspired, and violated Walker's rights under 42 U.S.C. § 1981 and the common law. See Motion ¶ 4 at 2.  Walker contends that it has been difficult for her to ascertain the relationships of the new potential corporate and individual defendants, because HHCC has not yet disclosed requested information about the interlocking relationships among all the different "THI" and "Fundamental" corporations and supervisory personnel who administer the many THI nursing homes in New Mexico.  Walker argues that the Defendants have organized themselves into a myriad of interconnecting corporate entities and have used this organizational scheme to diffuse, limit, and

-3-

complicate culpability and liability.

Walker also states that the deadline to move to amend the Complaint was missed because her lead counsel is a solo practitioner and was too focused on the discovery anticipated from the Defendants and being produced by Walker.

HHCC anticipates that Walker seeks to amend her Complaint to add individual defendants, specifically Debbie Lothridge, Jaime Andujo, and Debbie Melton, whose identities have been known to Walker since the filing of her original Complaint. <u>See</u> Defendant Hobbs Health Care Center's Response in Opposition to Plaintiff's Motion to Extend the Deadline to File a Motion to Amend the Complaint and Extend the Deadline to Identify an Expert and Serve the Defendant with an Expert's Report at 2, filed August 24, 2008 (Doc. 25)("Defendant's Response").  HHCC contends that Walker was made aware of the employers of the potential new individual defendants well in advance of the parties' agreed-upon deadline.  HHCC argues that it has informed Walker of the corporate structure of THI of New Mexico and of the existence of other corporations, specifically Fundamental Clinical Consulting (FCC) and Fundamental Administrative Services (FAS), whom have contracts with THI of New Mexico to provide services.  <u>See</u> Tr. at 6:23-7:1 (Kriegsfeld). HHCC also contends that Walker's counsel has co-counsel in this matter, with whom he shares office space and who also appeared during the rule 16 scheduling conference.  HHCC argues that Walker has not established that she made a diligent effort to comply with the deadline and that the Court should deny her request.

According to Walker's Motion to Compel Discovery, HHCC has only informed Walker that FCC provides "management services" and that FAS provides "administrative services," but has not clarified if there are common parent corporations, members, or shareholders in the relationship between these facilities and THI of New Mexico, which would allow Walker to name the correct

parties in her Amended Complaint.  See Motion to Compel ¶ 7 at 4.

Walker also moves the Court for an order extending the deadline for retaining and identifying an expert and serving an expert's report until October 15, 2009.  The deadline set for Walker to deliver expert reports to the Defendants was August 31, 2009.  See Provisional Discovery Plan at 14; Scheduling Order at 2.  Walker filed this motion to extend the deadline on August 8, 2009, before the deadline set forth had expired.  In the Provisional Discovery Plan, Walker disclosed that she anticipated calling a psychological expert concerning Walker's emotional distress damages and an economic expert concerning Walker's loss of past and future employment income, but noted that she had not yet decided upon or retained the experts.  See Provisional Discovery Plan at 7.  After the Court granted the Scheduling Order, Walker informed her counsel, Daniel Yohalem, that she required surgery for a cancer growing in her leg.  See Transcript of Hearing at 3:25-4:2 (taken September 8, 2009) ("Tr.")(Yohalem).[1]  Walker had surgery at the end of June, which inhibited her physical ability to aid her counsel in the collection of her economic documents and her ability to travel to see a psychological expert.  See Tr. at 4:2-6.  Walker has now retained an economic expert and has delivered her documents to the expert for analysis.  See id. at 4:7-10.  According to Walker's counsel, the expert report should be finished soon.  See id. at 4:10-11.  Walker has not yet, however, disclosed the identity of her retained expert to the Defendants.

HHCC argues that Walker presumably knew she would be having surgery before the deadlines in the Scheduling Order were set and that this explanation is insufficient to establish the showing of good cause required to extend the deadline.

---

[1]The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

## LAW REGARDING RULE 16 MODIFICATION OF SCHEDULING

The United States Court of Appeals for the Tenth Circuit instructs: "[R]igid adherence to pretrial conference agreements should not be exacted, especially where to do so will result in injustice to one party and relaxing of such agreement will not cause prejudice to the other party." Smith Contracting, Corp. v. Trojan Const. Co., Inc., 192 F.2d 234, 236 (10th Cir. 1951). See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir. 1990)(stating "rigid adherence to the pretrial scheduling order is not advisable")(citing Smith Contracting, Corp. v. Trojan Const. Co, Inc., 192 F.2d at 236).

Rule 16(b) of the Federal Rules of Civil Procedure provides: "Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order after receiving the parties' report under Rule 26(f) . . . The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b).  While rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings generally, rule 16 governs amendments to scheduling orders.  See Bylin v. Billings, 568 F.3d 1224, 1230 (10th Cir. 2009)(citing Fed. R. Civ. P. 16(b)).  Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Advisory Committee Notes to rule 16 explain: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test."  Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16.  Rule 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."  Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., No. Civ 02-1146, 2007 U.S. Dist. LEXIS 56492, at *3 (D.N.M. June 5, 2007)(Browning, J.).  "Properly construed,

'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Id.

The Tenth Circuit has noted that the "good cause" standard of rule 16 is "an arguably more stringent standard than the standards for amending a pleading under [r]ule 15." Bylin v. Billings, 568 F.3d at 1230.  The Tenth Circuit has also noted, however, that there is a "rough similarity" between the "good cause" standard in rule 16 and the "undue delay" standard in rule 15.  Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  The Tenth Circuit has stated: "[I]t appears unlikely that applying [r]ule 16 would lead to a different outcome [than rule 15], much less prevent a 'manifest injustice.'"  Bylin v. Billings, 568 F.3d at 1232.  The Tenth Circuit quoted other appellate courts that have applied rule 16 and have "afforded wide discretion to district courts' application of that rule."  Bylin v. Billings, 568 F3d. at 1231 (citing United States v. Dang, 488 F.3d 1135, 1143 (9th Cir. 2007)("[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.");  Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F3d. 669, 684 (3d Cir. 2003)("Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation.")).

If the court grants a party leave to extend the deadline to file a motion to amend, then the motion to amend is also considered under rule 15.  Rule 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(internal citations, quotation marks, and bracket omitted).  See Duncan v. Manager, Dep't of Safety, City & County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005)(quoting  Frank v. U.S. West, Inc., 3 F.3d at 1365, and stating that resolving the issue whether to allow a plaintiff to file a supplement to his complaint is "well within the discretion of the district court").  "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  B.T. ex rel. G.T. v. Santa Fe Pub. Schools, No. Civ. 05-1165, 2007 U.S. Dist. LEXIS 33912,  at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).  "Specifically, the . . . Tenth Circuit has determined that district courts should grant leave to amend when doing so would yield a meritorious claim."  Burleson v. ENMR-Plateau Tel. Co-op., No. Civ. 05-0073, 2005 U.S. Dist. LEXIS 39145, at *2 (D.N.M. Sept. 23, 2005)(Browning, J.)(citing Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)).

Motions to extend the deadline for expert reports are also considered under the rule 16 "good cause" standard.  Conroy v. Schafer, No. Civ. 06-0867, 2008 U.S. Dist. LEXIS 39532, at **1-3 (D. Utah May 15, 2008)(granting the motion to extend the deadline for expert reports because "this case appears to fit the normal pattern found in many civil disputes where despite diligent efforts of both parties deadlines cannot always be met.").

## ANALYSIS

The Tenth Circuit affords the Court wide discretion in supervising the pretrial phase of litigation.  See Bylin v. Billings, 568 F.3d at 1232.  The Tenth Circuit also advises against rigid adherence to the Scheduling Order where to do so results in injustice to one party and relaxing the deadlines will not prejudice the other party.  See Smith Contracting, Corp. v. Trojan Const. Co., Inc., 192 F.2d at 236; Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d at 1519.  Because Walker seeks leave to extend the deadlines set forth in the Scheduling Order, and because she is not seeking leave at this time to amend, the Court will apply the rule 16 "good cause" analysis to both the request to extend the deadline to file a motion to amend the Complaint and to the request to extend the deadline for identifying an expert and providing defendants with an expert report.  Using this standard, the Court concludes that Walker has shown good cause to extend the deadline to file  a motion to amend the Complaint and extend the deadline to identify an expert and serve Defendants with an expert's report.

## I.    THE COURT WILL EXTEND THE DEADLINE TO FILE A MOTION TO AMEND THE COMPLAINT.

Walker's motion seeks leave to extend the deadline for filing a motion to amend the Complaint set forth in the Scheduling Order.  The deadline to file an amended Complaint and add additional parties expired July 19, 2009.  Walker states that the authority of the individual and corporate defendants has been difficult to ascertain because Defendants have not disclosed requested information about the Defendant's corporate structure.  See Motion ¶ 5 at 2-3.  Walker has filed a motion to compel, which remains pending, requesting the discovery needed to discern the corporate structure of THI of New Mexico, so that she may identify the three Doe Corporations in her Complaint and possibly other corporate and individual defendants.  It appears to the Court from the

record that HHCC has not yet provided Walker with the information she requires regarding the relationships, if any, between the other corporate entities possibly implicated in her suit, such as FCC and FAS, and the Court finds that Walker's need to acquire additional discovery, to understand the corporate relationships, and to properly name necessary parties before seeking to amend is a sufficient showing of good cause under rule 16 to grant the requested extension.[2]

Furthermore, if Walker is not given leave to amend the Complaint in this case, her alternative is to file a separate lawsuit against the new defendants and then to move for consolidation with this matter.  In the interests of judicial economy and efficiency, the Court finds that allowing the deadline to be extended so that the Complaint can be appropriately amended in this case is the better solution.

Additionally, the Court does not find, nor do the Defendants allege, that there will be undue prejudice or harm caused to the Defendants if the Court allows for the extension of the deadline to amend the Complaint.  Moreover, the Tenth Circuit has noted a "rough similarity" between the "good cause" standard of rule 16 and the "undue delay" standard in rule 15.  Minter v. Prime Equip. Co., 451 F.3d at 1205 n.4.  The Court has previously held that the "good cause" showing required by rule 16(b) was not met when the defendant filed a motion for leave to amend over a year after the deadline had expired and only two months before trial.  See Trujillo v. Bd of Educ. of the Albuquerque Public Schs., 2007 U.S. Dist. LEXIS 56492, at *5.  Here, Walker filed her motion eighteen days after the deadline expired.  It is early in the case, and the amount of time since the

---

[2] The Court has had another case in which the THI organization has been confusing and created considerable work for the Court and the parties as a result. See, e.g., Thompson v. THI of New Mexico at Casa Arena, No. Civ. 05-1331, 2008 U.S. Dist. LEXIS 108726, at *66 (D.N.M. Dec. 24, 2008)(Browning, J.)(stating that, given the proliferation of THIs potentially involved in the case, it was incumbent upon the plaintiff to be precise about which entities he was naming as a defendant).

deadline expired is minimal, and thus the Court does not find that Walker has created an "undue delay." The Court finds that allowing for the time to amend the Complaint best serves the interests of justice and favors efficient judicial administration.

## II.   THE COURT WILL EXTEND THE DEADLINE FOR IDENTIFYING AN EXPERT AND PROVIDING DEFENDANTS WITH AN EXPERT REPORT.

Walker's motion also seeks leave to extend the deadline for identifying an expert and providing Defendants with an expert report until October 15, 2009. The deadline set by the Scheduling Order for Walker to identify an expert and serve Defendants with a report was August 31, 2009. According to her counsel, Walker has retained an expert to review her financial records in order to calculate lost wages, and may also retain an expert to evaluate the emotional effect the alleged discrimination had upon her. See Tr. at 4:7-10. In order for the Court to grant the extension that Walker seeks, she must show good cause for her inability to identify an expert before the deadline expired. See Fed. R. Civ. P. 16(b). The Court notes that Walker did file her motion to extend before the deadline set in the Scheduling Order had expired.

The Court also uses the rule 16 "good cause" standard to determine whether an extension of time  to identify an expert and serve the expert report to Defendants is warranted. See Conroy v. Schafer, 2008 U.S. Dist. LEXIS 39532, at *3. Because Walker has not yet identified an expert, if the Court does not grant the extension of the deadline, Walker will have no expert in this case. Not having an expert in a case of this nature is a high price to pay for missing a deadline that, arguably, was unrealistic when it was set at the end of May, because of the need for Walker to have surgery to remove the cancer in her leg in the following weeks. The Court notes that rigid adherence to the scheduling deadline set for identifying an expert and delivering an expert's report to the Defendants would likely result in injustice to Walker, as she would not have any expert, a result that

-11-

the Tenth Circuit has concluded to be inadvisable.  The Court concludes that Walker has shown the necessary diligence to attempt to meet the deadline for identifying an expert and delivering the report, though hindered by medical complications that made meeting the deadlines as set an impracticability.  Though delayed because of the surgery and subsequent recovery time, she has retained an expert and claims that the report is near completion.

The Court notes that the Defendants have expressed concern that they will be prejudiced if the Court grants an extension of the deadline because it will shorten the amount of time for completing depositions.  The Court, however, believes that there is sufficient good cause to reassess the deadlines for completing depositions so that neither party is prejudiced if Walker is permitted to identify her experts and deliver her expert reports.  In other words, the Court believes that it will be able to adjust all deadlines so that it can mitigate or eliminate prejudice to the Defendants if it extends the deadline for Walker to identify an expert and deliver her expert report to the Defendants.

**IT IS ORDERED** that the Plaintiff's Motion to Extend the Deadline to File a Motion to Amend the Complaint and Extend the Deadline to Identify an Expert and Serve Defendants with an Expert's Report is granted.  The deadline for filing a motion to amend the Complaint is extended until September 18, 2009, and the deadline to identify an expert and submit an expert report to Defendants is extended to October 15, 2009.

_____
UNITED STATES DISTRICT JUDGE

-12-

*Counsel*:

Richard Rosenstock
Santa Fe, New Mexico

-and-

Daniel Yohalem
Santa Fe, New Mexico

> *Attorneys for the Plaintiff*

Robert Shawn Oller
Christie Kriegsfeld
Littler Mendelson
Phoenix, Arizona

> *Attorneys for the Defendant THI of New Mexico at Hobbs Center LLC doing business as Hobbs Health Care Center*