IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

        Plaintiff,

vs.                                                                      No. CIV 09-0060 JB/RLP

THI OF NEW MEXICO AT HOBBS CENTER
d/b/a HOBBS HEALTH CARE CENTER,
DIANA MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER), THI OF NEW
MEXICO, FUNDAMENTAL CLINICAL CONSULTING, LLC,
AND FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' [sic] First Motion to Compel

Discovery and Memorandum in Support, filed September 4, 2009 (Doc. 31).  The Court held a

hearing on December 9, 2009.  The primary issues are: (i) whether the Court will require Defendant

THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center ("THI of Hobbs") to secure

documents from other entities; (ii) whether the Court will compel THI of Hobbs to produce

supplemental responses to Requests for Production Nos. 2, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18,

21, 22, 25, 26 and 27; (iii) whether the Court will compel THI of Hobbs to provide a supplemental

answer to Interrogatories Nos. 1 and 7; (iv) whether the Court will compel THI of Hobbs to produce

a verification of the answers to the interrogatories; (v) whether the Court should grant either party

attorneys' fees.  Because it is unclear whether THI of Hobbs has possession, custody, and/or control

over some of the documents that appear to be in the possession of separate corporations, the Court

will not order, at this time, THI of Hobbs to produce the documents in the possession of other

companies, but will require THI of Hobbs and/or its attorney to file two affidavits that state: (i) certain documents that THI of Hobbs used in the Equal Employment Opportunity Commission proceeding, which proceeded this lawsuit, and which were from other THI centers, were obtained by a request, not by an instruction from THI of Hobbs and/or its attorney, and that the request was one that the other THI centers or their employees could have refused without any adverse consequences; and (ii) THI of Hobbs' current attorneys do not represent the other THI centers, and the attorneys did not direct, as THI of Hobbs' agent, the other THI centers to turn over certain documents.  If THI of Hobbs and its attorneys cannot make these representations under oath, they will need to produce all responsive documents in the possession of the THI centers, regardless whether the documents are currently in the possession of THI of Hobbs.  Further, for the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant the motion to compel in part and order THI of Hobbs to produce the documents and responses Walker seeks.  The Court will deny the portion of Walker's motion requesting an award of attorneys' fees.

## **FACTUAL BACKGROUND**

Walker was employed as the Business Office Manager ("BOM") at THI of Hobbs, a nursing home in Hobbs, New Mexico, from August 2005 until January 8, 2007.  Walker, an African American, alleges that THI of Hobbs and the other Defendants[1] unlawfully subjected her to numerous acts of racial discrimination and terminated her employment with THI of Hobbs because of her race.  It appears that the Defendants have organized themselves into a myriad of

---

[1] The Amended Complaint added Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood (Miller), THI of New Mexico, Fundamental Clinical Consulting, LLC, and Fundamental Administrative Services, LLC as Defendants.  See Amended Complaint, filed December 14, 2009 (Doc. 50)("Am. Complaint").

interconnecting corporate entities, and have used this organizational approach to try to diffuse, limit, and complicate culpability and liability.  This organizational structure has created issues for the Court, plaintiffs, and arbitrators in this case, and in other cases in this District.  See, e.g., Thompson v. THI of New Mexico at Casa Arena, No. Civ. 05-1331, 2008 U.S. Dist. LEXIS 108726, at *66 (D.N.M. Dec. 24, 2008)(Browning, J.)(stating that, given the proliferation of THI entities potentially involved in the case, it was incumbent upon the plaintiff to be precise about which entities he was naming as a defendant).

      **1.**     **Walker's Termination.**

Walker alleges that she is a highly competent African-American woman with a masters-level graduate degree.  THI of Hobbs is the entity that employed Walker and is where she was employed at the time of her allegedly unlawful termination.  Walker contends that she performed her job satisfactorily, that she received repeated merit raises, and that  Billy Cummings, her immediate supervisor and the operations director of THI at Hobbs, was satisfied with her work and had never subjected her to disciplinary action.

Walker deduces, from some of the Defendants' responses to discovery, that THI has at least seventeen local health centers, nursing homes, or speciality hospitals in New Mexico, including the original Defendant in this case, THI of Hobbs, each of which is a separate corporation or limited liability company.  See Am. Complaint ¶ 5, at 2.  THI of Hobbs' limited response to discovery reveals that Defendant Fundamental Clinical Consulting, LLC ("FCC") provided "management services" to all the THI facilities in the region.  Defendants' Response to Plaintiff's First Request for Production of Documents, filed September 4, 2009 (Doc. 31-4).  THI of Hobbs represents that Defendant Jaime Andujo was FCC's Regional Director of Operations  for the New Mexico Region.  Another company, Defendant Fundamental Administrative Services, LLC ("FAS"), provided

"administrative services" to all the THI facilities in the region.  Defendants' Response to Plaintiff's

First Request for Production of Documents, Responses to Request No. 2, n.1 and to Request No. 17.

Defendants Diana Melton and Debbie Lothridge were FAS' Regional Account Managers for the

New Mexico region.  Defendant Karen Hood was Vice President of Human Resources for FAS.  See

Am. Complaint ¶¶ 6, 8, 9, at 3-4.  THI of Hobbs represents that FAS and FCC are not parent

corporations of THI of Hobbs.  THI of Hobbs has not revealed whether any of these corporations

have common parents, members, or shareholders.

THI of Hobbs has admitted in discovery that Walker is the only African-American to hold

the position of BOM in any THI Center in the region at least since 1998.  See Plaintiffs' [sic] Reply

to Defendants's Response to Motion to Compel Discovery at 2, filed October 5, 2009 (Doc. 33).

Walker contends that, regardless of the putative corporate structure, apparently created at least in

part to insulate these individual and corporate actors from liability for actions taken against

employees of the other health centers in New Mexico and other centers elsewhere, it was Andujo,

Melton, Lothridge, Hood, and their employers who exercised authority over THI of Hobbs'

operations.  See Motion ¶ 8, at 4.  Walker asserts that Andujo, Melton, Lothridge, and Hood

supervised and exercised authority over all the operations directors and BOMs at all the THI centers

in their region.  It is Walker's contention that, in effect, Andujo, Melton, Lothridge, and Hood were

the supervisors for all the BOMs in the region.  Specifically, Walker contends that Melton and

Lothridge were her supervisor.  See id.  Walker also maintains that she took orders from Andujo,

Melton, Lothridge, and Hood.  See Motion at 20.  There is evidence supplied with Walker's motion

to compel that Melton participated in the decision to place Laura Ramos, the BOM at the Las Cruces

facility, on an Action Plan -- a form of discipline imposed on employees.  See Motion Exhibit 5.

Cummings was Operations Director at THI of Hobbs.  Andujo was Cummings' supervisor. Walker contends that Andujo made the decision to hire Cummings. Cummings will apparently testify that, regardless what paper relationship had been constructed for the employees of FCC and FAS, Andujo, Melton, Lothridge, and Hood were his superiors, that he understood that he took orders from these four people, and that he was required to carry out their orders.

Hobbs of THI has repeatedly represented that Walker's only supervisor was Cummings. See Defendant's Response to Plaintiff's Motion to Compel Discovery at 6, filed September 21, 2009 (Doc. 32)("Response").  THI of Hobbs contends that Andujo, Melton, Lothridge, and Hood were consultants helping out each of the THI centers in their region. See id.  Walker maintains that these four persons were responsible for and/or involved in her discriminatory treatment.  Walker contends that Andujo, Melton, Lothridge, and Hood were involved in harassing her.  Specifically, Walker alleges that they subjected her to racial discrimination.  Walker contends that these individuals and entities, acting on their own and/or in concert with THI at Hobbs, discriminated against her on account of her race.   Walker particularly contends that Lothridge subjected her to racially discriminatory treatment. Walker alleges that Lothridge regularly berated and humiliated her  in front of her co-workers at THI of Hobbs.

THI of Hobbs maintains that Andujo, Melton, Lothridge, and Hood were not responsible for her mistreatment.   Walker disputes THI of Hobbs' contention about the responsibility and role of the four individuals.  Walker maintains that Andujo, Melton, and Hood were the decision makers for disciplinary action.  Walker alleges that Andujo, Melton, Lothridge and Hood forced Cummings to put her on a disciplinary Action Plan.  Specifically, Walker alleges that Melton ordered Walker to be put on an unfair and impossible performance plan.  Cummings will apparently testify that he was required to carry out Andujo, Melton, Lothridge, and Hood's orders, including the order to put

Walker on an Action Plan.  See Motion at 2.

Walker also alleges that Andujo, Melton, and Hood were involved in her disciplinary action. Walker has received copies of electronic-mail transmissions showing both that Andujo, Melton, and Hood wanted Walker disciplined, and that Cummings questioned their efforts.  See Electronic-Mail Transmission from Diana Melton to Billy Cummings, Karen Hood, and Jaime Andujo (Nov. 11, 2006); Electronic-Mail Transmission from Jaime Andujo to Billy Cummings (Nov. 30, 2006); Reply Electronic-Mail Transmission from Billy Cummings to Jaime Andujo (Nov. 30, 2006).  Cummings will testify that, if he had been in charge of THI of Hobbs, with complete authority over the employment of THI of Hobbs' BOMs, he would not have put Walker on the unfair performance plan that Melton and Andujo mandated.  See Affidavit of Billy Cummings provided to EEOC, at 2 (executed September 6, 2007), filed September 4, 2009 (Doc. 31-2)

Cummings' testimony contradicts THI of Hobbs' proffered explanation that only Cummings disciplined Walker, and Cummings maintains that he was ordered to terminate Walker.  See Am. Complaint ¶¶ 22-28, at 7-9; Cummings Aff. at 3.  Cummings will apparently testify that he carried out Andujo, Melton, Lothridge, and Hood's order to fire her a month after he placed her on an Action Plan, and that he was required to fire Walker because they told him to do so.  See id. Specifically, Melton, along with Andujo, ordered Cummings to fire her.  See Am. Complaint ¶ 32, at 11.  Walker also alleges that Hood acted in concert with Andujo and Melton in her firing.  THI of Hobbs contends that only Cummings terminated Walker.  See id.

Cummings will also apparently testify that he disagreed with these orders.  Walker and Cummings allege that he did not want to terminate Walker, but was under duress.  See Cummings Aff. at 3. Cummings stated that he would not have fired her.  See id.  Walker further contends that the Defendants' proffered explanation for these actions -- that Cummings initiated them because he

was unhappy with her cash collections – is a pretext to conceal discriminatory animus.  Cummings resigned in protest shortly after Walker's termination.  See Am. Complaint ¶ 33, at 11.

Walker contends that there is direct evidence of this discrimination -- Cummings' testimony -- and indirect, circumstantial evidence of discrimination.  Walker contends that the indirect evidence consists of evidence that she was treated differently than the non-African-American BOMs working in Andujo's district under Andujo's supervision, in that they either were not disciplined at all for cash collection problems of a similar nature, and/or they were given more lenient disciplinary action.  Walker further alleges that there was a custom or practice of racially discriminatory employment actions within the THI of Hobbs facility, and within the District as a whole.

      **2.**      **EEOC Proceedings.**

In the EEOC proceeding that preceded this litigation, the only defendant was THI of Hobbs.  In that proceeding, THI of Hobbs obtained and provided the EEOC selected portions of the information about the operations of the other THI centers in New Mexico.  Walker alleges that, during the EEOC proceedings that preceded this lawsuit, the Defendants selectively produced numerous documents to support their defense.  See Motion at 3.  These documents included records of certain monthly collection goals and results for all the facilities under Andujo's supervision for a portion of the time that Walker was employed.  See id.  For example, "Trans Health AR by Facility Reports" were produced for all the facilities but only for the July-December 2006 time period.  See Motion Exhibit 10 (Doc. 31-6).

The Defendants also provided the EEOC with an Action Plan issued in August, 2005, for a non-African-American employee.  See Motion Exhibit 4 at 10-12 (Doc. 31-2).  The Action Plan shows both that Andujo and Lothridge were involved in the disciplinary action.  See Motion Exhibit

-7-

4 at 10-12.  The non-African-American employee was subjected to much less severe conditions. The Action Plan required the non-African-American employee, Ramos, to "meet or exceed cash collections of 105% each month until outstanding A/R has been reduced below 20%," Exhibit 4 at 10, while Walker was required to meet "cash collection goals plus $200,000" for an indefinite period of time.  See Motion Exhibit 5, Action Plan for Sarah Walker at 14.  Significantly, the documents that THI of Hobbs produced for the EEOC show no BOM in any facility was able to exceed his or her cash collection goal in any month by $200,000.00 as Walker was required to do.  See Motion at 3-4.  The documents produced show that, despite that Walker exceeded her cash-collection goal for December 2006, collecting 108%, she was still fired.  See Motion at 4.

## PROCEDURAL BACKGROUND

Walker's case is one for violation of her civil rights.  In her original Complaint, Walker alleged that her mistreatment on the job and termination of employment were a result of race discrimination against her by employer, THI of Hobbs, Doe Corporation 1, Doe Corporation 2, and Doe Corporation 3 because she is an African-American.  See Complaint ¶ 46, at 13, filed January 22, 2009 (Doc. 1).  Walker also alleged that Melton, Lothridge, Andujo, and Hood, who acted out of racially discriminatory animus, caused the corporate Defendants' conduct when they mistreated Walker and caused her to be fired.  See Complaint ¶¶ 14-23, at 4-6.  Walker alleged that these four exercised authority over Walker and over her immediate supervisor, Cummings.  See Complaint ¶27, at 7-8.  Walker contended that they ordered Cummings to discipline and then fire Walker over his objection.  See id.  At the time that Walker filed her Complaint, she did not know who employed Andujo, Melton, Lothridge, or Hood.  Because of this lack of knowledge, Walker named three Doe Corporations as additional Defendants.

-8-

1.      **Discovery Disputes.**

On May 26, 2009, Walker served a Request for Production of Documents and a set of Interrogatories on all Defendants in the original Complaint, i.e., Hobbs THI and Doe Corporations 1-3.  <u>See</u> Plaintiff's First Request for Production of Documents at 1, filed September 4, 2009 (Doc. 31-3).   On June 23, 2009, THI of Hobbs requested that they be given an extension until July 13, 2009, to respond to Walker's discovery.  Walker agreed.  On July 9, 2009, THI of Hobbs requested an additional extension until July 20, 2009.  Walker also agreed to this extension.  Walker received THI of Hobbs' responses on July 23, 2009.  <u>See</u> Defendant's Response to Plaintiff's First Request for Production of Documents at 1, filed September 4, 2009 (Doc. 31-4).

On August 6, 2009, Walker's counsel and THI of Hobbs' counsel had an extensive telephone conference about THI of Hobbs' responses to Walker's discovery.  <u>See</u> Motion at 5.  THI of Hobbs agreed to review its responses to the interrogatories and requests for production that the parties had discussed in that conference, and to determine whether it would provide additional documents and/or answers.  The parties agreed that THI of Hobbs would provide Walker with any additional responses and answers by August 21, 2009.   The parties also agreed that Walker would then have until September 4, 2009, to file any motion to compel discovery.  Walker filed an unopposed motion to obtain the Court's approval of this schedule.  On August 18, 2009, the Court granted the motion and allowed Walker until September 4, 2009, to file her motion to compel discovery.  <u>See</u> Order Extending the Deadline in which Plaintiffs May File a Motion to Compel Discovery Responses, filed August 18, 2009 (Doc. 24).

As a result of the telephone conference and THI of Hobbs' August 21, 2009 electronic-mail transmission to Walker, there are many remaining discovery issues between the parties that the Court needs to resolve on this motion to compel.  Although the THI of Hobbs' counsel agreed to

review the responses and to talk with their client about several of Walker's discovery requests, THI of Hobbs' August 21, 2009 electronic-mail transmission states there will be no supplementation of most of the outstanding requests. See Motion at 5-6. In addition, although THI of Hobbs stated that they would provide some partial supplementation, as of the due date for filing the motion to compel, Walker had not received any additional documents. On September 2, 2009, THI of Hobbs electronically filed a certificate of service of supplemental responses, but those documents had not arrived by the date required for filing the motion to compel. In her motion, Walker stated that, to preserve her rights under rules 26 and 33, she could not wait any longer to see what documents THI of Hobbs may have now provided, and stated that she would address THI of Hobbs' supplemental production in her reply brief to this motion. See Motion at 6.

On the basis of the documents received from THI of Hobbs to date, Walker seeks an order from the Court compelling production. THI of Hobbs continues to refuse to produce the requested documents concerning the related corporations. Walker moves the Court, pursuant to rules 26 and 37 of the Federal Rules of Civil Procedure, for an order compelling THI of Hobbs to produce documents that she requested and to answer two interrogatories. Many of the facts that Walker alleges are evident in exhibits attached to Walker's motion to compel.

### 2.    Supplemental Responses.

After Walker filed her motion to compel, she received THI of Hobbs' supplemental response to discovery. THI of Hobbs' supplemental discovery has had an effect on Walker's motion to compel. In its supplemental response, THI of Hobbs provided the monthly collection goals and revenue Requests for Production No. 6 and No. 7 requested. Walker represents that her motion to compel with regards to Request for Production No. 7 is now moot; however, issues with Request for Production No. 6 remain outstanding. See Plaintiffs' [sic] Reply to Defendants's Response to

Motion to Compel Discovery at 6, filed October 5, 2009 (Doc. 33).  Walker also represents that she believes the response to Request for Production No. 7 contains information which satisfies Request for Production No. 10, and thus the motion to compel with regards to that RFP is also moot.  See id.  Walker also states that THI of Hobbs provided a supplemental answer to Interrogatory No. 1, and the motion to compel further discovery as to Interrogatory No. 1 is now moot.  See id. at 9.

       **3.**       **Motion to Amend.**

On October 30, 2009, Walker requested leave of the Court to file a motion to amend the Complaint to add the four individuals, THI of New Mexico, LLC, FCC, and FAS as Defendants.  See Plaintiff's Motion for Leave to File an Amended Complaint and Memorandum in Support at 4 (Doc. 40).  At the hearing, the Court stated its inclination to grant the motion, based on the reasons stated in the Court's October 8, 2009 Memorandum Opinion and Order (Doc. 36) granting Walker an extension to file a motion to amend her Complaint.  The Court filed an Order granting the motion to amend on February 1, 2010 (Doc. 55).

Walker filed her Amended Complaint on December 14, 2009, which names THI of Hobbs, Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC, and FAS as Defendants.  See Am. Complaint at 1.  Walker alleges that the Defendants discriminated against because of her race, in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)-2 and 2000(e)-3, under 42 U.S.C. § 1981, under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7F, G, and I, and under the common law.  See Am. Complaint ¶¶ 51-55, at 17-18.

**ANALYSIS**

Walker moves the Court to compel the production of documents from THI of Hobbs responsive to her Requests for Production, to compel a supplemental answer to Interrogatory No. 7, and to secure a verification of all of the answers provided to her interrogatories.  THI of Hobbs

argues that Walker's motion to compel responses to her Requests for Production and Interrogatories are moot, because THI of Hobbs supplied supplemental responses and disclosed documentation to some of the requests and because THI of Hobbs does not have in its possession, custody, or control information or documents responsive to the remaining requests.  See Defendant's Response to Plaintiff's Motion to Compel Discovery at 4-5, filed September 21, 2009 (Doc. 32).  Walker argues that she is entitled to the documents requested because other THI centers had the same four supervisors -- Andujo, Melton, Lothridge, and Hood -- and because THI of Hobbs obtained and produced the same information related to other THI centers now requested by Walker in the EEOC proceedings.  See Reply at 5.  Although the Court will not compel THI of Hobbs to produce documents which are not in its possession, custody, or control, the Court will require assurances that the documents used by THI of Hobbs in the EEOC proceedings had to be requested from other THI centers, that THI of Hobbs' current attorneys do not represent the other THI centers, and that the attorneys did not direct the other THI centers, as THI of Hobbs' agent, to turn over certain documents.  Dependent upon the representations made in the affidavits, the Court will compel THI of Hobbs to respond to Walker's requests as set forth in this opinion.

# I.   WALKER IS ENTITLED TO DISCOVERY ABOUT THE RELATIONSHIP BETWEEN OTHER THI CENTERS AND THI OF HOBBS.

THI of Hobbs seeks to deny Walker much of the requested information in discovery by asserting that the only Defendant in this case at the time the motion to compel was filed is a single limited liability company called THI of Hobbs.  THI of Hobbs asserts that the other THI centers in New Mexico are each separate LLCs, which have nothing to do with, and nothing in common with, THI of Hobbs.  THI of Hobbs alleges that the operations director solely determines what happens at each Center, and that the operations director does not have to follow the directives they receive

from Andujo, Melton, Lothridge, and Hood.  THI of Hobbs also maintains that it cannot produce the requested records because it does not have access to the records of any of the other THI centers. Walker disputes these assertions.  Walker maintains that the four individuals exercised significant control over the various THI centers' operations and have access to all the information Walker has requested.

It is clear to the Court that THI of Hobbs obtained documents from other THI centers in New Mexico for the EEOC proceedings.  What is unclear is whether THI of Hobbs can obtain the documents that Walker requests. On the record before the Court, the Court cannot determine whether THI of Hobbs' position is an effort to deny Walker the information to which she is entitled, or whether THI of Hobbs merely asked for the information it used in the EEOC proceedings.  There is no dispute that the other THI centers are separate corporations, but the issue is whether THI of Hobbs, its agents, its employees, and/or its attorneys have effective possession, custody, or control of the information in the THI centers' possession.  To make certain that THI of Hobbs is not securing documents from the other THI centers only when it suits THI of Hobbs' interests, the Court requires some assurances from THI of Hobbs.

Because it is unclear to the Court whether THI of Hobbs has possession, custody, and/or control over some of the documents that appear to be in the possession of separate corporations, the Court will not order, at this time, THI of Hobbs to produce the documents in the possession of other companies.  To ascertain the relationship between THI of Hobbs and the other THI centers, the Court orders that THI of Hobbs and its attorneys prepare and file two sworn affidavits with the Court.  The first affidavit must be from an officer and/or attorney of THI of Hobbs, and needs to attest, under oath, that the documents THI of Hobbs used in the EEOC proceeding, which proceeded this lawsuit, and which were from other THI centers, were obtained by a request -- not an instruction

from THI of Hobbs and/or its attorney -- and that the request was one that the other THI centers could have refused without any adverse consequences. The Court also orders that THI of Hobbs' current attorneys prepare and file a sworn affidavit attesting that THI of Hobbs' current attorneys do not represent the other THI centers, in any capacity, not only in connection with this case, and attesting that the attorneys did not direct the THI centers, as THI of Hobbs' agent, to turn over certain documents to the EEOC. If THI of Hobbs and its attorneys cannot make these representations under oath, they will need to produce all responsive documents in the possession of the other THI centers, regardless whether the documents are currently in the possession of THI of Hobbs.

The Court orders that the affidavits must be received within ten days from the date of this Order. Until the Court receives the two affidavits it has ordered from THI of Hobbs, the Court will not order THI of Hobbs to produce documents that are not in its possession, custody, or control. If, however, THI of Hobbs cannot produce the sworn affidavits that the Court has requested, all of the Court's rulings on the following requests for production and interrogatories will pertain to all THI centers, and not only THI of Hobbs. The other THI centers will then have to produce the documents in their possession, custody, or control that are responsive to Walker's requests.

## II.   WALKER'S REQUESTS FOR PRODUCTION ARE NOT OVERLY BROAD, <u>VAGUE, OR AMBIGUOUS.</u>

THI of Hobbs objects that Requests for Production Nos. 2, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 21, 22, 25, 26 and 27 are overly broad, vague, and ambiguous. The Court believes these requests for production of documents adequately describe the documents that are sought. The Court also believes that Walker seeks documents within an appropriately narrow scope for this type of discrimination action. The Court, therefore, overrules THI of Hobbs' objections that Requests for

Production Nos. 2, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 21, 22, 25, 26 and 27 are overly broad, vague, and ambiguous.

**III.     THE COURT WILL REQUIRE THI OF HOBBS TO PRODUCE RESPONSIVE DOCUMENTS TO WALKER'S REQUESTS FOR PRODUCTION WHICH ARE IN THI OF HOBBS POSSESSION, CUSTODY, AND CONTROL.**

In her requests for production, Walker seeks information regarding the people who were above her in the chain of command at THI of Hobbs, the relationships of companies that she contends are related to THI of Hobbs, and information regarding billing and collection goals for persons similarly situated to her at THI of Hobbs and for other BOMs at THI centers in New Mexico. The Defendants object to Walker's requests seeking this information, in part, because THI of Hobbs does not have in its possession documents related to other companies. The Court's rulings are binding upon THI of Hobbs and, depending on the information represented in the affidavits the Court has required, may be binding on the other THI centers in New Mexico.

The Court notes that, although Walker's motion to compel included Requests for Production Nos. 7 and 10, Walker informed the Court in her reply that THI of Hobbs has since produced supplemental productions and those requests are now moot. See Reply at 6.

Because the Amended Complaint added Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC and FAS as Defendants, Walker may now serve these Defendants with discovery requests directly as well.

**A.     THE REQUESTS FOR INFORMATION REGARDING OTHER BOMs IS RELEVANT.**

In her motion to compel, Walker is seeking evidence that will allow her to prove that THI of Hobbs, acting through Melton, Lothridge, Andujo, and Hood, was motivated by race discrimination by comparing these four individual's treatment of Walker with their treatment of

-15-

other similarly situated non-African-American BOMs.  Walker maintains that, if she can show that there were non-African-American BOMs who had reasonably similar performance records as she but who were not treated poorly and who were not terminated, the Court and a jury may infer that THI of Hobbs' proffered reasons for Walker's termination were a pretext for racial discrimination.  See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225-29 (10th Cir. 2000)(stating that "the evidence which a plaintiff can present in an attempt to establish that a defendant's stated reasons are pretextual may take a variety of forms")(internal citation omitted).  Walker asserts that the other BOMs in the region are similarly situated to her, so as to allow discovery as to their performance and their treatment by the four supervisors acting for or in concert with THI of Hobbs.

For purposes of Walker's motion to compel, it does not matter that FCC and FAS, rather than THI of Hobbs, may have employed Melton, Lothridge, Andujo, and Hood.  The Court does not need to determine at this stage whether they are, as THI of Hobbs contends, consultants, or whether they are something else.  One issue in this case may be whether these individuals caused the alleged racially discriminatory discipline and firing of Walker.  Thus, discovery about the motives and conduct of the four is relevant to establishing the racially discriminatory motives of THI of Hobbs, through whom the four acted.

Moreover, given the power over Cummings that Walker contends Melton, Lothridge, Andujo, and Hood exercised, it is reasonable to conclude at least for discovery purposes that they may have exercised the same authority over the other THI centers in the region.  Thus, for purposes of discovery, evidence about the authority of the four individuals and how these four treated the other BOMs in the other THI centers in the region is relevant to Walker's claims of disparate treatment.  Walker is entitled to the requested discovery because the other BOMs in the region were all similarly situated, as Walker believes they all had the same four supervisors overseeing them.

Walker is entitled to discover evidence to show that the job performance of the other BOMs was comparable to Walker's, and that they were not mistreated or terminated for similar performance.

To rebut THI of Hobbs' contention that FAS, FCC, and their employees were not responsible for causing THI of Hobbs to discriminate against and terminate Walker, the Court also finds that Walker is entitled to discovery about the various corporations' relationships to each other and the their corporate structure. The Court, therefore, overrules THI of Hobbs' relevance objections to Requests for Production Nos. 2, 6, 8, 9, 11, 12, 14, 15, 16, 17, 18, 21, 22, 25, 26 and 27.

**B.      REQUEST FOR PRODUCTION NO. 2.**

Request for Production No. 2 requests documents: (i) identifying all of Walker's supervisors and superiors during her period of employment with THI of Hobbs; (ii) the human-resources staff who had responsibility for Walker; and (iii) the corporations by whom the employees identified were employed. The Court does not believe that THI of Hobbs has to produce all documents that exist which identify Walker's supervisors, human-resources staff, or corporate employers of the relevant employees, but the Court orders that THI of Hobbs must produce some documents, if they have possession, custody, or control of them, which are responsive to Request for Production No. 2. The Court will not require THI of Hobbs to obtain responsive documents that it does not have in its possession from FAS or FCC. Walker may requests documents from FAS and FCC directly.

The Court also overrules THI of Hobbs' objections that it will not produce documents because the information which Request for Production No. 2 seeks invades the privacy rights of non-party employees. The parties have entered into a confidentiality agreement, and THI of Hobbs may designate documents confidential as is necessary. <u>See</u> Confidentiality Order, filed December 31, 2009 (Doc. 53). Additionally, the Court orders that, if responsive documents contain information which the attorney-client privilege or work-product doctrine protects, THI of Hobbs

must log these documents in a privilege log, describing the contents, relevant parties, relevant dates, and the Bates-range of the privileged documents, and produce the log to Walker.

### C.      REQUEST FOR PRODUCTION NO. 6.

Request for Production No. 6 requests documents concerning another BOM, Debbie Moore, showing her monthly collection goals and collection results.  Request for Production No. 6 also seeks any documents relating to complaints made about Moore by the family members of any patient or by any other staff member.  In Walker's reply, she represents that THI of Hobbs has provided the requested monthly collection goals and revenue for Moore, but did not provide documents relating to any complaints made about Moore.  See Reply at 6.  At the hearing, Christie L. Kriegsfeld, THI of Hobbs' attorney, represented to the Court that THI of Hobbs has not produced any documents relating to any complaints made about Moore by the family members of any patient or by any other staff members, because THI of Hobbs did not locate any responsive documents to that request.  Daniel Yohalem, Walker's attorney, asks that THI of Hobbs occasionally update its response to Request for Production No. 6 to reflect any recent complaints against Moore to the present date.  The Court notes that, in the parties' Joint Status Report and Provisional Discovery Plan, the parties agreed that the deadline for supplementation under rule 26(e) of the Federal Rules of Civil Procedure was left up to the Court's  discretion.  See Joint Status Report and Provisional Discovery Plan at 14, filed May 27, 2009 (Doc. 12).  The Court, therefore, will require THI of Hobbs to supplement its response with any responsive documents that may not have been in existence at the time THI of Hobbs originally did its search.  The Court overrules the objection that the request invades privacy rights because the parties have a Confidentiality Order in place.

### D.      REQUEST FOR PRODUCTION NO. 8.

Request for Production No. 8 seeks all documents showing billings of hospice centers by

-18-

Walker's predecessor during 2005. Ms. Kriegsfeld represented at the hearing that THI of Hobbs is unclear what documents Walker requests that were not included in THI of Hobbs' production of the monthly collection goals and collection results for Walker's predecessor, Jan Fagen, which THI of Hobbs produced in response to Request for Production No. 7. Mr. Yohalem represented that, although THI of Hobbs produced aggregate billing data when responding to Request for Production No. 7, Request for Production No. 8 specifically seeks billing information as it pertains to hospice centers. Mr. Yohalem argued that billing for hospice centers is relevant because one of the areas of concern identified in Walker's Action Plan was "hospice accounts not collected." It is Mr. Yohalem's understanding that hospice accounts are especially difficult to collect, and thus Walker's predecesor's success with these accounts is relevant to the claims of discrimination. Ms. Kriegsfeld stated that she does not know whether THI of Hobbs breaks out results by account categories. She represented that she will find out if it can be broken out.

The Court, therefore, will order THI of Hobbs to determine how the relevant data regarding hospice billing collections are kept. THI of Hobbs does not need to create a new document that it cannot or does not have the ability to produce. If that is the case, the information Walker seeks may need to be acquired via an interrogatory rather than through a request for production. If, however, THI of Hobbs can run a computer program isolating billing-collection information of hospice accounts, the Court orders that THI of Hobbs to run such a report and to produce it to Walker. The Court also overrules the objection that the request seeks confidential information, as the production may be covered under the Confidentiality Order.

### E.      REQUEST FOR PRODUCTION NO. 9.

Request for Production No. 9 seeks all documents showing the percentage of total patients at each THI and/or Fundamental Corp. program and/or center in Andujo's region in New Mexico

who were private, Medicaid, or Medicare patients for each year from 2004 to 2008.  The Court recognizes that the response to this request turns on the representations that the Court has ordered THI of Hobbs and its attorneys to make via affidavit.  If THI of Hobbs cannot produce the requested affidavits, the Court orders the production of responsive documents from all THI centers in Andujo's region.  If THI of Hobbs can make the representations requested via the affidavits, the Court orders that THI of Hobbs produce all responsive documents that it has in its possession, custody, or control, even if those documents pertain to patients at other THI centers; the Court will not require THI of Hobbs to produce documents it does not possess and would have to obtain from FAS or FCC.  Walker may seek responsive documents from FAS and FCC through a separate discovery request sent directly to those entities.

The Court also clarifies that, although THI of Hobbs may not have documents which show the percentages that Walker requests, it must produce documents which would permit Walker to make the calculation of percentages.  If THI of Hobbs maintains this data in a computer program which can retrieve the requested information, the Court orders that THI of Hobbs must run such a report and produce it to Walker.  The Court overrules the objection that the request seeks confidential or proprietary information because the documents may be covered by the Confidentiality Order that is already in place.

F.     REQUESTS FOR PRODUCTION NOS. 11, 12, 14, AND 15.

Requests for Production Nos. 11, 12, 14, and 15 seek information related to other BOMs in Andujo's region, which Walker anticipates will help establish that she was treated differently than similarly situated employees.  THI of Hobbs objected to these requests because it contends that the request was directed to an entity called "Jaime Andujo's Region in New Mexico."  At the hearing, Mr. Yohalem clarified that he used that phrase to describe the geographic region of THI centers

which Andujo oversaw.  The Court agrees that the requests are clear in their description of a geographic area and are not requesting information from an unknown entity, as THI of Hobbs contends.  The Court orders that THI of Hobbs must do a reasonable search and locate all responsive documents in its possession, custody, and control that are responsive to Walker's requests.  The Court clarifies that this scope includes documents in THI of Hobbs' possession that pertain to BOMs at other THI centers, and not only at THI of Hobbs.  The Court also clarifies that the documents requested are not limited in scope to actions related to Andujo, as THI of Hobbs contends in each of its responses to the requests, but rather encompasses all documents created, administered, or approved by anyone, not only by Andujo, and orders THI of Hobbs to conduct a thorough search for documents that are responsive to the requests.  The Court overrules any objections asserting confidential or proprietary information, as the Confidentiality Order in place may cover the documents.

### G.      REQUEST FOR PRODUCTION NO. 16.

Request for Production No. 16 requests all records, including but not limited to the "Andujo Region Monthly Goal Accomplishment" documents, showing the monthly, quarterly, and annual collection goals for each THI and/or Fundamental Corp. program and/or center in Jaime Andujo's region in New Mexico, and the percentage by which each facility met those goals from May 2004 through May 2009.  The Court, at this time, orders that THI of Hobbs conduct a reasonable search and produce any documents in its possession, custody, or control which are responsive to Request for Production No. 16, including documents which pertain to other THI centers.  The Court will not, however, compel THI of Hobbs to produce documents it does not possess and which it would have to seek from FAS or FCC.  Walker may seek information from those entities directly in a separate discovery request.  The Court clarifies that Request for Production No. 16 does not only request

-21-

documents entitled "Andujo Region Monthly Goal Accomplishment," which Walker produced as an exhibit to her motion to compel, but rather that the request represents an example of the type of information Walker seeks.  If THI of Hobbs cannot produce the requested affidavits, the other THI centers in New Mexico must also respond to this request.  The Court overrules any objections asserting confidential or proprietary information because the Confidentiality Order in place may cover the documents.

  **H.  REQUESTS FOR PRODUCTION NOS. 17 AND 18.**

  Request for Production No. 17 requests documents identifying the shareholders and partners in each THI and/or Fundamental Corp. corporation operating and/or supervising programs and/or centers in Andujo's region.  Request for Production No. 18 requests production of any organizational charts in effect during the time of Walker's employment, which show all management personnel and all persons employed at any other THI, Fundamental Corp., and/or related corporation, who had any direct or indirect supervisory authority over Walker.  THI of Hobbs objected to these requests because it argues that they are directed at another entity.  The Court disagrees, and orders that THI of Hobbs conduct a diligent search for any documents in its possession, custody, or control which may contain information about the other entities Walker has identified.  The Court will not, however, compel THI of Hobbs to produce documents that it does not possess, or that it would have to seek from FAS or FCC.  Walker may seek information from FAS or FCC directly in a separate discovery request.  If THI of Hobbs cannot produce the requested affidavits, the other THI centers in New Mexico must also respond to these requests.  The Court overrules any objections asserting confidential or proprietary information, as the Confidentiality Order in place may cover the documents.

## I.      REQUESTS FOR PRODUCTION NOS. 21 AND 22.

Request for Production No. 21 seeks documents showing the monthly collection goals provided to Walker during her employment, and any memoranda and/or email by which the goals were communicated to her.  Request for Production No. 22 seeks the same information for the other BOMs in Andujo's region.  The Court orders that any documents responsive to these requests in THI of Hobbs' possession, custody, or control must be produced, even if another entity, including another THI center, FAS, or FCC, created and/or communicated the documents.  The Court also orders THI of Hobbs to conduct a diligent search for any memoranda or electronic-mail communications in its possession, regardless of who sent those communications, which are responsive to the requests.  The Court will not, however, compel THI of Hobbs to produce documents it does not possess and which it would have to seek from FAS or FCC.  Walker may seek information from those entities directly in a separate discovery request.  If THI of Hobbs cannot produce the requested affidavits, the other THI centers in New Mexico must also respond to these requests.  The Court overrules any objections asserting confidential or proprietary information, as the Confidentiality Order in place may cover the documents.

## J.      REQUEST FOR PRODUCTION NO. 25.

Request for Production No. 25 seeks all billing and collection policies and procedures in effect from August 1, 2005 through January 31, 2007 for THI of Hobbs and other THI centers operating in Andujo's region in New Mexico.  At the hearing, Ms. Kriegsfeld represented  that the manual is contained on a computer system and is over 200 pages in length.  The Court finds that the policies and procedures are relevant to Walker's claims, and orders that THI of Hobbs produce the manual in full.  Walker will bear the expense of the printing costs.  The Court overrules any objections asserting confidential or proprietary information because the Confidentiality Order in

place may cover the documents.

**K.      REQUEST FOR PRODUCTION NO. 26**

Request for Production No. 26 seeks all documents concerning complaints filed against THI of Hobbs alleging race discrimination, including any and all EEOC and New Mexico Human Rights charges, any lawsuits, and any internal complaints during the period January 1, 2003 through the present date.  At the hearing, Ms. Kriegsfeld argued that the other complaints, of which THI of Hobbs have admitted to four, were filed by employees who were not supervised by the four individuals whom Walker alleges discriminated against her, and thus are not relevant.  The Court disagrees that other complaints of discrimination brought against others at THI of Hobbs are not relevant.  The Court orders that THI of Hobbs produce all documents in its possession, custody, or control related to this request, including any documents in the possession, custody, or control of THI of Hobbs' attorneys.  The Court, however, will not order THI of Hobbs to go to the EEOC or to the New Mexico Human Rights Commission to obtain these documents.

Additionally, the Court orders that, if responsive documents contain information the attorney-client privilege or work-product doctrine protects, THI of Hobbs must log these documents in a privilege log, describing the contents, relevant parties, relevant dates, and the Bates-range of the privileged documents, and produce the log to Walker.

**L.      REQUEST FOR PRODUCTION NO. 27.**

Request for Production No. 27 seeks all documents that relate to or concern any complaints made by Walker and other employees to any program administrator, regional director of operations, human-resources personnel, or supervisory employees regarding Andujo, Lothridge, and/or Melton, including any documents concerning any investigations made into the complaints.  Mr. Yohalem represented to the Court that THI of Hobbs has produced some electronic-mail documents which

were responsive to the request, but he believes there are more. The Court orders that THI of Hobbs produce all documents in its possession, custody, or control, related to this request, including any documents in the possession, custody, or control of THI of Hobbs' attorneys. If THI of Hobbs cannot produce the requested affidavits, the other THI centers in New Mexico must also respond to these requests. The Court overrules any objections asserting confidential or proprietary information, as the Confidentiality Order in place may cover the documents. The Court also orders that, if responsive documents contain information the attorney-client privilege or work-product doctrine protects, THI of Hobbs must log these documents in a privilege log, describing the contents, relevant parties, relevant dates, and the Bates-range of the privileged documents, and produce the log to Walker.

## IV.   THE COURT WILL REQUIRE THI OF HOBBS AND ITS ATTORNEYS TO PROVIDE A SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 7.

In her reply, Walker informed the Court that THI of Hobbs had produced a supplemental answer to Interrogatory No. 1, and that the motion to compel as to that interrogatory is now moot. Interrogatory No. 7 requests that THI of Hobbs identify each THI and/or Fundamental Corp. program or center that is located within the region in which Andujo was the regional director at the time Walker was employed by THI of Hobbs, and to identify for each the corporate structure and current shareholders and parent entities. The Court believes that Interrogatory No. 7 adequately and clearly describes the information and knowledge sought. The Court also believes that Walker seeks information within an appropriately narrow scope for this type of discrimination action. The Court, therefore, overrules THI of Hobbs' objections that Interrogatory No. 7 is not relevant, overbroad, vague, or ambiguous. The Court also overrules THI of Hobbs' objection that the information sought is in the public record. The purpose of Interrogatories is to determine the information within the

defendant's knowledge and thus it is irrelevant whether Walker could seek the information from a public source. The Court, therefore, overrules that objection. The Court also overrules the objection that the Interrogatory is directed to another entity.

The Court imputes the knowledge of Ms. Kriegsfeld and her firm to THI of Hobbs, and thus requires that if she or the other attorneys have knowledge of the corporate structures and other information about the THI centers, FAS, FCC, and other entities, that information must be disclosed to Walker in a supplemental answer. The Court also requires that Ms. Kriegsfeld obtain any additional information that officers or employees of THI of Hobbs may have, including the knowledge of the officer who signs the verification of the supplemental response, as well as any other person within THI of Hobbs' employ. The Court orders that the supplemental response must be delivered to Walker within ten days.

## V.   THE COURT ORDERS THI OF HOBBS TO PRODUCE A SIGNED VERIFICATION OF THE INTERROGATORY ANSWERS AND SUPPLEMENTAL ANSWERS TO WALKER.

In her reply, Walker stated that, as of the date of the reply, she had not been provided with signed verifications of THI of Hobbs' answers to the interrogatories. Ms. Kriegsfeld at the hearing represented to the Court that the lack of verification was an oversight and that one was prepared. The Court orders that THI of Hobbs produce a signed verification of both the answers to the interrogatories and the supplemental responses within ten days of the filing of this Order.

## VI.   THE COURT DENIES THE PARTIES' REQUESTS FOR FEES.

In her motion and reply, Walker requests that the Court award her attorneys' fees for the time required to prepare the motion to compel and the reply. See Motion at 25; Reply at 10. In its response, THI of Hobbs requests the Court award it attorneys' fees "for unnecessarily having to prepare a response to many of the matters contained in the Plaintiff's Motion." Response at 13. The

Court denies both parties' requests for attorneys' fees.  Because the Court cannot, until the affidavits are secured, determine the soundness of THI of Hobbs' position, the Court cannot, at this time, find that its objections are substantially unjustified or that Walker's motion to compel was unnecessary.  Accordingly, neither party is entitled to fees.

**IT IS ORDERED** that the Plaintiffs' [sic] First Motion to Compel Discovery and Memorandum in Support is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard Rosenstock
Santa Fe, New Mexico

-- and --

Daniel Yohalem
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Robert Shawn Oller
Christie L. Kriegsfeld
Littler Mendelson
Phoenix, Arizona

    *Attorneys for the Defendant THI of New Mexico at Hobbs Center LLC
        doing business as Hobbs Health Care Center*