IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

      Plaintiff,

vs.                                                                No. CIV 09-0060 JB/RLP

THI OF NEW MEXICO AT HOBBS CENTER
d/b/a HOBBS HEALTH CARE CENTER,
DIANA MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER), THI OF NEW
MEXICO, FUNDAMENTAL CLINICAL CONSULTING, LLC,
AND FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Letter from Daniel Yohalem to the Court (dated February 23, 2010), filed February 23, 2010 (Doc. 70). The Court held a hearing on March 2, 2010. The primary issues are: (i) whether the Court should require the counsel for Defendant THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center ("THI of Hobbs") to submit another affidavit, setting forth its relationship to THI of New Mexico, Fundamental Clinical Consulting ("FCC"), and Fundamental Administrative Services ("FAS"); and (ii) whether the Court should order further relief under Plaintiff Sarah Walker's First Motion to Compel Discovery and Memorandum in Support, filed September 4, 2009 (Doc. 31). For the reasons stated on the record and for further reasons consistent with those already stated, the Court will not order THI of Hobbs to submit another affidavit, and will not grant further relief under Walker's first motion to compel.

David Yohalem, Walker's attorney, submitted a letter to the Court[1] on February 23, 2010, indicating that he had understood, from the discussion between the parties and the Court during the December 9, 2009 hearing on Walker's first motion to compel, that the Court ordered THI of Hobbs to produce two affidavits to determine whether THI of Hobbs' counsel represented "any of the THI and THI-related entities operating in New Mexico." Letter ¶ 1, at 1. Mr. Yohalem interpreted this direction to mean THI of New Mexico, FAS and FCC, "since these are the entities who Plaintiff alleged had the documents and other information sought in its Motion to Compel Discovery." Letter ¶ 1, at 1. He requests that the Court require THI of Hobbs' counsel to submit a corrected affidavit, and/or that the Court take into account the Answers to the Amended Complaint and grant further relief under Walker's first motion to compel. See Letter ¶ 3, at 1-2. At the hearing, Mr. Yohalem argued that the substance of Walker's motion to compel was that she requested documents which were in the possession, custody, or control of THI of New Mexico, FAS, or FCC, but she did not know among the three which possessed the documents. Mr. Yohalem stated that Walker never contemplated that each individual nursing home in New Mexico had produced specific documents, and that Walker understood "other THI centers" to refer to THI of New Mexico, FAS and FCC.

The Court has reviewed the parties' briefings on the motion to compel, the

---

[1] At the hearing, Christie Kriegsfeld, THI of Hobbs' counsel, sought the Court's guidance on the proper procedure for seeking the Court's intervention in discovery disputes. The parties are required to meet and confer on discovery matters before seeking the Court's guidance either formally or informally. See Fed. R. Civ. P. 37(a)(1). The Court has no preference regarding the level of formality in which parties seek the Court's intervention. The Court is comfortable with the more informal approach to resolving disputes, and recognizes that costs and time are saved when parties use informal methods, such as letters or telephonic conferences, rather than a motion to compel. The parties, however, must agree on the informal method. If one party is opposed to seeking the Court's guidance informally, both parties must abide by the formal methods of seeking the Court's intervention, pursuant to rule 37 of the Federal Rules of Civil Procedure.

December 9, 2009 hearing, and its February 8, 2010 Memorandum Opinion and Order, and finds that the Court's Opinion was limited in its ruling. The Court's understanding from the briefing and the parties' arguments at the hearing on the motion was that the documents produced during the EEOC proceedings were obtained from other THI centers in New Mexico. See Memorandum Opinion and Order at 13 ("It is clear to the Court that THI of Hobbs obtained documents from other THI centers in New Mexico for the EEOC proceedings."). The Court, therefore, required THI of Hobbs to represent to the Court, via two affidavits, that the documents which were from other THI centers were obtained by request, and that THI of Hobbs' counsel does not represent the other THI centers. See Memorandum Opinion and Order at 13-14. The Court narrowly tailored its request for the affidavits to address THI of Hobbs' relationship to other THI centers, and not its relationship to FAS, FCC, or THI of New Mexico. The Court further stated: "Because the Amended Complaint added Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC and FAS as Defendants, Walker may now serve these Defendants with discovery requests directly as well." Memorandum Opinion and Order at 15. The Court also indicated several times that "Walker may seek responsive documents from FAS and FCC through a separate discovery request sent directly to those entities." Memorandum Opinion and Order at 15, 17, 20, 21, 22, and 23.

THI of Hobbs filed the two requested affidavits with the Court on February 18, 2010. See Notice of Filing Affidavits, filed February 18, 2010 (Doc. 69). The Affidavit of David Stroud, Administrator and President of THI of Hobbs attests that THI of Hobbs obtained by request any documents it submitted to the EEOC regarding other THI centers and attests that THI of Hobbs personnel do not have the authority to compel the other centers to provide any information. See Affidavit of David Stroud ¶¶ 5-7, at 3 (executed February 17, 2010), filed February 18, 2010 (Doc. 69-2). The Affidavit of R. Shawn Oller, THI of Hobbs' attorney, attests that, although he has

-3-

previously represented another THI center -- THI of Valle Norte -- he does not currently represent any of the other THI centers except THI of Hobbs.  See Affidavit of R. Shawn Oller ¶¶ 2-4, at 5 (executed February 18, 2010), filed February 18, 2010 (Doc. 69-2).  Mr. Oller further attests that he did not represent THI of Hobbs during the EEOC proceedings and did not direct, as THI of Hobbs' agent, the other THI centers to turn over certain documents during that proceeding.  See Oller Aff. ¶ 5, at 6.  After review of these affidavits, the Court does not believe that there is a need for another affidavit or a corrected affidavit.  Christie Kriegsfeld, THI of Hobbs' counsel, agreed with the Court's interpretation and argued that THI of Hobbs has complied with the Court's February 8, 2010 Memorandum Opinion and Order.

The Court further believes that the relief Walker sought in her first motion to compel has been exhausted, and the Court will not order any further relief pursuant to that motion.  Walker may seek any further discovery she needs directly from THI of New Mexico, FCC, and FAS through discovery requests directed to those entities.

**IT IS ORDERED** that the requests made in the Letter from Daniel Yohalem to the Court are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Richard Rosenstock
Santa Fe, New Mexico

-- and --

Daniel Yohalem
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Robert Shawn Oller
Christie L. Kriegsfeld
Littler Mendelson
Phoenix, Arizona

>   *Attorneys for the Defendant THI of New Mexico at Hobbs Center LLC
>     doing business as Hobbs Health Care Center*