IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

    Plaintiff,

vs.                                            No. CIV 09-0060 JB/RLP

THI of NEW MEXICO at Hobbs Center d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD, THI OF NEW
MEXICO, LLC, FUNDAMENTAL CLINICAL
CONSULTING, LLC, AND FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion to Continue Hearing, filed August 11, 2010 (Doc. 92). The Court held a hearing at 8:30 a.m. on Monday, August 16, 2010. The primary issue is whether the Court should continue the hearing set for 1:30 p.m. on August 16, 2010, because each of the Defendants has new counsel. Because the Court concludes that the Defendants' counsel can get up to speed adequately on the morning before the hearing on a simple discovery motion, the Court will deny the motion to continue.

**PROCEDURAL BACKGROUND**

Walker filed this case long ago on January 22, 2009. See Complaint, filed January 22, 2009 (Doc. 1). The Complaint originally named THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center ("THI of Hobbs") and three Doe Corporations as Defendants. See Complaint ¶¶ 4-5, at 2. On December 14, 2009, Walker filed an Amended Complaint adding Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood (Miller), THI of New Mexico,

Fundamental Clinical Consulting, LLC ("FCC"), and Fundamental Administrative Services, LLC ("FAS"). See Amended Complaint, filed December 14, 2009 (Doc. 50). On March 31, 2009, Christie Kriegsfeld, an attorney with Littler Mendelson, P.C., moved the Court for admission pro hac vice in the case on behalf of THI of Hobbs, see Defendant's Motion for Pro Hac Vice, filed March 31, 2009 (Doc. 6), which the Court granted, see Order for Admission Pro Hac Vice, filed April 27, 2009 (Doc. 9). On April 17, 2009, Shawn Oller, also with the Littler Mendelson law firm, filed and signed THI of Hobbs' Answer to Plaintiff's Complaint (Doc. 7). See D.N.M.LR-Civ. 83.4(a)(signing the initial pleading or motion filed on behalf of a party constitutes an entry of appearance). On January 15, 2010, Kriegsfeld and Oller filed an Acceptance of Service of Amended Complaint on behalf of Melton, Andujo, Lothridge, Hood (Miller), THI of New Mexico, FCC, and FAS. See Doc. 54.

The parties have had a number of discovery disputes. See Plaintiffs' First Motion to Compel Discovery and Memorandum in Support, filed September 4, 2009 (Doc. 31); Letter from Daniel Yohalem to the Court (dated February 23, 2010), filed February 23, 2010 (Doc. 70); Plaintiff's Second Motion to Compel Discovery and Memorandum in Support, filed June 9, 2010 (Doc. 80) ("Second Motion to Compel"). In her Second Motion to Compel, Walker argues that the Defendants "are in fact a single employer or an integrated enterprise." Second Motion to Compel at 19. In the Defendants' Response to Plaintiff's Second Motion to Compel Discovery, filed July 7, 2010 (Doc. 83)("Response to Second Motion to Compel), which Ms. Kriegsfeld and Mr. Oller filed on behalf of all Defendants, they argue that there is no evidence of Walker's single employer theory. See Response to Second Motion to Compel at 14. In Plaintiff's Reply to Defendant's Response to Plaintiff's Second Motion to Compel Discovery on July 26, 2010 (Doc. 86)("Reply to Second Motion to Compel"), Walker argues that the Defendants "operate with their holding companies and

those companies' shareholders as a single integrated enterprise." Reply to Second Motion to Compel at 2.

The briefing on the Second Motion to Compel was completed on July 26, 2010, see Notice of Completion of Briefing of Plaintiff's Second Motion to Compel Discovery (Doc. 87), and four days later Trent Howell, Danny W. Jarrett, and the Jackson Lewis LLP firm entered appearances on behalf of all Defendants in this case. See Entry of Appearance, filed July 30, 2010 (Doc. 88). On the same day that the Court gave notice of the hearing set for August 16, 2010, at 1:30 p.m., on the Second Motion to Compel, see Notice, filed August 10, 2010 (Doc. 90), Mr. Howell and Mr. Jarrett filed an Errata Correction to Entry of Appearance, stating that they represent only THI of Hobbs and THI of New Mexico. See Errata Correction to Entry of Appearance, filed August 10, 2010 (Doc. 91). All Defendants then filed a motion to continue the hearing on the Second Motion to Compel. In the Defendants' motion to continue, they represent that each Defendant in the case has new attorneys, which have entered and/or are preparing to enter appearances this week as counsel of record. See Motion to Continue Hearing at 1. The Defendants' original counsel, Mr. Oller, Ms. Kriegsfeld, and the Littler Mendelson firm, will, with the Court's leave, be seeking to withdraw once the other entries of appearance are filed. See Motion to Continue Hearing at 1. The Defendants seek the continuance to permit their chosen counsel going forward sufficient opportunity to file entries of appearance, to address the briefs to date, and to advocate their positions on the pending issues. See id.

On August 12, 2010, Walker filed her Opposition to Motion for Continuance. See Doc. 93 ("Opposition"). Walker opposes the Defendants' request for a continuance of the hearing set for August 16, 2010 at 1:30 p.m. Walker's counsel states that they normally would not oppose such a request, but in light of the history of this case and the issues pending now, a continuance is not

justified and would be manifestly unfair to Walker. See Opposition at 1. Walker argues that the Defendants provide no explanation why Mr. Oller or Ms. Kriegsfeld, who have represented the Defendants since the outset of the case, have handled the earlier discovery disputes, and who prepared the Defendants' Response to Plaintiff's Second Motion to Compel Discovery, filed July 7, 2010 (Doc. 83), cannot handle the arguments at the hearing on the Second Motion to Compel. See Opposition at 2. Walker argues that Mr. Howell informed Walker's counsel that the Defendants' new counsel would be up to speed and that no delay in hearing the Second Motion to Compel would be necessary. See Opposition at 2. Walker also argues that the decision to add additional attorneys to this case appears to be part of a concerted strategy of delay and obfuscation of discovery. See Opposition at 3. She argues that "after Plaintiff argued . . . that Defendants were operating as a single, integrated enterprise and after Plaintiff opposed the withdrawal of Defendants' original attorneys, are Defendants adding new and separate counsel and seeking further delays." Opposition at 3. She further argues that "Defendants obviously realize that having the same lawyers for all the Defendants emphasizes the truth of Plaintiff's argument about a single, integrated enterprise." Opposition at 3.

New attorneys for Andujo, FCC, FAS, Hood, Lothridge, and Melton entered appearances on August 13, 2010. See Entry of Appearance, filed August 13, 2010 (Doc. 94) (John A. Bannerman, Margaret A. Graham, and the Bannerman & Johnson, P.A. firm entering appearances on behalf of FCC and Andujo); Entry of Appearance, filed August 13, 2010 (Doc. 95)(Barbara G. Stephenson, Quentin Smith, and the Sheehan & Sheehan, P.A. firm entering appearances on behalf of FAS, Melton, Lothridge, and Hood). In the entry of appearance John Bannerman and Margaret Graham filed on behalf of FCC and Andujo, it states that they are "joining Littler Mendelson firm (Christie Kriegsfeld and Robert Shawn Oller) as co-counsel." Entry of Appearance (Doc. 94).

At the hearing on the motion to continue, Ms. Stephenson, Mr. Howell, and Ms. Graham appeared on behalf of the Defendants.  Neither Ms. Kriegsfeld nor Mr. Oller appeared, nor any other representative from the Littler Mendelson firm.  Mr. Howell argued that the Littler Mendelson firm will be filing a motion to withdraw and that it is reasonable to allow additional time for the new counsel to get up to speed on the discovery motion.  He argued that, in the course of getting up to speed on the case himself, it became clear that separation of counsel for the Defendants would be necessary.  He contended that the Court will have the opportunity to address whether the Defendants should be considered a joint employer or a single, integrated enterprise but the issue is premature. Ms. Stephenson added that Walker has done no depositions in the case, but Ms. Stephenson represented that she has no knowledge of the circumstances of past disputes regarding discovery. Ms. Graham agreed that she would like more time to get up to speed.  Daniel Yohalem, Walker's attorney, argued that he opposes the continuance because he believes it is important that the Littler Mendelson firm be present at the hearing on the Second Motion to Compel, because they are the firm that has represented all the Defendants since the start of the case, and they are the ones who will know where the documents Walker has requested are located.  Mr. Yohalem contended that the reason that he has not taken any depositions is because he has not yet received the documents he needs with which to depose individuals.  He argued that the appointment of new counsel is a way of creating a wall between the separate Defendants, the documents, and ultimately the Court.

## **ANALYSIS**

The Court has carefully considered the parties' arguments, and the Court is concerned about how discovery has proceeded in this case.  Walker states that she has still not been able to obtain meaningful discovery that she had repeatedly requested and needs.  The Court has addressed discovery disputes between Walker's counsel and the Defendants' counsel, the Littler Mendelson

firm, on multiple occasions, see Memorandum Opinion and Order, filed February 8, 2010 (Doc. 67); Memorandum Opinion and Order, filed March 12, 2010 (Doc. 73), and the Court agrees that the Littler Mendelson firm, which is still counsel of record in the case, may be in the best position to address at least some of the issues in Walker's Second Motion to Compel.  The Court believes it might be better if the Littler Mendelson firm appeared at the hearing on the motion to compel, and the Court would prefer that Littler Mendelson appear at the hearing on the motion to compel -- either telephonically or in person.  Moreover, the Court believes that new counsel can quickly get up to speed from the Court's previous opinions in this case on this one discovery protest.  Because the Court concludes that the Defendants' counsel can get up to speed adequately on the morning before the hearing, the Court will deny the motion to continue.  If the Defendants or their new counsel believe that they will suffer some prejudice, the Court will try to mitigate any such prejudice and will be sensitive to new counsel.

    **IT IS ORDERED** that the Defendants' Motion to Continue Hearing is denied.

    _____
    UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel Yohalem
Richard Rosenstock
Katherine E. Murray
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs*

R. Shawn Oller
Christie L. Kriegsfeld
Littler Mendelson
Phoenix, Arizona

    *Attorneys for the Defendants*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

    *Attorneys for Defendants THI of New Mexico at*
       *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Fundamental Administrative Services, LLC,*
       *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Jaime Andujo and Fundamental*
      *Clinical Consulting, LLC*

R. Shawn Oller
Christie L. Kriegsfeld
Littler Mendelson
Phoenix, Arizona

    *Attorneys for the Defendants*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

    *Attorneys for Defendants THI of New Mexico at*
      *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Fundamental Administrative Services, LLC,*
      *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Jaime Andujo and Fundamental*
      *Clinical Consulting, LLC*