# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

       Plaintiff,

vs.                                         No. CIV 09-0060 JB/RLP

THI of NEW MEXICO at Hobbs Center d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE LOTHRIDGE,
KAREN HOOD, THI OF NEW MEXICO, LLC,
FUNDAMENTAL CLINICAL CONSULTING, LLC,
AND FUNDAMENTAL ADMINISTRATIVE
SERVICES, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Second Motion to Compel

Discovery and Memorandum in Support, filed June 9, 2010 (Doc. 80).  The Court held a hearing on

August 16, 2010.  The primary issue is whether the Court should compel Defendants Diana Melton,

Jaime Andujo, Debbie Lothridge, Karen Hood,[1] THI of New Mexico, LLC ("THI of New Mexico"),

Fundamental Clinical Consulting, LLC ("FCC"), and Fundamental Administrative Services, LLC

("FAS") to produce documents responsive to Walker's requests for production and to amend their

answers Walker's interrogatories.  Because most of the Defendants' objections to Walker's requests

for production and interrogatories do not have a sound basis in the law or the facts of the case, the

Court overrules the objections.  The Court orders the Defendants to amend their answers to the

interrogatories.  The Court also orders THI of New Mexico, FCC, FAS, Hood, and Lothridge to

---

[1] Karen Hood has changed her name to Karen Miller.  See Defendant Karen Hood Miller's Answer to Plaintiff's Amended Complaint at 1, filed February 3, 2010 (Doc. 62).  The Court will continue to refer to her as Karen Hood to avoid inconsistency with the pleadings and confusion.

produce the responsive documents in their custody or control.  The Court will not order Andujo or Melton to amend their responses to Walker's requests for production, because none of the Defendant companies currently employ Andujo or Melton, meaning that the documents that Walker seeks are not in Andujo's or Melton's custody, possession, or control.  The Court will therefore grant in part and deny in part Walker's motion to compel, and will require the Defendants Lothridge, Hood, THI of New Mexico, FCC and FAS to produce the requested discovery.

## FACTUAL BACKGROUND

Walker was employed as a Business Office Manager ("BOM") at THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center ("THI of Hobbs"), a nursing home in Hobbs, New Mexico, from August 2005 until January 2007.  See, e.g.,  Amended Complaint ¶ 3, at 2, filed December 14, 2009 (Doc. 50); Fundamental Clinical Consulting, LLC's Answer to Plaintiff's Amended Complaint ¶ 3, at 2, filed February 3, 2010 (Doc. 56).  Walker, an African American, alleges that Defendants THI of Hobbs, Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC, and FAS unlawfully subjected her to numerous acts of racial discrimination, and terminated her employment with THI of Hobbs because of her race.  See Amended Complaint ¶ 1, at 1. Additional background on the case is set forth in the Court's Memorandum Opinion and Order deciding Walker's first motion to compel discovery.  See Walker v. THI of New Mexico at Hobbs Ctr., No. CIV 09-0060 JB/RLP, 2010 WL 552661, at *1-4 (D.N.M. Feb. 8, 2010)(Browning, J.).

## PROCEDURAL BACKGROUND

Walker filed her Complaint on January 22, 2009.  See Complaint, filed January 22, 2009 (Doc. 1).  The Complaint originally named THI of Hobbs and three Doe Corporations as Defendants.  See Complaint ¶¶ 4-5, at 2.  On December 14, 2009, Walker filed an Amended Complaint adding Melton, Andujo, Lothridge, Hood (Miller), THI of New Mexico, FCC, and FAS

as Defendants.  See Amended Complaint ¶¶ 6-12, at 3-5.

    The parties have had several discovery disputes.  See Plaintiffs' First Motion to Compel Discovery and Memorandum in Support, filed September 4, 2009 (Doc. 31)("First Motion to Compel"); Letter from Daniel Yohalem to the Court (dated February 23, 2010), filed February 23, 2010 (Doc. 70); Plaintiff's Second Motion to Compel Discovery and Memorandum in Support, filed June 9, 2010 (Doc. 80)("Second Motion to Compel").  In her First Motion to Compel, Walker moved the Court for an order compelling THI of Hobbs -- the sole defendant at the time -- to produce documents responsive to her requests for production and to amend its answer to an interrogatory.  See First Motion to Compel at 25.  THI of Hobbs responded, arguing that the requests for production were overly broad, irrelevant, or burdensome.  See Defendant's Response to Plaintiff's Motion to Compel Discovery at 5, filed September 21, 2009 (Doc. 32).  The Court overruled THI of Hobbs' objection that requests for production were overly broad, vague, and ambiguous, and found that the requests adequately described the documents sought and were appropriately narrow for the discrimination action.  See Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at *8.  The Court found that Walker was entitled to the requested discovery regarding Melton's, Lothridge's, Andujo's, and Hood's treatment of other similarly situated non-African-American BOMs, because the evidence was relevant to Walker's claims of disparate treatment.  See Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at *8-9.  The Court also found that Walker was entitled to discovery about the various corporations' relationships to each other and their corporate structures, "[t]o rebut THI of Hobbs' contention that FAS, FCC, and their employees were not responsible for causing THI of Hobbs to discriminate against and terminate Walker."  Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at *9.  The Court ordered THI of Hobbs to produce responsive documents in its possession, custody, or control,

but did not compel THI of Hobbs to produce documents in the possession or control of FAS or FCC. See Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at *33 ("[T]he Court will not require THI of Hobbs to produce documents it does not possess and would have to obtain from FAS or FCC.  Walker may seek responsive documents from FAS and FCC through a separate discovery request sent directly to those entities.").

     After Walker filed her Amended Complaint and the Court issued its Memorandum Opinion and Order regarding Walker's First Motion to Compel, Walker served requests for production and interrogatories on Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC, and FAS.  See Second Motion to Compel at 3.  Walker alleges that she had to file a second motion to compel, because the Defendants produced few documents and little of the requested information. See Second Motion to Compel at 3-4.

     In her Second Motion to Compel, Walker asks the Court to order the Defendants to produce documents and amend to their answers in response to Plaintiff's First Request for Production Nos. 1-21 and Plaintiff's First Interrogatories Nos. 1-17.  See Second Motion to Compel at 13.  Walker argues that the Court should reject the Defendants' objections that her requests for production and interrogatories are overly broad, vague, and ambiguous, because her requests for production are identical to the requests for production that she served on THI of Hobbs, and the Court previously ruled that those requests for production were not overly broad, vague, or ambiguous.  See Second Motion to Compel at 14-15.  Walker contends that the Court should overrule the Defendants' objections that providing the requested information would invade the privacy of non-party employees, because a Confidentiality Order is in place.  See Second Motion to Compel at 15. Walker also asserts that the Court should order the Defendants to produce a privilege log.  See Second Motion to Compel at 16.  Walker contends that the Court should overrule the Defendants'

objections that the requested documents and information are not relevant, because her requests for production and interrogatories seek information related to other BOMs and Program Administrators in the region, and the companies' relationship to each other, and the Court has ruled that she is entitled to this discovery.  See Second Motion to Compel at 16.

Walker also argues that the Defendants have access to and control over the information that she seeks.  See Second Motion to Compel at 17.  Walker asserts that Defendants FCC, FAS, and THI-NM are the functional arms of a single entity, Fundamental Long Term Care Holdings, LLC ("FLTCH"), and thus should be treated as a single employer for purposes of discovery.  See id. at 17.  Walker also contends that, through their contracts with the eleven local THI facilities, FCC and FAS have access to and control over the requested discovery.  See Second Motion to Compel at 17. Walker argues that, because the Defendants have access to the discovery she seeks, the Court should compel them to produce the discovery.  See Second Motion to Compel at 20.

Defendants THI of New Mexico, FCC, FAS, Melton, Andujo, Lothridge, and Hood, argue that the Court should deny Walker's Second Motion to Compel in its entirety.  See Defendants' Response to Plaintiff's Second Motion to Compel Discovery at 1, filed July 7, 2010 (Doc. 83)("Response").  Christie Kriegsfeld and R. Shawn Oller of the Littler Mendelson firm filed the Response -- one response -- on behalf of all Defendants.  In their Response, the Defendants concede that many of Walker's requests for production and interrogatories are identical to the requests and interrogatories she served on THI of Hobbs.  See Response at 5-7.  They argue, however, that Walker's requests for production and interrogatories seek information that "is irrelevant regarding entities and/or individuals who are not similarly situated to Plaintiff or her employer, Hobbs, they are overly broad, unduly burdensome, and/or not within some or all of the Defendants' respective possession, custody, or control."  Response at 5.  The Defendants also contend that there is no

evidence to support Walker's single-employer theory.  <u>See</u> Response at 14.

At the hearing, Daniel Yohalem, Walker's counsel, explained the corporate structure and interrelation between the Defendants.  He explained that THI of New Mexico wholly owns the eleven THI nursing home facilities in New Mexico.  THI of New Mexico is a limited liability company that has no employees and has one director.  Andujo was formerly the director of THI of New Mexico.  THI of Baltimore, Inc. ("THI of Baltimore") wholly owns THI of New Mexico.  THI of Baltimore has no employees.  FLTCH wholly owns THI of Baltimore.  FLTCH has no employees but has two shareholders.  THI of Baltimore is the sole member of FCC, and officers of THI of New Mexico are the regional vice presidents of FCC.  FCC has contracts with each of New Mexico's THI centers, all of which are the same, and provides managerial oversight to the THI centers in New Mexico under these contracts.  FCC employed Andujo to manage the New Mexico region.  FLTCH wholly owns FAS.  FAS has a contract with each of the New Mexico THI centers, all of which are the same.  The contracts give FAS administrative control and access to each of the facilities with which it contracts. FAS has two-hundred employees that provide administrative services to the eleven THI centers in New Mexico, as well as to nursing homes across the country.  Lothridge and Hood are FAS employees.  Melton is a former FAS employee.

At the hearing, Yohalem set forth two arguments why the Court should grant Walker's motion.  He argued that FAS, FCC, and FAS's and FCC's employees, have control or custody over the responsive documents through their contracts with the THI centers.  He also argued that the corporate Defendants operate as a single integrated enterprise, and therefore have control or custody over the responsive documents.  Mr. Oller stated that he would not make any arguments at the hearing, as his firm, Littler Mendelson, had filed a motion to withdraw, and the Defendants now have separate counsel.  Trent Howell, newly retained counsel for THI of Hobbs and THI of New

Mexico, argued that the Court should not grant Walker's Second Motion to Compel based on the single-integrated-enterprise theory.  Mr. Howell also contested Walker's assertion that the Defendants have actual control or custody over the documents she is seeking.  Barbara Stephenson, newly retained counsel for FAS, Hood, Lothridge, and Melton, informed the Court that Melton no longer works for any of the Defendant companies.  Margaret Graham, counsel for FCC and Andujo, informed the Court that Andujo no longer works for any of the Defendant companies.

## RELEVANT LAW REGARDING DISCOVERY

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under rule 26 is broad.  See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").  The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).  As a result, rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649-650 (D.N.M. 2007)(Browning, J.)(internal quotation marks and citation omitted).

Parties may use several methods, set forth in the Federal Rules of Civil Procedure, to conduct discovery.  Parties may "serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1).  "An interrogatory may relate to any matter that may be inquired into under Rule

-7-

26(b)." Fed. R. Civ. P. 33(a)(1).  Parties may also "serve on any other party a request within the scope of Rule 26(b)," for production of documents in the "responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).  Control comprehends not only possession, "but also the right, authority, or ability to obtain the documents."  Ice Corp. v. Hamilton Sundstand Corp., 245 F.R.D. 513, 516 (D. Kan. 2007).  Courts will find documents to be within a party's control if the party has actual possession, custody, control, or the legal right to obtain the documents on demand.  See In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. at 516-17.

## ANALYSIS

The Court grants in part and denies in part Walker's Second Motion to Compel.  Walker's interrogatories and requests for production seek relevant information.  Most of the Defendants' objections do not have a sound basis in the law or facts of the case.  THI of New Mexico, FCC, FAS, Hood, and Lothridge have control over the documents responsive to Walker's requests.  The Court therefore orders the Defendants to amend their answers to interrogatories in accordance with this Memorandum Opinion and Order, and orders THI of New Mexico, FCC, FAS, Hood, and Lothridge to produce responsive documents.

## I.   WALKER'S REQUESTS FOR PRODUCTION AND INTERROGATORIES ARE NOT OVERLY BROAD, VAGUE, OR AMBIGUOUS, THEY SEEK RELEVANT INFORMATION, AND THEY DO NOT SEEK INFORMATION THAT INVADES THE PRIVACY OF NON-PARTIES.

The Court finds that Walker's requests for production and interrogatories are not overly broad, vague, or ambiguous.  The Court also finds that Walker's requests for production and interrogatories seek relevant information, because they are reasonably calculated to lead to evidence that will help her prove that race discrimination motivated the Defendants.  The Court orders the

parties to amend the Confidentiality Order so that it will cover information that THI of New Mexico, FCC, FAS, Lothridge, Hood, Andujo, and Melton disclose.  Because the amended Confidentiality Order will keep confidential information that the newly added Defendants disclose, the Court will overrule the Defendants' objections on the grounds that disclosure will invade the privacy of non-party employees.  The Court orders the Defendants to amend their answers to state that they are not withholding any documents on the grounds of privilege; if they are withholding documents on the grounds of privilege, the Court orders the Defendants to produce a privilege log.

### A.  WALKER'S REQUESTS FOR PRODUCTION AND INTERROGATORIES ARE NOT OVERLY BROAD, VAGUE, OR AMBIGUOUS.

The Defendants object to Request for Production Nos. 2, 3, 4, 5, 6, 7, 9, 10, 11, 14, 15, 17, 18, 19, 20, and 21 and Interrogatory Nos. 2, 3, 4, 5, 8, 9, 12, 14, and 15, on the basis that they are overly broad, unduly burdensome, vague, and ambiguous.  See Second Motion to Compel at 20-42. Walker contends that the Court should overrule the Defendants' objections, because the Court has ruled that identical requests for production "adequately described the documents sought and that the documents fell within an appropriately narrow scope for this type of discrimination action."  See Second Motion to Compel at 15 (citing Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at *8).  The Defendants contend that "any information related to other BOMs and other centers outside of Hobbs is . . . overly broad, [and] unduly burdensome."  Response at 8. Specifically, FAS and FCC argue that expecting them to contact every THI center, and request files and information, would be unduly burdensome, and that Walker's requests are overly broad in that respect.  See Response at 7.

The Defendants have conceded that most of Walker's requests for production are identical to the requests for production that Walker served on THI of Hobbs.  See Response at 5.  At the

hearing, Mr. Howell conceded that Walker's requests for production are either identical or have no

material differences to the requests for production that Walker served on THI of Hobbs.  In its

previous Memorandum Opinion and Order, the Court overruled THI of Hobbs' objections that

Walker's requests for production were overly broad, vague, and ambiguous, after finding that the

requests for production that Walker served on THI of Hobbs adequately described the documents

that she sought and set forth an appropriately narrow scope for this discrimination action.  See

Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at * 8.  Because the requests for

production that Walker served on the newly added Defendants are either identical or without

material differences to the requests for production that Walker served on THI of Hobbs, the Court

will overrule the Defendants' objections that the requests for production are overly broad, vague,

and ambiguous.   The Court further overrules the Defendants' objections that Walker's

interrogatories are overly broad, vague, and ambiguous, because the interrogatories are limited in

time and location, adequately describe the information they seek, and seek information within an

appropriately narrow scope for this discrimination action.

**B.      THE COURT OVERRULES THE DEFENDANTS' OBJECTIONS THAT WALKER'S REQUESTS SEEK INFORMATION THAT WILL INVADE THE PRIVACY OF NON-PARTY EMPLOYEES.**

The Defendants object to Request for Production Nos. 3, 4, 5, 6, and 7, and Interrogatories

Nos. 8 and 9, on the grounds that providing the documents and information will invade the privacy

of non-party employees. See Second Motion to Compel at 15.  Walker contends that the Defendants'

concern for the privacy of non-parties is not a valid objection, because the Court has ruled that the

parties may designate documents as confidential under the Confidentiality Order.  See Second

Motion to Compel at 15.  The Defendants assert that they objected on the grounds of privacy

concerns, because the Confidentiality Order needs to be modified to "permit the disclosure of any

confidential information within the possession of the newly-added Defendants."  Response to

Second Motion to Compel at 8 n.1.  The Court orders the parties to amend the Confidentiality Order,

filed December 31, 2009 (Doc. 53), to allow THI of New Mexico, FCC, FAS, Lothridge, Hood,

Melton, and Andujo to designate information as confidential under the Order.  Because the amended

Confidentiality Order will keep confidential information that the newly added Defendants disclose,

the Court overrules their objections on the grounds that disclosure would invade the privacy of non-

party employees.

### C.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR ANSWERS TO WALKER'S REQUESTS FOR PRODUCTION AND INTERROGATORIES TO STATE THAT THEY ARE NOT WITHHOLDING DOCUMENTS AND INFORMATION ON THE GROUNDS OF PRIVILEGE.

The Defendants object to Request for Production Nos. 12, 13, 17, and 18, and Interrogatory

No. 13, on the grounds of the attorney-client privilege and/or the work-product doctrine.  See

Second Motion to Compel at 15-16.  In their Response, the Defendants state: "Although Defendants

preserve their objections to these requests to the extent they seek information that is either protected

by the attorney-client privilege or work product privileges, they properly responded to the requests

and there are no documents related to these requests for which a privilege log needs to be produced."

Response at 15 n.3.  The Court orders the Defendants to amend their answers to state that they are

not withholding any documents on the grounds of privilege; if they are withholding documents on

the grounds of privilege, the Court orders the Defendants to produce a privilege log, describing  the

contents, relevant parties, relevant dates, and the Bates-range of the privileged documents.[2]

_____

[2] At the hearing, Walker did not make any arguments regarding the Defendants' objections on the grounds of the attorney-client privilege and/or the work-product doctrine.  In her Second Motion to Compel, Walker asked the Court to order the Defendants to produce the documents or a privilege log.  See Second Motion to Compel at 16.  In their Response, the Defendants represented that they were not withholding documents on the grounds of privilege.  See Response at 15 n.3.

**D.     WALKER'S REQUESTS FOR PRODUCTION AND INTERROGATORIES SEEK RELEVANT INFORMATION.**

The Defendants object to Walker's Request for Production Nos. 2, 4, 5, 6, 7, 9, 11, 19, 20, and 21, and Interrogatories Nos. 3, 5, 7, 8, 9, 12, 14, 15, and 17, on the grounds that they do not seek information that is relevant or reasonably likely to lead to the discovery of admissible evidence.  See Second Motion to Compel at 16.   Walker contends that her requests for production and interrogatories seek information related directly to "either other BOMs and Program Administrators in Anjudo's region or the corporate structure of Defendant Corporations and their relationship with one another."  Second Motion to Compel at 16.  Walker argues that the Court should overrule the Defendants' objections, because it has ruled that she is entitled to discover evidence to show that the job performance of the other BOMs is comparable to her performance, and that other BOMs were not treated similarly for similar performance.  See Second Motion to Compel at 16.  Walker also contends that the Court should overrule the Defendants' objections, because it has held that she is entitled to discovery about the various corporations' relationships to each other and their corporate structure.  See Second Motion to Compel at 16.

The Defendants contend that the information Walker seeks is not relevant, because  BOMs at other New Mexico centers are not "proper comparators" to Walker as a result of the numerous differences between the THI centers and the employment circumstances of BOMs within the centers. Response at 8.  The Defendants contend that there were eleven THI centers in New Mexico during the relevant time frame, each with a different administrator who managed the center's daily activities and operations.  See id. at 9.  The Defendants argue that each center differs as to the

_____

Because the Defendants represent that they are not withholding documents on the grounds of privilege, the Court will not order the Defendants to produce additional documents or a privilege log at this time.

services it provides, differs in size, and differs in the care it offers.  See id. at 10.  In her Reply, Walker argues that the Court has held that the information she seeks is relevant.  See Plaintiff's Reply to Defendants' Response to Plaintiff's Second Motion to Compel Discovery at 4-5, filed July 26, 2010 (Doc. 86)("Reply").  Walker contends that the reasons for these relevance rulings apply with equal force to the newly added Defendants.  See Reply at 5.  Walker argues that the information which she seeks is highly relevant regardless of the alleged differences between the  facilities, because she has alleged race discrimination and racially disparate treatment.  See Reply at 5 n. 1.

Walker seeks information about BOMs at other THI centers in New Mexico, under FAS' and FCC's administration and managerial oversight.  Walker seeks evidence regarding the treatment of similarly situated non-African-American BOMs to prove that race discrimination motivated the Defendants' actions towards her.  She seeks evidence that she can use to compare the Defendants' treatment of her to their treatment of other similarly situated BOMs.  This information is proper for Walker to seek in her discrimination action.  To the extent that the different THI centers have different sizes, collection goals, or locations, such information may go to the weight of the evidence at a later point in the litigation.  The Defendants' objection is not proper grounds for withholding information that may lead to admissible evidence.  The Court thus finds that the information that Walker seeks regarding other THI centers in the region is relevant.  The Court also finds that the information which Walker seeks regarding the companies' relationships to each other and their corporate structure is relevant.  In the Court's previous Memorandum Opinion and Order, it held that Walker was entitled to discovery about the various companies' relationships to each other and their corporate structure to rebut "THI of Hobbs' contention that FAS, FCC, and their employees were not responsible for causing THI of Hobbs to discriminate against and terminate Walker."  Walker v. THI of New Mexico at Hobbs Ctr., 2010 WL 552661, at *9.  Walker asserts that the Defendants

acted in concert to illegally terminate her employment.  <u>See</u> Amended Complaint ¶¶ 6-12, at 3-5.

She seeks information regarding the companies' structures and relationships to each other to prove

that the various Defendants were responsible for causing THI of Hobbs to discriminate against her.

This information is proper for Walker to seek.  The Court thus holds that the information which

Walker seeks regarding the companies' structure and relationships is relevant.

## II.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR RESPONSES TO INTERROGATORY NO. 1.

Interrogatory No. 1 requests the names of persons who participated in answering each

interrogatory.  <u>See</u> Second Motion to Compel at 41.   Walker contends that the Defendants did not

properly answer this interrogatory, solely responding that several corporate employees assisted in

gathering information to respond to interrogatories with the assistance of counsel.  <u>See</u> Second

Motion to Compel at 41.  The Court orders the Defendants to amend their answers to Interrogatory

No. 1 to provide the names of individuals who participated in answering each interrogatory.  As the

United States District Court for the District of Kansas stated in <u>Barnes v. Akal Sec., Inc.</u>, No. 04-

1350-WEB, 2005 WL 3359717 (D. Kan. Dec. 9, 2005):

> Such information is reasonably calculated to lead to the discovery of relevant evidence because the requested information indicates the identity of persons having direct knowledge about the subject matter of the specific discovery request.  This simply expands upon and refines the requirement of Fed. R. Civ. P. 26(a) that a party disclose the names of persons having discoverable information concerning the claims and defenses in the case.   Accordingly, Defendants should supplement their responses to include the names of the individuals who assisted with the preparation of each individual request.

2005 WL 3359717, at *2.

## III.   THE COURT ORDERS LOTHRIDGE, HOOD, FAS, FCC, AND THI OF NEW MEXICO TO PRODUCE DOCUMENTS IN THEIR CONTROL THAT ARE RESPONSIVE TO WALKER'S REQUESTS FOR PRODUCTION.

In their responses to several of Walker's requests for production, the Defendants represented

that they did not have any of the responsive documents in their possession, custody, or control.  See, e.g., Second Motion to Compel at 20.  Walker contends that the Defendant Corporations have access to and control over the information that she is requesting concerning THI center operations, BOM performance and treatment, employee supervision, and corporate interrelationships.  See Second Motion to Compel at 17.  Walker argues that FAS, FCC, and their employees, have access to, and control over, the requested discovery through their contracts with the eleven local THI centers.  See Second Motion to Compel at 17.  She also argues that the Defendant corporations have control over the requested discovery, because they are "in reality the functional arms of a single entity, Fundamental Long Term Care Holdings."  Second Motion to Compel at 17.  Walker argues that the United States District Court for the District of New Mexico recognized that the Corporate Defendants are a single employer or integrated enterprise in Pendergast v. Fundamental Long Term Care Holdings, LLC, et. al., CIV No. 07-1265 CG-LFG (D.N.M. 2009)(including FAS, FCC, THI of Baltimore, THI of New Mexico, and THI of New Mexico at Valle Norte, LLC as Defendants).  See Second Motion to Compel at 19.

In their Response, the Defendants argue that they do not possess the documents which Walker is seeking and that they are not a single entity.  See Response at 7, 13-14.  The Defendants contend that they have provided all documents in their possession and that they do not have any additional responsive documents in their possession.  See Response at 7, 15.  Specifically, FAS and FCC object, arguing that any responsive documents are maintained by and belong to the THI centers.  See Response at 7.  THI of New Mexico contends that it does not have any documents to produce, as it does not have any employees and does not operate any facilities.  See Response at 7, 13.  Andujo, Lothridge, Hood, and Melton contend that they do not have any documents in their possession responsive to the requests.  See Response at 7.  The Defendants also contend that "the

contracts and information disclosed by FAS, FCC, Andujo, Melton, Lothridge, and Hood demonstrate only a contractual relationship to provide consulting services and there is no evidence to support a single employer theory." Response at 15. The Defendants argue that, because The Honorable Carmen E. Garza, United States Magistrate Judge, vacated the jury's ruling in <u>Pendergast v. City of Albuquerque</u> on the single employer issue, there are no findings upon which Walker can rely to support her argument that the Defendants are a single entity.[3] <u>See</u> Response at 14 n.2.

The Court orders THI of New Mexico, FCC, FAS, Hood, and Lothridge to produce all documents that they have the ability, authority, or right to obtain.[4] A party must respond to requests for production by producing documents in its possession, custody, or control. <u>See</u> Fed. R. Civ. P. 34(a). Control comprehends not only possession, "but also the right, authority, or ability to obtain the documents." <u>Ice Corp. v. Hamilton Sundstand Corp.</u>, 245 F.R.D. at 516. Courts will find documents to be within a party's control if the party has actual possession, custody, control, or the legal right to obtain the documents on demand. <u>See</u> <u>In re Bankers Trust Co.</u>, 61 F.3d at 469; <u>Ice Corp. v. Hamilton Sundstrand Corp.</u>, 245 F.R.D. at 516-17.

The Court orders THI of New Mexico to amend its responses to Walker's requests for production and to provide all responsive documents in its control. Although THI of New Mexico contends that it does not have any responsive documents in its possession, it must produce all

---

[3] Judge Garza vacated the findings based on a settlement between the parties that had, as a condition of settlement, that she vacate the integrated enterprise finding.

[4] The Court does not decide the integrated-enterprise, single-employer issue at this time. The Court orders FAS, FCC, Lothridge and Hood to produce responsive documents, because it finds that FCC, FAS, and their employees are able to obtain the information that Walker is seeking, and it orders THI of New Mexico to produce responsive documents, because THI of New Mexico should produce all documents in its control, not just in its possession. The Court believes that it is best to decide the integrated-enterprise issue at a later time, when it has a more robust record.

responsive documents in its control.  See Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. at

516-17.  The Court also orders FAS, FCC, Lothridge, and Hood to amend their responses to

Walker's requests for production, because the Court finds that FAS, FCC, and Lothridge and Hood,

who are employees of FAS, have control over responsive documents, as they have the authority or

ability to obtain the documents under the contracts that FAS and FCC have with the THI centers.

Employees of FAS and FCC have the authority to request data from all THI of New Mexico

facilities.  See Deposition of Jaime Andujo at 9 (taken December 18, 2008), Exhibit 2 to Second

Motion for Sanctions, filed June 9, 2010 (Doc. 80-1); Administrative Support Agreement, Exhibit

6b to Second Motion for Sanctions at 13, filed June 9, 2010 (Doc. 80-2)("FAS Agreement").  FAS

and FCC have contracts with the THI centers.  See FAS Agreement; Clinical Support Agreement,

Exhibit 6A to Second Motion for Sanctions at 10, filed June 9, 2010 (Doc. 80-2)("FCC

Agreement"); Deposition of Kenneth Tabler at 6 (taken January 29, 2009), Exhibit 5 to Second

Motion for Sanctions, filed June 9, 2010 (Doc. 80-5).  Under its contracts, FCC provides clinical

support services to THI centers, including assisting the facilities to comply with clinical policies and

procedures, coordinating and maintaining "facility operations improvement data," and maintaining

"comprehensive survey result data base."  FCC Agreement at 10-11.  Under its contracts, FAS is

responsible for providing payroll and personnel services to each THI facility.  See FAS Agreement

at 13.  FAS is responsible for: (i) administering payroll matters; (ii) administering employee benefit

programs; (iii) managing a human resources program; (iv) training employees; (v) providing advice

on employee relations; (vi) providing bookkeeping, accounting, budgeting, financial analysis, and

forecasting services; (vii) reporting and maintaining separate books, records and accounts for each

facility; and (ix) assisting in the preparation and filing of tax returns. See FAS Agreement at 13.

FAS, FCC, and Lothridge and Hood, as employees of FAS and FCC, have the ability to

obtain many of the documents that Walker is requesting -- for example, documents regarding the operations of THI centers in the region and BOM performance and treatment -- under FAS and FCC's contracts with the THI centers.  Because Melton and Andujo are no longer employees of FAS or FCC, the Court finds that they are not able to obtain the requested documents.  The Court therefore orders Lothridge, Hood, FAS, and FCC, to produce the responsive documents in their control.

      **IT IS ORDERED** that Plaintiff's Second Motion to Compel Discovery and Memorandum in Support (Doc. 80) is granted in part and denied in part.

 

 

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel Yohalem
Richard Rosenstock
Katherine E. Murray
Santa Fe, New Mexico

     *Attorneys for the Plaintiff*

R. Shawn Oller
Christie L. Kriegsfeld
Littler Mendelson
Phoenix, Arizona

     *Attorneys for the Defendants*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

     *Attorneys for Defendants THI of New Mexico at*
       *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

   *Attorneys for Defendants Fundamental Administrative Services, LLC,*
      *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

   *Attorneys for Defendants Jaime Andujo and Fundamental*
      *Clinical Consulting, LLC*