UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
PETE V. DOMENICI UNITED STATES COURTHOUSE
333 LOMAS BLVD., N.W., SUITE 660
ALBUQUERQUE, NEW MEXICO 87102
TELEPHONE - (505) 348-2280
FACSIMILE - (505) 348-2285

JAMES O. BROWNING
District Judge

November 5, 2010

**VIA CM/ECF**

Daniel Yohalem
Richard Rosenstock
Katherine E. Murray
Attorneys at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501

Christie Kriegsfeld
Robert Shawn Oller
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, Arizona 85016

Danny W. Jarrett
Trent A. Howell
Jackson Lewis, LLP
4300 San Mateo Boulevard, N.E.,
  Suite B-260
Albuquerque, New Mexico 87110

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
40 First Plaza, N.W., Suite 740
Post Office Box 271
Albuquerque, New Mexico 87103

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
2201 San Pedro, N.E.,
Building 2, Suite 207
Albuquerque, New Mexico 87110

Re: <u>Walker v. THI of New Mexico, et al.</u>, No. CIV 09-0060 JB/RLP

Dear Counsel:

  I want to bring one matter to your attention. I have, with my law clerks, reviewed the Judicial Code of Conduct and do not believe this matter requires me to recuse myself. I want, however, everyone to be fully informed about, and fully comfortable with, my participation in the case.

Counsel of Record
Re: <u>Walker v. THI of New Mexico, et al.</u>, No. CIV 09-0060 JB/RLP
November 5, 2010
Page 2

  In 1992 -- before I became a judge -- my wife and I formed Browning Investment Company ("BIC") to hold some of our investments. Browning Investment Company changed its name to Vermejo Property Investment Company on May 15, 2006, but continues to do business under the name Browning Investment Company. BIC bought working interests in oil wells. BIC receives royalties and distributions from oil and gas interests, as well as from other real estate investments.

  Since becoming a judge in 2003, I have been easing out of any official position or ownership in BIC. My wife, Jan Browning, is currently the President, Treasurer, and Director of BIC, although I was President, Treasurer, and Director until December 9, 2005. I no longer have a position in BIC. My son, Eli, is now the Secretary of BIC. Mrs. Browning also currently owns all the stock in BIC. I transferred my interest in BIC to her on December 9, 2005. Her interest remains, however, community property. I also continue to help my wife with BIC.

  Effective March 1, 2010, BIC sold all its remaining oil-and-gas interests. BIC is still receiving some checks and paying bills for the period before March 1, 2010, and is in the process of transferring some funds received after March 1, 2010 to the buyer. The buyer and/or Strata Production Company, one of the operators, may owe BIC some money, too.

  BIC owns Dartmouth Street, LLC, which owns some investment real estate here in Albuquerque. Dartmouth Street has two mortgages. I personally guaranteed the notes until early last year, when I asked to be removed as a guarantor. I understand I have been removed as guarantor.

  In 1986, the United States Secretary of Interior issued a Secretarial Order regarding the concurrent development of potash and petroleum resources in a 497,000 acre area ("Potash Area") of Lea and Eddy Counties, New Mexico. The 1986 Order allowed development of both resources to proceed. The new administration has proposed changes to the department's policy regarding exploration, development, and production of oil and gas in the Potash Area.

  Strata Production Company operates some of the oil and gas wells in which BIC had interests. By letter to BIC and to other interest owners dated July 31, 2009, which I first saw in August, Mark Murphy, President of Strata, advised its Project owners, including BIC, that the Department of Interior had recently changed its long-standing policy allowing the petroleum industry to drill in the potash-mining area around Carlsbad. The DOI's new policy apparently preserves the entire Potash Area as a "national potash reserve" that would be off limits to all drilling. The change in policy appears to be a withdrawal of the Oil-Potash Area from all mineral exploration and leasing, except for potassium minerals. This change in policy would prohibit all oil and gas drilling within the Oil-Potash Area, and potentially jeopardize current operations and negate the historical idea that both oil and gas, and potash, can be concurrently developed.

  In the letter dated July 31, 2009, Strata advised its Project Owners, including BIC, that, because of ongoing disputes involving the concurrent development of potash and petroleum

resources in the Potash Area, Strata felt that it and its Project Owners should have Washington, D.C.-based energy representation. Strata retained Kyle Simpson and his firm of Brownstein, Hyatt, Farber and Schreck. Strata executed a six-month (July-December 2009) retainer agreement at a rate of $20,500.00 per month. Strata intends to charge a small overhead fee and additional actual or third party expense to the Project Owners. BIC will thus be paying some of the fees and expenses for Brownstein's work.

Also, upon learning of the attempted DOI policy changes, Mr. Murphy contacted Mary Lynn Bogle of the Hinkle Firm, who is representing a group of concerned companies ("O/G Stakeholders") who will be detrimentally impacted by the proposed policy changes. Mr. Murphy agreed to participate and coordinate with the O/G Stakeholders to keep intact the 1986 Order, and to seek a solution which might allow additional oil and gas development. The O/G Stakeholders' group includes experts, attorneys, and lobbyists. The attorneys include, to my knowledge, the Hinkle Law Firm, Holland & Hart, and the Losee, Carson Firm.

The financial commitment to the O/G Stockholders group is limited to $10,000.00. These costs and the costs of the Brownstein firm will total approximately $135,000.00. Strata intends to charge a small overhead fee (5%) and any additional actual or third party expenses. Mr. Murphy does not expect total costs -- for Brownstein and for the O/G Stockholders group -- to exceeded $150,000.00.

On Strata's Summary Statement for the Joint Interest Billing Statement for BIC in July 2009, there is a charge of $554.22 of the Potash Area Project, dated 7/1/2009, reflecting an interest of .01034314. In the Detail Joint Interest Billing Statement, it shows a gross for Hinkle, Hensley of $10,032.92 and an owner's net of $212.03. There are two entries for Brownstein: $20,500.00 and $20,500.00 gross, and $212.03 and $212.03 owner's net. The August Summary Statement charges BIC $7.48 for the Potash Area Project. The detail statement shows a gross charge for Hinkle, Hensley of $667.08 and an owner's net charge of $6.90; one gross charge of $20,500.00 and two gross charges of $20,521.00 for Brownstein; and one credit for $20,521.00 and two credits for $20,500.00 from Brownstein, and one owner's net charge of $212.03 and two owner's net charges of $212.25 for Brownstein, and one owner's net credit of $212.25 and two owner's net credits of $212.03.

By letter dated January 28, 2010 from Mr. Murphy to Strata Project Owners, Mr. Murphy advised BIC and others that he had extended Mr. Simpson's contract through June 2010, at which time "we" will again review the status of this issue. The rate of $20,500.00 (plus overhead) has been kept in place for the month of January 2010. Mr. Simpson has agreed to reduce the monthly rate to $10,000.00 (plus overhead) per month for the period of February through June 2010. The allocation of costs and method of billing as previously established will continue.

To my knowledge, BIC has not had any contact with the Brownstein, Hinkle, Holland & Hart or Carson Firms. In previous cases, I asked Holland & Hart to confirm whether it considers or lists

Counsel of Record
Re: <u>Walker v. THI of New Mexico, et al.</u>, No. CIV 09-0060 JB/RLP
November 5, 2010
Page 4

BIC as a client in its conflict system. Holland & Hart responded that it does not consider BIC, my wife, or myself to be a client, and that we do not appear in its conflicts list. I attach hereto as Exhibits A, B, C, D and E letters that Holland & Hart has sent to me in other cases in response to similar disclosure letters I have sent in those cases. The following proceeds on the assumption that Holland & Hart does not consider BIC, my wife, or myself to be a client.

In <u>Clark v. City of Draper</u>, No. 96-4006, 1997 U.S. App. LEXIS 6421 at *5 (10th Cir. August 5, 1997), the United States Court of Appeals for the Tenth Circuit held that "the average person might reasonably question the impartiality of a judge who is being represented on a personal matter by a lawyer associated with the same law firm as that representing one of the parties in a case before the judge," and thus recusal was appropriate. See <u>Texaco, Inc. v. Chandler</u>, 354 F.2d 655, 656-57 (10th Cir. 1965)(holding that the judge should recuse himself where he was simultaneously being represented by an attorney on a claim brought against the judge and the same attorney also represented a party in the instant action before the judge). Thus, it appears that I should recuse myself from any cases I had pending before me while Modrall was representing me in unrelated matters even if I was not aware of the representation at the time. See <u>Libjeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 859 (1988); Canon 3: Impartial and Diligent Performance of Judicial Duties; Recusal and Disqualification, §3.6 Recusal: Reasonable Basis for Questions of Impartiality, §3.6-2(a) Where Judge (or Judge's Spouse) Is or Has Been a Client of Lawyer or Law Firm Appearing in the Case ("Where an attorney-client relationship exists between the judge and a lawyer where law firm appears in the case, the judge should recuse absent remittal. Same where an attorney represents the court in personnel matters."); <u>id.</u> §3.602(b)("A judge should recuse absent remittal if a lawyer appearing in the case represents, in other matters, a class of which the judge is a member. But <u>see</u> Compendium §3.1-6[4](f)."). Section 3.6-2(h-l) states:

> Canon 3C(1)'s general provision (judge's impartiality might reasonably be questioned) applies where judge's spouse is represented (in unrelated matters) by law firm appearing before judge, but is subject to the remittal procedures. The standard is fact specific and may not give rise to a reasonable question of partiality where the representation does not relate to significant matters, is of short duration, or is otherwise minimal and casual.

Section 3-6-2(k) states:

> Judge should recuse (subject to remittal) when attorney appearing before judge represents judge's spouse's business in any matter. Judge should also recuse (subject to remittal) when attorney who represents judge's spouse's business in matter that could substantially affect spouse's interests, but recusal is not indicated where partner represents spouse's business in routine matters unlikely to affect business substantially.

Holland & Hart has not represented me, my wife, or, to my knowledge, BIC. The connection

Counsel of Record
Re: <u>Walker v. THI of New Mexico et al.</u>, No. CIV 09-0060 JB/RLP
November 5, 2010
Page 5

in this case is more tenuous. <u>Clark v. City of Draper</u>, is not applicable if Holland & Hart did not represent me or my wife. Furthermore, the Committee on Codes of Conduct advises that: "The judge should also recuse if an attorney represents the judge's spouse's business in a matter that the judge knows could substantially affect the spouse's interest, and other members of the attorney's firm appear before the judge." Committee on Codes of Conduct Advisory Opinion No. 107, at 107-7. Because Holland & Hart did not and does not, to my knowledge, represent BIC, Advisory Opinion No. 107 is probably inapplicable. Furthermore, I have no interaction with any of the attorneys representing Strata's interests in Washington, D.C. I feel that I am sufficiently far removed from the issues and purpose of the representation, and that my interest in the oil and gas property that Strata operates is sufficiently remote, that the situation will not impact my judgment when Holland & Hart lawyers practice before me.

The reason I bring this up is that Trent Howell worked at the Holland & Hart firm at the time this case was filed. Nevertheless, I feel my impartiality will not be compromised in presiding over cases in which Holland & Hart represents one of the parties.

I believe that I can continue to be fair and impartial. If anyone, however, has any questions about the above, please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference call. I have instructed Mrs. Wild not to tell me who may call. Best regards.

Sincerely,

James O. Browning
United States District Judge

Attachments: as stated



**Trent A. Howell**
**Phone** (505) 988-4421
tahowell@hollandhart.com

October 22, 2009

**VIA CM/ECF SYSTEM**

Honorable James O. Browning
United States District Court
333 Lomas Blvd., N.W., Suite 660
Albuquerque, NM 87101

Nicholas Koluncich, III
6804 Fourth Street, N.W.
Albuquerque, NM 87107-6117

Darren J. Robbins
Randall J. Baron
Danielle S. Myers
David W. Mitchell
G. Paul Howes
Brian O'Mara
Coughlin Stoia Geller Rudman & Robbins LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101

Joe Kendall
Provost Umphrey Law Firm LLP
3232 McKinney Ave., Suite 700
Dallas, TX 75205

Richard A. Sandoval
1121 4th St., N.W., Third Floor, Suite 2
Albuquerque, NM 87102

Luis Stelzner
Juan L. Flores
Sheehan, Sheehan & Stelzner PA
40 First Plaza, N.W., Suite 740
Albuquerque, NM 87102

Christopher W. Ahart
Jesse Z. Weiss
Kimberly G. Davis
Paul R. Bessett
Yusuf A. Bajwa
Greenberg Traurig LLP
300 W. 6th St., Suite 2100
Austin, TX 78701

Douglas G. Schneebeck
Brian K. Nichols
Modrall Sperling Roehl Harris & Sisk PA
500 Fourth St., N.W., Suite 1000
Albuquerque, NM 87103-2168

Evan P. Singer
Greg Weselka
Jones Day
2727 N. Harwood Street
Dallas, TX 75201

Re:   *Lane, et al. v. Page, et al.*, No. CIV-06-1071 JB/ACT

Dear Judge Browning and Counsel:

I have verified through internal discussion and our conflict system that Holland & Hart LLP ("HH") has not, *in any matter*, recorded as a client, represented, or been paid directly or by others to represent your Honor, Mrs. Browning, Browning Investment Company ("BIC"), or Strata Production Company ("Strata"). This statement includes,

EXHIBIT A

**Holland & Hart LLP Attorneys at Law**
Phone (505) 988-4421  Fax (505) 983-6043  www.hollandhart.com
Jefferson Place  110 North Guadalupe  Suite 1  Santa Fe, New Mexico 87501  Mailing Address P.O. Box 2208  Santa Fe, New Mexico 87504-2208
Aspen  Billings  Boise  Boulder  Carson City  Cheyenne  Colorado Springs  Denver  Denver Tech Center  Jackson Hole  Las Vegas  Reno  Salt Lake City  Santa Fe  Washington, D.C.



Honorable James O. Browning
October 23, 2009
Page 2

but is not limited to, matters of petroleum-potash development priority in the 497,000-acre area of Lea and Eddy Counties, New Mexico, known as the "Potash Area."

What may prompt your Honor's inquiry is that HH represents nine other companies, and in that limited capacity attends industry meetings, relating to the Department of Interior ("DOI") declaration of a "national potash reserve." However, HH has not been retained or paid by the full group of companies that your Honor terms, the "O/G Stakeholders," to address the DOI declaration or petroleum-potash development priority in the Potash Area. Neither your Honor, Mrs. Browning, BIC, Strata, Hinkle Hensley Shanor & Martin LLP, Losee Carson & Haas PA, nor Brownstein Hyatt Farber Shreck PC is among, or paying for representation of, the clients for whom HH addresses these issues. Nor do any of the referenced nine HH clients include corporate affiliates of BIC or Strata.

Please let us know if other information is requested by the Court or parties.

Respectfully,

Trent A. Howell
of Holland & Hart LLP

TAH

cc:  John D. Lovi (via CM/ECF System)
     Lara E. Romansic (via CM/ECF System)

4423723_1.DOC

Rx Date/Time    NOV-13-2009(FRI) 09:58           505 9836043            P.001
11/13/2009 09:58 FAX 505 9836043    HOLLAND HART                       ☒001/002
Case 1:09-cv-00060-JB -KBM   Document 134   Filed 11/05/10   Page 8 of 12
Case 1:05-cv-00578-JB-WPL   Document 69   Filed 11/13/09   Page 1 of 2



# HOLLAND&HART.

Friday, November 13, 2009

| To: | Judge James Browning | Fax: | (505) 348-2285 |
|---|---|---|---|
|  | United States District Court | Phone: | (505) 348-2280 |
| To: | Victor R. Marshall | Fax: | (505) 332-3793 |
|  | Victor R. Marshall & Associates, Inc. | Phone: | (505) 332-9400 |

From: Bradford C. Berge          Fax:    (505) 983-6043
                                 Phone:  (505) 988-4421

Message:    BP America Production Co. v. Raymond L. Kysar, et al.
            No. CIV 05-578 JB/WPL

---

No Confirmation Copy                    Number of pages including cover sheet: 2

Note: If this fax is illegible or incomplete please call us. This fax may contain confidential information protected by the attorney-client privilege. If you are not the named recipient, you may not use, distribute or otherwise disclose this information without our consent. Instead, please call (505) 988-4421; we will arrange for its destruction or return.

| Attorney Number: | 5102 | Client/Matter: |  | Time Deadline: |  |
|---|---|---|---|---|---|
| Operator Initials: |  | Date Transmitted: |  | Time Transmitted: |  |

— EXHIBIT B

Holland & Hart LLP  Attorneys at Law
Phone (505) 988-4421  Fax (505) 983-6043  www.hollandhart.com
Jefferson Place  110 North Guadalupe Suite 1  Santa Fe, New Mexico 87501  Mailing Address P.O. Box 2208  Santa Fe, New Mexico 87504-2208
Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.


11/13/09

Case 1:09-cv-00060-JB -KBM   Document 134   Filed 11/05/10   Page 9 of 12

Rx Date/Time   NOV-13-2009(FRI) 09:58   505 9836043   P. 002
11/13/2009 09:14 FAX 505 9836043   Case 1:05-cv-00578-JB-WPL   Document 69   Filed 11/13/09   Page 2 of 2   HOLLAND & HART   @002/002



**HOLLAND & HART..**

Bradford C. Berge
bberge@hollandhart.com

November 13, 2009

**VIA FACSIMILE**

The Honorable James O. Browning
U.S. District Court
District of New Mexico
333 Lomas Blvd. NW Suite 660
Albuquerque, NM 87102
Fax (505) 348-2285

    Re:   *BP America Production Co. v. Raymond L. Kysar, et. al.*
           No. CIV 05- 578 JB/WPL

Dear Judge Browning:

    We have confirmed through our conflict system that Holland & Hart, LLP has not represented in any matter, your Honor, Mrs. Browning, Browning Investment Company or Strata Production Company, as communicated to you by Mr. Trent Howell in his October 22, 2009 letter.

    Holland & Hart represents nine oil and gas companies in a joint effort to oppose the Department of Interior's proposal to rescind the 1986 Secretarial Order governing the joint development of the Potash Area in favor of establishing a "national potash reserve." Holland & Hart is compensated by the nine clients directly. Holland & Hart does not represent Strata Production Company in this matter. While Holland & Hart is coordinating its efforts with the Hinkle Firm, the Losee, Carson Firm and the Brownstein Firm, Holland & Hart is not being paid by Strata Production Company or a related entity either directly or indirectly.

    Please let me know if you need further information.

                            Respectfully,

                            Bradford C. Berge
                            OF HOLLAND & HART LLP

cc:   Victor Marshall, Esq.
       Diane Donaghy, Esq.
4658629_1.DOC

Holland & Hart LLP
Phone (505) 988-4421   Fax (505) 983-6043   www.hollandhart.com
110 North Guadalupe Suite 1 Santa Fe, NM 87501   Mailing Address P.O. Box 2208 Santa Fe, NM 87504-2208
Aspen   Billings   Boise   Boulder   Cheyenne   Colorado Springs   Denver   Denver Tech Center   Jackson Hole   Salt Lake City   Santa Fe   Washington, D.C.



**Kristina Martinez**
**Phone** (505) 988-4421
kemartinez@hollandhart.com

November 25, 2009

**VIA CM/ECF SYSTEM**

Honorable James O. Browning             Jeffrey Diamond
United States District Court                  Jeff Diamond Law Firm
333 Lomas Blvd., N.W., Suite 660       Post Office Box 1866
Albuquerque, NM 87101                       Carlsbad, NM 88221-1866

Re:   *Johnson v. Hartford Life*, No. CIV-09-0746 JB/LAM

Dear Judge Browning and Mr. Diamond:

As Mr. Howell stated in his letter of October 22, 2009, Holland & Hart LLP ("HH") has verified that the firm has not represented, or been paid to represent, your Honor, Mrs. Browning, Browning Investment Company, or Strata Production Company *in any matter*. HH does not consider any of these parties to be its client, and we believe we provided the relevant information regarding payment in Mr. Howell's letter.

HH agrees that your Honor's recusal is not necessary. Please let us know if you request other information.

Respectfully,

/s/ *Kristina Martinez*

Kristina Martinez

KEM

4669566_1.DOC

**EXHIBIT C**

Holland & Hart LLP Attorneys at Law
Phone (505) 988-4421 Fax (505) 983-6043 www.hollandhart.com
Jefferson Place  110 North Guadalupe  Suite 1  Santa Fe, New Mexico 87501  Mailing Address P.O. Box 2208  Santa Fe, New Mexico 87504-2208
Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.



**Kristina Martinez**
**Phone** (505) 988-4421
kemartinez@hollandhart.com

January 12, 2010

**VIA CM/ECF SYSTEM**

Honorable James O. Browning             Stephen F. Lawless
United States District Court             Grisham & Lawless, P.A.
333 Lomas Blvd., N.W., Suite 660         600 Central Avenue SW, Suite 100
Albuquerque, NM 87101                    Albuquerque, New Mexico 87102

    Re:   *James v. Hartford Life*, No. CIV 09-990 JB/WPL

Dear Judge Browning and Mr. Lawless:

    As stated in the three letters attached as exhibits to your January 11, 2010 correspondence, Holland & Hart LLP has confirmed through its conflict system that the firm has not represented, or been paid to represent, your Honor, Mrs. Browning, Browning Investment Company, or Strata Production Company in any matter. Holland & Hart does not consider any of these parties to be its client.

    Holland & Hart agrees that your Honor's recusal is not necessary. Please let me know if you request further information.

                                     Respectfully,

                                     */s/ Kristina Martinez*

                                     Kristina Martinez

KEM

4702573_1.DOC

**EXHIBIT D**

**Holland & Hart LLP  Attorneys at Law**
Phone (505) 988-4421  Fax (505) 983-6043  www.hollandhart.com
Jefferson Place  110 North Guadalupe  Suite 1  Santa Fe, New Mexico 87501  Mailing Address P.O. Box 2208  Santa Fe, New Mexico 87504-2208
Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.



**Kristina Martinez**
kemartinez@hollandhart.com

August 4, 2010

VIA CM/ECF SYSTEM

Honorable James O. Browning
United States District Judge for the District of New Mexico
United States District Court
333 Lomas Blvd NW, Suite 660
Albuquerque, New Mexico 87102

**Re:   Sanchez v. The Hartford Insurance Company, No. CIV 10-0484 JB/ACT**

Dear Judge Browning:

I refer to your letter to counsel, filed in this case on July 14, 2010, as Document 10.

Based on discussions within the firm and a search of our conflicts database, I can confirm that Holland & Hart has not, in any matter, represented, or been paid to represent, your honor, your honor's spouse or family members, Browning Investment Company ("BIC"), Dinero Production Company, L.L.C. ("Dinero"), or Strata Production Company ("Strata").

With respect to the Court's inquiry at page 5, I am able to provide the following information: In 2009, Holland & Hart LLP ("H&H") represented nine oil and gas companies, as a group, in connection with a proposal by the U. S. Department of the Interior relating to a prior order of the Secretary of the Interior, entered in 1986, concerning the concurrent development of potash and oil and gas reserves within a 497,000 acre area in Lea County and Eddy County, New Mexico ("the Potash Area matter"). H&H concluded its representation in the Potash Area matter last year.

In the Potash Area matter, none of the following was a client of H&H: Strata, Dinero, and BIC. In addition, H&H received no payment for any of its services in the Potash Area matter from Strata, Dinero, or BIC. Nor did H&H receive any payment from the Hinkle Law Firm, the Losee, Carson Firm, or Brownstein, Hyatt, Farber and Schreck for any of the firm's services in the Potash Area matter. The nine clients we represented retained our firm pursuant to a written engagement letter, under which they alone were responsible for the payment of our firm's fees and expenses. To our knowledge, H&H was paid for its services in the Potash Area matter only by the nine clients who jointly retained our firm to represent them.

After the Court has an opportunity to review this letter, please let me know if there are further questions.

**Holland & Hart LLP  Attorneys at Law**
Phone (970) 925-3476  Fax (970) 925-9367  www.hollandhart.com
600 East Main Street  Suite 104 Aspen, Colorado 81611-1991
Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.

**EXHIBIT E**