IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

        Plaintiff,

vs.                          No. 09-cv-0060 JB/RLP

THI OF NEW MEXICO AT HOBBS CENTER, d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE LOTHRIDGE,
KAREN HOOD (MILLER), THI OF NEW MEXICO, LLC,
FUNDAMENTAL CLINICAL CONSULTING, LLC,
FUNDAMENTAL ADMINISTRATIVE
SERVICES, LLC, THI OF BALTIMORE, INC., and
FUNDAMENTAL LONG TERM CARE HOLDINGS, LLC,

        Defendants.

**DEFENDANT FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Fundamental Administrative Services, LLC ("FAS"), by and through undersigned counsel, hereby files its Answer to the Second Amended Complaint of Plaintiff Sarah Walker, and states as follows:

1.      In response to paragraph 1 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Plaintiff has alleged claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e *et. seq.*, 42 U.S.C. § 1981, the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7(F), (G), and (I), and New Mexico common law, but denies that Defendant FAS has any liability to Plaintiff under these laws. Defendant FAS denies the remaining allegations contained in paragraph 1.

2.      In response to paragraph 2 of Plaintiff's Second Amended Complaint, Defendant FAS admits that jurisdiction and venue are proper.  Defendant FAS denies the remaining allegations contained in paragraph 2.

3.      In response to paragraph 3 of Plaintiff's Second Amended Complaint, Defendant FAS admits on information and belief that Plaintiff Sarah Walker is a resident and domiciled in Hobbs, New Mexico.  Defendant FAS also admits Plaintiff was employed as the Business Office Manager at Hobbs Health Care Center in Hobbs, New Mexico from August 2005 until January 8, 2007.

4.      In response to paragraph 4 of Plaintiff's Second Amended Complaint, Defendant FAS admits that THI of New Mexico at Hobbs Center, LLC is a foreign limited liability company authorized to do and doing business in the state of New Mexico as Hobbs Health Care Center.  Defendant FAS further admits that Hobbs Health Care Center employs more than 15 employees.  Defendant FAS admits that THI of New Mexico, LLC is the sole member of Hobbs Health Care Center.

5.      In response to paragraph 5 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

6.      In response to paragraph 6 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Diana Melton was a Regional Account Manager employed by FAS.  Defendant FAS denies the remaining allegations contained in paragraph 6.

2

7.  In response to paragraph 7 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Jaime Andujo was employed by Fundamental Clinical Consulting, LLC ("FCC") as the Regional Director of Operations and had a separate role as a member of the governing body of Hobbs Health Care Center. Defendant FAS denies the remaining allegations contained in paragraph 7.

8.  In response to paragraph 8 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Debbie Lothridge was employed by FAS as a Regional Account Manager. Defendant FAS denies the remaining allegations contained in paragraph 8.

9.  In response to paragraph 9 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Karen Hood is the Vice President of Human Resources for FAS. Defendant FAS denies the remaining allegations contained in paragraph 9.

10. In response to paragraph 10 of Plaintiff's Second Amended Complaint, Defendant FAS admits that THI of New Mexico, LLC is a holding company for entities that operate nursing homes and healthcare centers in New Mexico, including Defendant Hobbs. Defendant FAS further admits that THI of Baltimore, Inc is the sole member of THI of New Mexico, LLC. Defendant FAS denies the remaining allegations contained in paragraph 10.

11. In response to paragraph 11 of Plaintiff's Second Amended Complaint, Defendant FAS admits that FCC is a non-New Mexico limited liability company that provides consulting services to Hobbs Health Care Center. Defendant FAS further admits that Jaime Andujo was employed by FCC. Defendant FAS admits that THI of Baltimore, Inc. is the sole member of FCC. Defendant FAS denies the remaining allegations contained in paragraph 11.

12. In response to paragraph 12 of Plaintiff's Second Amended Complaint, Defendant FAS admits that it provides consulting services to Hobbs Health Care Center. Defendant FAS further admits that it employs Karen (Hood) Miller and Debbie Lothridge. Defendant FAS further admits that Diana Melton also was employed by FAS. Defendant FAS further admits that its sole member is Fundamental Long Term Care Holdings, LLC ("FLTCH"). Defendant FAS denies the remaining allegations contained in paragraph 12.

13. In response to paragraph 13 of Plaintiff's Second Amended Complaint, Defendant FAS admits that THI of Baltimore, Inc. is the sole member of THI of New Mexico, LLC and FCC. Defendant FAS denies the remaining allegations contained in paragraph 13.

14. In response to paragraph 14 of Plaintiff's Second Amended Complaint, Defendant FAS admits that FLTCH is the sole shareholder of THI of Baltimore, Inc. FAS further admits that FLTCH is its sole member. Defendant FAS further admits that the two members of FLTCH are Murray Forman and Leonard Grunstein. Defendant FAS denies the remaining allegations contained in paragraph 14.

15. In response to paragraph 15 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Murray Forman and Leonard Grunstein are the sole members of FLTCH. Defendant FAS further admits that FLTCH is the sole shareholder of THI of Baltimore, Inc and that FLTCH is the sole member of FAS. Defendant FAS further admits that THI of Baltimore, Inc. is the sole member of both THI of New Mexico, LLC and FCC. Defendant further admits that THI of New Mexico, LLC is the sole member of THI of NM at Hobbs Health Care Center. Defendant FAS denies the remaining allegations contained in paragraph 15.

16.     In response to paragraph 16 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

17.     In response to paragraph 17 of Plaintiff's Second Amended Complaint, Defendant FAS admits that the "Prendergast" verdict was vacated.  Defendant FAS denies the remaining allegations contained in paragraph 17.

18.     In response to paragraph 18 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

19.     In response to paragraph 19 of Plaintiff's Second Amended Complaint, Defendant FAS admits that it has a consulting contract to provide administrative services to Hobbs Health Care Center and other facilities, but denies the services provided are the same.  Defendant FAS denies the remaining allegations contained in paragraph 19.

20.     In response to paragraph 20 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Defendant Miller usually announces handbook and benefits changes.  Defendant FAS denies the remaining allegations in paragraph 20.

21.     In response to paragraph 21 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Defendant Miller is the Vice President of Human Resources for Fundamental Administrative Services.  Defendant FAS denies the remaining allegations in paragraph 21.

22.     In response to paragraph 22 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Defendant Andujo was a member of the governing body of Hobbs Health Care Center, which was a role that was separate and distinct from his role with FCC.  As a member of the governing body of Hobbs Health Care Center, Defendant Andujo had the authority to hire or

fire the Administrator. Defendant FAS denies the remaining allegations contained in paragraph 22.

23. In response to paragraph 23 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

24. In response to paragraph 24 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

25. In response to paragraph 25 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

26. In response to paragraph 26 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

27. In response to paragraph 27 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

28. In response to paragraph 28 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

29.     In response to paragraph 29 of Plaintiff's Second Amended Complaint, Defendant FAS admits that its tax department prepares tax filings for THI of New Mexico, LLC, THI of Baltimore, Inc. and FLTCH pursuant to contracts with each of these entities.

30.     In response to paragraph 30 of Plaintiff's Second Amended Complaint, Defendant FAS admits that there are PLGL policies which list FCC as the first named insured. Defendant FAS denies the remaining allegations contained in paragraph 30.

31.     In response to paragraph 31 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

32.     In response to paragraph 32 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

33.     In response to paragraph 33 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

34.     In response to paragraph 34 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

35.     In response to paragraph 35 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

36.     In response to paragraph 36 of Plaintiff's Second Amended Complaint, Defendant FAS admits that its IS Department maintains a website. Defendant FAS denies any remaining allegations contained in paragraph 36.

37.     In response to paragraph 37 of Plaintiff's Second Amended Complaint, Defendant FAS denies that Andujo received no training regarding structure.  Defendant FAS further answers that this paragraph is directed toward another Defendant and, therefore, denies the allegations contained therein.

38.     In response to paragraph 38 of Plaintiff's Second Amended Complaint, Defendant FAS answers that this paragraph is directed toward another Defendant and, therefore, denies the allegations contained therein.

39.     In response to paragraph 39 of Plaintiff's Second Amended Complaint, Defendant FAS answers that this paragraph is directed toward another Defendant and, therefore, denies the allegations contained therein.

40.     In response to paragraph 40 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

## **FACTS**

41.     In response to paragraph 41 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

42.     In response to paragraph 42 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

43.     In response to paragraph 43 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Plaintiff was employed by Hobbs Health Care Center as a Business Office Manager in August 2005 and that she identified herself as African-American.  Defendant FAS denies the remaining allegations contained in paragraph 43.

44.     In response to paragraph 44 of Plaintiff's Second Amended Complaint, Defendant FAS admits the allegations contained therein.

45.     In response to paragraph 45 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

46.     In response to paragraph 46 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

47.     In response to paragraph 47 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

48.     In response to paragraph 48 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

49.     In response to paragraph 49 of Plaintiff's Second Amended Complaint, Defendant FAS answers that this paragraph is directed toward another Defendant and, therefore, denies the allegations contained therein.  Defendant FAS further answers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

50.     In response to paragraph 50 of Plaintiff's Second Amended Complaint, upon information and belief, Defendant FAS admits that Plaintiff received performance reviews, discipline, and bonuses during her employment at Hobbs Health Care Center.  Defendant FAS is

9

presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

51.     In response to paragraph 51 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

52.     In response to paragraph 52 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

53.     In response to paragraph 53 of Plaintiff's Second Amended Complaint, upon information and belief, Defendant FAS admits that Plaintiff was placed on an Action Plan. Defendant FAS denies the remaining allegations contained in paragraph 53.

54.     In response to paragraph 54 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Jan Fagan is Caucasian and was Plaintiff's predecessor as Business Office Manager for Hobbs.  Defendant FAS asserts the November 20, 2006, e-mail speaks for itself. Defendant FAS denies the remaining allegations contained in paragraph 54.

55.     In response to paragraph 55 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

56.     In response to paragraph 56 of Plaintiff's Second Amended Complaint, upon information and belief, Defendant FAS admits Plaintiff received an Action Plan on December 1, 2006, and further asserts that the document speaks for itself.  Defendant FAS denies the remaining allegations contained in paragraph 56.

57.     In response to paragraph 57 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

58.     In response to paragraph 58 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

59.     In response to paragraph 59 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

60.     In response to paragraph 60 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

61.     In response to paragraph 61 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

62.     In response to paragraph 62 of Plaintiff's Second Amended Complaint, Defendant FAS admits that the termination letter is dated January 10, 2007, and cites to continuing unsatisfactory performance.  Defendant FAS further asserts that the termination letter speaks for itself.  Defendant FAS denies the remaining allegations contained in paragraph 62.

63.     In response to paragraph 63 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

64.     In response to paragraph 64 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Hobbs Care Center hired Deborah Moore to fill the Business Office Manager position after Plaintiff was terminated.   Defendant FAS denies the remaining allegations contained in paragraph 64.

65.     In response to paragraph 65 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation.

66.     In response to paragraph 66 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein and further asserts that the July 17, 2007, Statement of Position speaks for itself.

67.     In response to paragraph 67 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

68.     In response to paragraph 68 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Billy Cummings submitted an affidavit to the EEOC.   Defendant FAS denies the remaining allegations contained in paragraph 68.

69.     In response to paragraph 69 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

70.     In response to paragraph 70 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

71.     In response to paragraph 71 of Plaintiff's Second Amended Complaint, Defendant FAS admits that Plaintiff received bonuses and salary increases during her employment. Defendant FAS denies the remaining allegations contained in paragraph 71.

72.     In response to paragraph 72 of Plaintiff's Second Amended Complaint, Defendant FAS admits that neither Jan Fagan nor Debbie Moore is African-American.  Defendant FAS further admits that Debbie Moore was a Senior Business Office Manager and her rate of pay was higher than Plaintiff's.  Defendant FAS denies the remaining allegations contained in paragraph 72.

73.     In response to paragraph 73 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

74.     In response to paragraph 74 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

75.     In response to paragraph 75 of Plaintiff's Second Amended Complaint, Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

76.     In response to paragraph 76 of Plaintiff's Second Amended Complaint, Defendant FAS admits that since October 2006, there has not been any African-American Regional Accounts Manager assigned to provide consulting services to FAS's New Mexico clients. Defendant FAS denies the remaining allegations contained in paragraph 76.

77.     In response to paragraph 77 of Plaintiff's Second Amended Complaint, Defendant FAS denies that it engaged in a pattern and practice of discriminatory conduct toward African-Americans.  Defendant FAS is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77, and this has the effect of a denial pursuant to Fed.R.Civ.P. 8(b).

78.     In response to paragraph 78 of Plaintiff's Second Amended Complaint, Defendant FAS admits the EEOC issued a Letter of Determination regarding Plaintiff's Charge of Discrimination.  Defendant FAS asserts the Letter of Determination speaks for itself.  Defendant FAS denies the remaining allegations contained in paragraph 78.

## CLAIMS FOR RELIEF AND DAMAGES

79.     In response to paragraph 79 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

80.     In response to paragraph 80 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

81.     In response to paragraph 81 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

82.     In response to paragraph 82 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

83.     In response to paragraph 83 of Plaintiff's Second Amended Complaint, Defendant FAS denies the allegations contained therein.

84.     In response to Plaintiff's prayer for relief, Defendant FAS denies that Plaintiff is entitled to any relief, including compensatory damages, punitive damages, or injunctive relief.

85.     To the extent not specifically admitted or modified, all allegations in Plaintiff's Second Amended Complaint are denied.

## DEFENSES

1.     Defendant FAS alleges that it never employed Plaintiff nor did FAS terminate Plaintiff or exercise control over her or her supervisors.

14

2.     Defendant FAS alleges that Plaintiff's Second Amended Complaint fails to state causes of action upon which relief may be granted.

3.     Defendant FAS alleges that Plaintiff's damages are barred, in whole or in part, because Plaintiff failed to take reasonable and necessary steps to mitigate her damages.

4.     Defendant FAS alleges that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

5.     Defendant FAS alleges that Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative, statutory, and/or contractual remedies before filing suit.

6.     Defendant FAS alleges that assuming, *arguendo*, Plaintiff's race or protected activity was a motivating factor for any employment practice of decision (which Defendant FAS denies), Defendant FAS would have taken the same action or made the same decision in the absence of the protected characteristic.

7.     Defendant FAS alleges that any relief to which Plaintiff may be entitled is limited and/or barred by the after-acquired evidence doctrine.

8.     Defendant FAS alleges that all acts taken by it or anyone acting on its behalf with respect to Plaintiff were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate or retaliate, and for lawful and legitimate, non-discriminatory or non-retaliatory reasons.

9.     Defendant FAS alleges that assuming the alleged retaliation or discrimination occurred against Plaintiff, Defendant FAS did not know, nor should it have known, of the allegedly discriminatory/retaliatory conduct.

10.     Defendant FAS alleges that, even if Plaintiff was subjected to discrimination and/or retaliation (which it denies), Defendant FAS exercised reasonable care to prevent and promptly correct any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant FAS.

11.     Defendant FAS alleges that Plaintiff's Second Amended Complaint fails to state facts sufficient to justify an award of punitive damages.

12.     Defendant FAS alleges that Plaintiff is not entitled to punitive damages because any alleged misconduct is contrary to Defendant's good-faith efforts to comply with the applicable discrimination laws.

13.     Defendant FAS alleges that Plaintiff's damages are limited by all applicable statutory caps, including, but not limited to, the statutory caps set forth in 42 U.S.C. § 1981(a).

14.     Because Plaintiff's Second Amended Complaint is couched in vague and conclusory terms, Defendant FAS cannot fully anticipate all the affirmative defenses that may be applicable to this case.  Accordingly, Defendant FAS reserves the right to assert additional affirmative defenses.

15.     Defendant FAS adopts any applicable affirmative defense raised by any other Defendant.

16.     Defendant FAS denies any allegations not otherwise fully responded to in this Answer.

WHEREFORE, Defendant FAS prays as follows:

A.      That judgment be entered against Plaintiff's Second Amended Complaint in favor of Defendant FAS and that the Second Amended Complaint and all allegations contained therein related to Defendant FAS be dismissed with prejudice in its entirety;

B.      That Plaintiff take nothing from her Second Amended Complaint;

C.      That the Court award Defendant FAS its attorneys' fees and costs of suit incurred herein; and,

D.      That the Court award Defendant FAS any further relief that it deems appropriate.

RESPECTFULLY SUBMITTED this 29th day of November, 2010.

SHEEHAN & SHEEHAN, P.A.

/s/Barbara G. Stephenson

By: _____
        Barbara G. Stephenson
P.O. Box 271
Albuquerque, NM  87103
(505) 247-0411
(505) 842-8890 (fax)
*Attorneys for Defendants Fundamental*
   *Administrative Services, LLC, Melton,*
   *Lothridge, and Hood*

## CERTIFICATE OF SERVICE

It is certified that the foregoing Defendant Fundamental Administrative Services, LLC's Answer to Plaintiff's Second Amended Complaint was electronically filed through CM/ECF, which caused a copy to be delivered electronically to all counsel of record on this 29th day of November, 2010.

/s/Barbara G. Stephenson

_____
Barbara G. Stephenson