IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

        Plaintiff,

vs.                                                                                                                       No. CIV 09-0060 JB/KBM

THI OF NEW MEXICO AT HOBBS CENTER d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER),
THI OF NEW MEXICO, LLC, FUNDAMENTAL
CLINICAL CONSULTING, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,
THI OF BALTIMORE, INC., and FUNDAMENTAL
LONG-TERM CARE HOLDINGS, LLC,

        Defendants,

and

THI OF NEW MEXICO AT HOBBS CENTER, LLC,
THI OF NEW MEXICO, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, AND
FUNDAMENTAL CLINICAL CONSULTING, LLC,

        Counter-Plaintiffs,

vs.

SARAH WALKER,

        Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Third Motion to Compel Discovery Responses, filed March 4, 2011 (Doc. 220). The Court held a hearing on April 29, 2011. The primary issues are: (i) whether the Court should order the Defendants to amend their answers

to interrogatories and to produce documents; and (ii) whether the Court should award Plaintiff Sarah Walker attorneys' fees.  The Court will grant in part and deny in part Walker's motion.

## FACTUAL BACKGROUND

Walker was employed as a Business Office Manager ("BOM") at Defendant THI of New Mexico at Hobbs Center ("THI of Hobbs"), a nursing home in Hobbs, New Mexico, from August 2005 until January 2007.  See, e.g., Amended Complaint ¶ 3, at 2, filed December 14, 2009 (Doc. 50); Fundamental Clinical Consulting, LLC's Answer to Plaintiff's Amended Complaint ¶ 3, at 2, filed February 3, 2010 (Doc. 56).  Walker, an African American, alleges that THI of Hobbs, and Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood (Miller), THI of New Mexico, Fundamental Clinical Consulting, LLC ("FCC"), and Fundamental Administrative Services, LLC ("FAS"), unlawfully subjected her to numerous acts of racial discrimination and terminated her employment with THI of Hobbs because of her race.  See Amended Complaint ¶ 1, at 1.  Additional background on the case is set forth in the Court's Memorandum Opinion and Order deciding Walker's first motion to compel discovery.  See Walker v. THI of N.M. at Hobbs Ctr., No.CIV 09-0060 JB/RLP, 2010 WL 552661, at *1-4 (D.N.M. Feb. 8, 2010)(Browning, J.).

## PROCEDURAL BACKGROUND

Walker filed this case on January 22, 2009.  See Complaint, filed January 22, 2009 (Doc. 1). The Complaint originally named THI of Hobbs and three Doe Corporations as Defendants.  See Complaint ¶¶ 4-5, at 2.  On December 14, 2009, Walker filed an Amended Complaint adding Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC, and FAS.  See Amended Complaint, filed December 14, 2009 (Doc. 50).  On November 15, 2010, Walker filed a Second Amended Complaint, adding THI of Baltimore, Inc., and Fundamental Long Term Care Holdings, LLC as Defendants.  See Doc. 142.

The parties have had a number of discovery disputes. See Plaintiffs' First Motion to Compel Discovery and Memorandum in Support, filed September 4, 2009 (Doc. 31); Letter from Daniel Yohalem to the Court (dated February 23, 2010), filed February 23, 2010 (Doc. 70); Plaintiff's Second Motion to Compel Discovery and Memorandum in Support, filed June 9, 2010 (Doc. 80) ("Second Motion to Compel"). On March 4, 2011, Walker filed the Plaintiff's Third Motion to Compel Discovery Responses. See Doc. 220. In her motion, Walker asks the Court to compel the Defendants to respond fully and completely to Interrogatories Nos. 19 and 20 in the Plaintiff's Second Set of Interrogatories and to Requests for Production of Documents Nos. 22, 25, 26, 27, and 28 in the Plaintiff's Second Requests for Documents. On the same day, Walker filed her Memorandum in Support of Plaintiff's Third Motion to Compel Discovery Responses. See Doc. 221 ("Memorandum"). In her Memorandum, Walker argues that the information she seeks in Interrogatories Nos. 19 and 20, and in Requests for Production Nos. 26 through 28, is discoverable, because the information is relevant, and is not overly broad or overly burdensome. Walker argues that this information is not protected by any privilege or by the attorney-work product doctrine. Walker also argues that the Court should compel the Defendants to produce all the documents relating to the statements the Defendants made to the Equal Employment Opportunity Commission ("EEOC") that BOMs other than Walker had been counseled for poor work performance and then resigned, and thus did not have to be terminated. Walker further argues that information about herself in the possession, custody, or control of any Defendant, or any agent or employee of any Defendant, that has not been previously produced is discoverable.

On April 4, 2011, the Defendants filed the Defendants' Response to Plaintiff's Third Motion to Compel Discovery Responses. See Doc. 253 ("Response"). The Defendants assert that "[s]everal of the specific discovery issues raised by the Third Motion to Compel Discovery have been

-3-

resolved," and that, from their perspective, "the remaining issues that need to be addressed by the Court are those regarding the requests for communications between the parties and counsel regarding the counterclaim and the related attorney billing records." Response at 1 n.1. The Defendants argue that the Court should deny Walker's third motion to compel and that it should award the Defendants their reasonable attorneys' fees for having to respond. The Defendants argue that Walker does not have an unfettered right to invade the province of the attorney-client relationship and receive unredacted billing information.

On April 14, 2011, Walker filed the Plaintiff's Reply to Defendants' Response to Plaintiff's Third Motion to Compel Discovery Responses. See Doc. 264 ("Reply"). In her Reply, Walker asserts that the Defendants' Response does not respond to or mention her arguments regarding the Requests for Production Nos. 22 and 25, and that, as of the date of filing, the Defendants have produced no responsive documents. She argues that the Defendants' failure to respond to these issues constitutes consent to the Court granting these aspects of her motion. See D.N.M.LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Walker also argues that she is entitled to discover the names of the persons who made the decision to file the Counterclaim, and the names of the persons or entities who paid the bills alleged as damages in the counterclaim. She further argues that she is entitled to discover each element of damages that each Counterclaimant seeks, how the damage was suffered, and the identities of all persons who are witnesses to the amount of damages and to the events that allegedly caused the damages. Walker argues that she is entitled to discover documents, including billing records, which are sufficiently specific to demonstrate the tasks that each Counterclaimant alleges constitute its damages in its malicious-abuse-of-process claim. Walker asks that the Court find that the Defendants were not substantially

justified in all or the majority of their positions in the motion to compel, and that the Court award her attorneys' fees.

## ANALYSIS

The Court will grant in part and deny in part Walker's motion. The Court orders the Defendants to produce documents in response to Walker's Requests for Production Nos. 22, 25, 26, 27 in accordance with this Memorandum Opinion and Order. The Court denies Walker's motion to compel the documents she requested in Request for Production No. 28 without prejudice to her renewing her request. The Court orders the Defendants to amend their answers to Interrogatories Nos. 19 and 20. The Court will award Walker some of the attorneys' fees she incurred in preparing and prosecuting her motion.

### I. THE COURT ORDERS THE DEFENDANTS TO PRODUCE THE DOCUMENTS WALKER SEEKS IN HER REQUEST FOR PRODUCTION NO. 22.

Request for Production No. 22 states:

> In Defendants' EEOC Response in this case Defendants claimed that some Business Office Managers (BOMs) had resigned their employment after being counseled for substandard job performance. Please produce all documents which relate to or concern any and all BOMs within Defendant Andujo's District who resigned during the period January 1, 2004 through December, 2008, who Defendants claimed in their EEOC Response had been counseled for substandard job performance prior to their resignation, including but not limited to documents identifying each such BOM, the date of each such resignation, the counseling received, the dates of all such counseling, and all action plans and other discipline administered to each such BOM.

Defendant Fundamental Administrative Services, LLC's Responses to Plaintiff's Second Request for Production of Documents Request No. 22, filed March 4, 2011 (Doc. 220-3)("RFP").

At the hearing, Barbara G. Stephenson, counsel for Melton, Lothridge, Hood, and FAS, stated that the Defendants do not dispute that they did not address this discovery request in their Response. Ms. Stephenson stated that the Defendants have not been able to find documents

responsive to this request. She stated that they continue to look, but part of the problem is that some of the facilities are no longer in business and that, as a result, the Defendants are not sure where the files are located. Regardless of where the files are located, it appears that there are documents that relate to the BOMs who resigned during the period of January 1, 2004 through December, 2008 after allegedly being counseled for substandard job performance. These dates are relevant, should be located, and should be produced. For these reasons, and the reasons stated on the record at the hearing, the Court will order the Defendants to produce these documents. The Defendants must produce these documents by 5:00 p.m. on June 27, 2011. The Court finds that the Defendants' nondisclosure was not substantially justified, because responsive documents appear to exist and the Defendants have not been able to find them. The Defendants have not convinced the Court, with affidavits or otherwise, that they have been diligent in finding responsive documents which appear to exist.

## II.    THE COURT ORDERS THE DEFENDANTS TO PRODUCE THE DOCUMENTS WALKER SEEKS IN HER REQUEST FOR PRODUCTION NO. 25.

Request for Production No. 25 states: "Please produce all documents that were not already produced from Plaintiff's personnel file and from any other file maintained for Plaintiff by any of the Defendants, including but not limited to any documents related to unemployment claims and benefits." RFP, Request No. 25.

At the hearing, Ms. Stephenson stated that the Defendants did not dispute that they did not address this discovery request in their Response. She stated that the Defendants were continuing to try to get unemployment compensation documents from the third-party provider who handled unemployment compensation claims during the relevant time period. She stated that, because of the delay in getting the documents, the Defendants tried another approach. She stated that the

Defendants tried to subpoena the unemployment compensation file from the Department of Work Force Solutions ("DWFS"). She stated that the DWFS advised them that they could not and would not release anything in response to a subpoena, and that the Defendants needed a signed release from Walker to obtain the file. Ms. Stephenson stated that the Defendants sent a release to Walker's counsel for Walker's signature. Ms. Stephenson stated that, if Walker would sign the release, it might expedite obtaining any documents still in the DWFS' custody. Walker's counsel, Daniel Yohalem, represented that Walker would execute the release.

For the reasons stated on the record at the hearing, the Court will order the Defendants to produce documents responsive to Walker's request. Given counsels' representations regarding the release, it appears that the Defendants will soon be able to produce the unemployment file. The Court also orders the Defendants to produce any other documents responsive to this request that they have not previously produced. The Defendants must produce these documents by 5:00 p.m. on June 27, 2011. The Court finds that the Defendants' nondisclosure was substantially justified, because they have attempted various approaches to obtain responsive documents.

### III. THE COURT WILL GRANT IN PART AND DENY IN PART WALKER'S REQUESTS THAT THE COURT ORDER THE DEFENDANTS TO PRODUCE THE DOCUMENTS SHE SEEKS IN REQUESTS NO 26.

Request No. 26 seeks all

> attorney bills, time sheets and billing documents concerning all attorney and legal assistant work which Defendants claim are part of their damages [in their counterclaim], including but not limited to, documents showing: a) a description of each task performed for which each counter-plaintiff was or will be billed and which each such counter-plaintiff contends is part of its damages; b) the amount of time each attorney expended on each such tasks; c) the date of each such task billed; and d) the charge for each such task.

RFP, Request No. 26. The Defendants produced an Extract of Billings by Bannerman & Johnson, P.A. FCC and Andujo, filed April 4, 2010 (Doc. 1, Ex. B) as an example of their proposed response.

The Extract of Billings listed the date, the attorney, the hours billed, amount billed, and a description of the work.  The Defendants redacted certain information in the description section.  The Court believes that the Extract of Billings demonstrates a good-faith effort to produce responsive documents.  For these reasons, and the reasons stated on the record at the hearing, the Court will order the Defendants to produce documents responsive to this request in the format which they used in the Extract of Billings.  The Defendants must produce these documents by 5:00 p.m. on June 27, 2011.  The Court orders the Defendants, however, to amend the entry for August 16, 2010 in the Extract of Billings, which states: "review multiple emails REDACTED regarding REDACTED REDACTED, REDACTED, other REDACTED REDACTED and REDACTED."  Extract of Billings at 1.  The Court will order the Defendants to provide more information in this entry following the word "regarding."  After the word "regarding," the Defendants can: (i) put something in brackets that they think preserves their work product or the attorney-client privilege; or (ii) give what the electronic mail transmissions were regarding.  The Court believes that Walker is entitled to something which resembles a privilege log so that she can make a decision whether she needs more information or whether she is content with the information she has.  Once the Defendants have produced these documents in the format in which they produced the Extract of Billings, Walker should review the documents.  If she needs further information, she should first speak to the Defendants, and the parties should attempt to resolve the issue.  If the parties cannot resolve the issue, however, the parties may seek the Court's help.  Other than the extent to which the Court has granted Walker's request -- in which it ordered the Defendants to produce redacted documents in the form of the Extract of Billings -- the Court will deny Walker's request without prejudice to her renewing her request at a later time.  The Court finds that the Defendants' response was partially substantially justified, because they attempted, in good faith, to provide Walker with a process that

would provide her with the information she sought. The heavy redactions in the information they provided, however, were not all substantially justified.

### IV. THE COURT ORDERS THE DEFENDANTS TO PRODUCE THE DOCUMENTS WALKER REQUESTS IN HER REQUEST FOR PRODUCTION NO. 27.

Request No. 27 seeks "all documents showing to whom each bill for attorneys' services was sent for all work counter-plaintiffs contend is part of their damages, including all documents showing which entity or person paid each such bill and the date and amount of each such payment." RFP, Request No. 27. The request appears reasonable. For these reasons, and the reasons stated on the record at the hearing, the Court will order the Defendants to produce documents responsive to this request -- whatever documents they sent out as far as bills, including any documents showing that the bills were paid. The Defendants need not produce all responsive documents, but they must produce documents that give Walker the information she seeks. The Defendants must produce these documents by 5:00 p.m. on June 27, 2011. The Court finds that the Defendants' nondisclosure was not substantially justified.

### V. THE COURT WILL REQUIRE THE DEFENDANTS TO AMEND THEIR ANSWER TO INTERROGATORY NO. 20, BUT WILL DENY WALKER'S MOTION TO COMPEL DOCUMENTS REQUESTED IN REQUEST NO. 28.

Interrogatory No. 20 states: "Please identify each element of damages claimed by Defendants in their counterclaims and for each element of damages described in detail how the damage was caused, all witness [sic] to the events that caused the damages and the amount of damage claims." Defendant Fundamental Administrative Services, LLC's Answers to Plaintiff's Second Interrogatories Interrogatory No. 20, filed March 4, 2011 (Doc. 220-2)("Interrogatories"). In their answer, the Defendants state that this interrogatory is premature in part. The information Walker seeks includes information that parties must give in their initial disclosures, and the Court believes

that the Defendants must certainly give this information in response to an interrogatory. For these reasons, and the reasons stated on the record at the hearing, the Court will thus order the Defendants to amend their answer to Interrogatory No. 20. Although this information will change as litigation proceeds, the Defendants must give the available information now and update the answer as litigation proceeds. The Court will thus overrule the Defendants' objections to Interrogatory No. 20, and will require the Defendants to amend their answer. The Defendants must amend their answer by 5:00 p.m. on June 27, 2011. The Court finds that the Defendants' response was not substantially justified.

Request No. 28 seeks "all documents, other than those produced in response to Requests No. 26 and 27 above, that you contend support each claim of damages identified in answer to Interrogatory No. 20." RFP, Request No. 28. The Court will deny without prejudice Walker's motion to compel documents in response to Request No. 28. Once Walker receives the Defendants' billing data, bills, and checks, she should review the materials. If she needs other documents, she may attempt to resolve the matter with opposing counsel. If the parties cannot reach a resolution, Walker may renew this request. The Court finds that the Defendants' nondisclosure was substantially justified.

## VI.   THE COURT WILL REQUIRE THE DEFENDANTS TO AMEND THEIR ANSWER TO INTERROGATORY NO 19.

Interrogatory No. 19 states: "Please identify each person who participated in the decision to file the counterclaim and the date said decision was made." Interrogatory No. 19. At the hearing, Walker represented that she wanted the name of the person at corporate headquarters who made the call to file the counterclaim. For the reasons stated on the record at the hearing, the Court will overrule the Defendants' objections to this interrogatory, and will order the Defendants to amend

their answer. The Defendants must amend their answer by 5:00 p.m. June 27, 2011. The Court finds that the Defendants' response was not substantially justified.

## VII.   THE COURT WILL AWARD WALKER SOME OF HER ATTORNEYS' FEES.

Walk requests that the Court award her attorneys' fees associated with bringing this motion. Rule 37(a)(5)(A) provides that, if a party's motion to compel under rule 37 is granted "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) further states that the Court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). The Court granted Walker's motion in part and denied Walker's motion in part. Although the Court granted many of Walker's requests, it found that approximately a third of the Defendants' nondisclosures or responses were substantially justified. The Court will therefore award Walker two-thirds of the reasonable attorneys' fees and costs her counsel incurred in filing the motion and attending the motion hearing.

**IT IS ORDERED** that the Plaintiff's Third Motion to Compel Discovery Responses, filed March 4, 2011 (Doc. 220), is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel Yohalem
Richard Rosenstock
Santa Fe, New Mexico

-- and --

Katherine E. Murray
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

    *Attorneys for Defendants THI of New Mexico at*
      *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Fundamental Administrative Services, LLC,*
      *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Jaime Andujo and Fundamental*
      *Clinical Consulting, LLC*