IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

       Plaintiff,

vs.                                                                   No. CIV 09-0060 JB/KBM

THI OF NEW MEXICO AT HOBBS CENTER d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER),
THI OF NEW MEXICO, LLC, FUNDAMENTAL
CLINICAL CONSULTING, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,
THI OF BALTIMORE, INC., and FUNDAMENTAL
LONG-TERM CARE HOLDINGS, LLC,

       Defendants,

and

THI OF NEW MEXICO AT HOBBS CENTER, LLC,
THI OF NEW MEXICO, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, AND
FUNDAMENTAL CLINICAL CONSULTING, LLC,

       Counter-Plaintiffs,

vs.

SARAH WALKER,

       Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Bifurcate, filed February 2, 2011 (Doc. 186). The Court held a hearing on April 29, 2011. The primary issue is whether the Court should bifurcate the underlying racial discrimination issue in this matter from the alleged integrated-enterprise issue, stay further discovery and trial on the integrated-enterprise

theory, and order a separate trial on the issue of racial discrimination. The Court will deny the Defendants' Motion to Bifurcate without prejudice to the Defendants renewing the motion at a later time.

## PROCEDURAL BACKGROUND

Plaintiff Sarah Walker filed this case on January 22, 2009. See Complaint, filed January 22, 2009 (Doc. 1). The Complaint originally named Defendant THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center ("THI of Hobbs") and three Doe Corporations as Defendants. See Complaint ¶¶ 4-5, at 2. On December 14, 2009, Walker filed an Amended Complaint adding Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood (Miller), THI of New Mexico, Fundamental Clinical Consulting, LLC ("FCC"), and Fundamental Long Term Care Holdings, LLC ("FAS"). Amended Complaint, filed December 14, 2009 (Doc. 50). On November 15, 2010, Walker filed a Second Amended Complaint, adding THI of Baltimore, Inc., ("THI of Baltimore") and Fundamental Long Term Care Holdings, LLC ("FLTCH") as Defendants. Doc. 142 ("SAC"). In her SAC, Walker alleges that "THI-Hobbs and all the other Corporate Defendants acting as a single, integrated enterprise subjected [Walker] to race discrimination and/or to retaliation for having complained internally about race discrimination" in violation of Title VII, 42 U.S.C. §§ 2000e through e-17, and of the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 through -15. SAC ¶¶ 79-80, at 23-24. Walker alleges that the Defendants' conduct violated her rights under 42 U.S.C. § 1981 and "constituted an intentional infliction of emotional distress." SAC ¶ 81, at 24. She also alleges that the Defendants' conduct in terminating her constituted an unlawful breach of her employment contract. See SAC ¶ 82, at 24.

On February 2, 2011, THI of Hobbs, THI of New Mexico, FCC, FAS, THI of Baltimore, and FLTCH filed the Defendants' Motion to Bifurcate. See Doc. 186. On the same day, the Defendants

filed the Defendants' Memorandum in Support of Their Motion to Bifurcate. See Doc. 187. The Defendants move to bifurcate discovery and trial proceedings regarding Walker's discrimination cause of action and her claim for derivative liability under the single integrated-enterprise theory. They argue that, even if Walker's single integrated-enterprise theory is legally valid and applies in this case, bifurcation is permissible and would serve the interests of efficiency, economy, and preservation of judicial resources in resolving the matter. They argue that bifurcation will not prejudice Walker and that the Defendants may be prejudiced if the case is not bifurcated.

On February 9, 2011, THI of Hobbs, THI of New Mexico, FCC, and FAS filed a Notice of Errata Regarding Defendants THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center, THI of New Mexico, Fundamental Clinical Consulting, LLC, and Fundamental Administrative Services, LLC's Motion to Bifurcate. See Doc. 191. The Notice stated that the Motion to Bifurcate inadvertently included THI of Baltimore and FLTCH as movants, that the Motion to Bifurcate and Memorandum were never intended to be filed on behalf of THI of Baltimore and FLTCH, and that counsel for record of THI of Baltimore and FLTCH did not sign the Motion to Bifurcate and Memorandum.

On March 21, 2011, Walker filed the Plaintiff's Response to Defendants' Motion to Bifurcate Discovery and Trial. See Doc. 243. Walker argues that it is impossible to separate the single, integrated-enterprise issue from the merits of her claims, because establishing the true identity of her employer and those individuals with the authority to cause her termination is an essential and integral element of each of her claims. She argues that her single, integrated-enterprise claim is an indispensable part of her discrimination case, and is necessary to enable her to obtain discovery and to ensure that she is fully covered as to liability and recovery of damages. Walker argues that her single enterprise claim is not separable from her Title VII claims, so it would be

neither efficient nor fair to bifurcate discovery and trial.  Walker also argues that bifurcation would be unfair and highly prejudicial to her, and inefficient, inconvenient and illogical.

On April 7, 2011, the Defendants filed the Defendants' Reply to Plaintiff's Response to Defendants' Motion to Bifurcate.  See Doc. 255.  They argue that Walker need not prove whether the corporate Defendants are part of a single, integrated enterprise to prove her racial discrimination claim; rather, her single integrated enterprise claim would come into play only if she prevails on her claim of discrimination and THI of Hobbs is unable to pay a jury verdict.  They argue that there would be no prejudice to Walker in bifurcating discovery and the trial of her discrimination claim from the single integrated-enterprise theory.  Moreover, the Defendants argue that bifurcation would ensure an orderly and logical resolution of the issues in the case.

## RELEVANT LAW REGARDING RULE 42

Rule 42(b) of the Federal Rules of Civil Procedure grants trial courts discretion to select specified claims or issues and decide them before proceeding to other matters in the same case where such bifurcation is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b).  The bifurcation of issues is appropriate "if such interests favor separation of issues and the issues are clearly separable." Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1119 (10th Cir. 2003)(quoting Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993)). Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims.  See Mandeville v. Quinstar Corp., 109 F. App'x 191, 194 (10th Cir. 2004).  "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party."  Angelo v. Armstrong World Indus., Inc., 11 F.3d at 964.

## ANALYSIS

The Court will deny the Motion to Bifurcate without prejudice to the Defendants renewing their motion at a later time. The Court does not see the benefits of bifurcation to the Court or to Walker. The parties and the Court are a long way away from figuring out what the issues are in the case. The Court has not yet decided whether it should grant THI of Baltimore's and FLTCH's motions to dismiss Walker's SAC as to them. It would be premature to decide the motion for bifurcation before the parties or the Court knows who the parties will be, and what the claims will be. In time, there may be a reason to bifurcate; however, the Court does not believe that there are sufficient reasons to bifurcate discovery and the trial at this time. The issues in this case will become more clear as discovery goes along, and as the Court decides THI of Baltimore's and FLTCH's motions to dismiss. If the Court granted the Motion to Bifurcate, the parties would involve the Court in endless disputes in the depositions they are currently conducting whether the questions are aimed at a merits issue or issues regarding the single integrated enterprise theory. This way of conducting discovery is not conducive to judicial economy. See Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d at 1119. For these reasons, and the reasons stated on the record at the hearing, the Court will deny the Motion to Bifurcate without prejudice to the Defendants renewing the motion at a later time if the parties believe that it would be useful to bifurcate.

**IT IS ORDERED** that on the Defendants' Motion to Bifurcate, filed February 2, 2011 (Doc. 186), is denied without prejudice to the Defendants renewing the motion at a later time.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Katherine E. Murray
Santa Fe, New Mexico

-- and --

Daniel Yohalem
Richard Rosenstock
Santa Fe, New Mexico

  *Attorneys for the Plaintiffs*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

-- and --

Lori D. Proctor
Johnson, Trent, West & Taylor, LLP
Houston, Texas

  *Attorneys for Defendants THI of New Mexico at*
   *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants Fundamental Administrative Services, LLC,*
   *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants Jaime Andujo and Fundamental*
   *Clinical Consulting, LLC*

Colin T. Cameron
Rubin, Katz Law Firm
Santa Fe, New Mexico

-- and --

Rick L. Brunner
Columbus, Ohio

    *Attorney for Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, and Karen Hood (Miller)*