IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

       Plaintiff,

vs.                                                                                                        No. CIV 09-0060 JB/KBM

THI OF NEW MEXICO AT HOBBS CENTER d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER),
THI OF NEW MEXICO, LLC, FUNDAMENTAL
CLINICAL CONSULTING, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,
THI OF BALTIMORE, INC., and FUNDAMENTAL
LONG-TERM CARE HOLDINGS, LLC,

       Defendants,

and

THI OF NEW MEXICO AT HOBBS CENTER, LLC,
THI OF NEW MEXICO, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, AND
FUNDAMENTAL CLINICAL CONSULTING, LLC,

       Counter-Plaintiffs,

vs.

SARAH WALKER,

       Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court on the Plaintiff's Motion for Discovery Sanctions and Memorandum in Support, filed March 22, 2011 (Doc. 244)("Motion for Sanctions"). The Court held a hearing on May 12, 2011. The primary issue is whether the Court should enter an order issuing sanctions against Defendants THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care

Center ("THI of Hobbs"), Fundamental Clinical Consulting, LLC ("FCC"), and Fundamental Administrative Services, LLC ("FAS")(collectively "the Defendants"), for their alleged failure to comply with the Court's order to produce discovery, and awarding Plaintiff Sarah Walker her attorneys' fees and costs incurred in filing her motion. The Court will order the Defendants to produce responsive documents to Walker's Requests for Production Nos. 1, 5, 11, and 15. The Court will not address the Defendants' response to Walker's Interrogatory No. 17, as those issues are now moot. The Court will award Walker eighty percent of her attorneys' fees and costs incurred in preparing and arguing her Motion for Sanctions.

**FACTUAL BACKGROUND**

Walker was employed as a Business Office Manager ("BOM") at THI of Hobbs, a nursing home in Hobbs, New Mexico, from August 2005 until January 2007. E.g., Second Amended Complaint ¶ 3, at 2, filed November 15, 2010 (Doc. 142)("SAC"). Walker, an African American, alleges that THI of Hobbs, and Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood (Miller), THI of New Mexico, FCC, and FAS, unlawfully subjected her to numerous acts of racial discrimination and terminated her employment with THI of Hobbs because of her race. See SAC ¶ 1, at 1. Additional background on the case is set forth in the Court's Memorandum Opinion and Order deciding Walker's first motion to compel discovery. See Walker v. THI of N.M. at Hobbs Ctr., No.CIV 09-0060 JB/RLP, 2010 WL 552661, at *1-4 (D.N.M. Feb. 8, 2010)(Browning, J.).

**PROCEDURAL BACKGROUND**

Walker filed this case on January 22, 2009. See Complaint, filed January 22, 2009 (Doc. 1). The Complaint originally named THI of Hobbs and three Doe Corporations as Defendants. See Complaint ¶¶ 4-5, at 2. On December 14, 2009, Walker filed an Amended Complaint adding

Melton, Andujo, Lothridge, Hood, THI of New Mexico, FCC, and FAS as Defendants. See Amended Complaint, filed December 14, 2009 (Doc. 50). On November 15, 2010, Walker filed a Second Amended Complaint, adding THI of Baltimore, Inc., and Fundamental Long Term Care Holdings, LLC as Defendants. See Doc. 142. In her SAC, Walker alleges that "THI-Hobbs and all the other Corporate Defendants acting as a single, integrated enterprise subjected [Walker] to race discrimination and/or to retaliation for having complained internally about race discrimination" in violation of Title VII, 42 U.S.C. §§ 2000e through e-17, and of the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 through -15. SAC ¶¶ 79-80, at 23-24. Walker alleges that the Defendants' conduct violated her rights under 42 U.S.C. § 1981 and "constituted an intentional infliction of emotional distress." SAC ¶ 81, at 24. She also alleges that the Defendants' conduct in terminating her constituted an unlawful breach of her employment contract. See SAC ¶ 82, at 24.

On March 22, 2011, Walker filed the Plaintiff's Motion for Discovery Sanctions and Memorandum in Support. See Doc. 244. Walker asked the Court for an order issuing discovery sanctions against the Defendants for their alleged failure to comply with the Court's Memorandum Opinion and Order, filed October 20, 2010 (Doc. 121). Walker seeks her costs and attorneys' fees associated with her motion.

On April 15, 2011, the Defendants filed the Defendants' Response to Plaintiff's Motion for Discovery Sanctions. See Doc. 266. The Defendants argue that they have engaged in exhaustive searches for information and have repeatedly supplemented prior responses as additional information was located. The Defendants argue that, to a large degree, Walker's assertions that discovery responses are deficient will be silenced only if the Defendants create documents with the information Walker seeks. The Defendants argue that they are not obligated to do this task and that their refusal to do so is not sanctionable.

On April 28, 2011, Walker filed the Plaintiff's Reply to Defendants' Response to Motion for Discovery Sanctions.  See Doc. 281.  Walker argued that she believes there are additional documents that the Defendants have not yet produced and will not produce.  She argues that there is evidence that the documents exist.

## ANALYSIS

The Court will order the Defendants to produce responsive documents to Walker's Requests for Production Nos. 1, 5, 11, and 15.  The Court will not address the Defendants' response to Walker's Interrogatory No. 17, as those issues are now moot.  The Court will award Walker eighty percent of her attorneys' fees and costs incurred in preparing and arguing her Motion for Sanctions.

**I.     THE COURT ORDERS THE DEFENDANTS TO PRODUCE DOCUMENTS RESPONSIVE TO WALKER'S REQUESTS FOR PRODUCTION NO. 1 AND NO. 11.**

Walker's Request for Production No. 1 seeks documents identifying all of Walker's supervisors and superiors, and all persons at THI of New Mexico, FAS, and FCC who had the responsibility to review her performance and conduct, the human resources staff in any of these three companies who had any responsibility for Walker, and the companies who employed the people identified.  Walker's Request for Production No. 11 asks the Defendants to produce the organizational charts in effect during the time of Walker's employment, showing all management personnel at THI of Hobbs Health Care Center and all persons whom THI of New Mexico, FCC, and FAS employed.

At the hearing, Walker's counsel, Daniel Yohalem, had an employee manual entitled Trans Health Resource Manual for New Management, which an attorney in another lawsuit involving THI entities gave him.  This manual contains a chart of "Trans Health Key Executives," "THI Key Executives -- Corporate," and "THI Key Executives -- Field Operations."  The manual also provides

a chart of the corporate relationships between THI Holdings, LLC, Trans Healthcare, Inc., and THI of Baltimore, Inc. Mr. Yohalem stated that, if the Defendants produced this document, it would satisfy Walker's request for organization documents for the early part of her employment.

It appears that there is an organizational chart which covers part of the time of Walker's employment. This case is from 2009, yet Walker still does not have information from which she can ascertain the basic structure of who supervised her. The Court orders the Defendants to produce the responsive documents -- such as the organizational chart in the manual -- in their possession, custody, or control, and to determine whether they have any similar responsive documents. If the Defendants produce the organizational chart in the manual, they must produce information regarding the date the organizational chart became inaccurate. Although Walker stated that it would be acceptable if the Defendants would stipulate that the organizational chart in the manual is the organizational chart which applied at all relevant times during her employment and which will govern for purposes of this case, it appears that such a stipulation is not possible, because, given changes in the corporate structure, the organizational chart is not accurate.

If the Defendants cannot produce the organizational chart in the manual, the Defendants must produce a list of people at THI of New Mexico, FAS, and FCC who had the responsibility to supervise and/or review Walker's performance and conduct while she was employed at THI of Hobbs, and of the resources staff at THI of New Mexico, FAS, and FCC who had responsibility to supervise and/or review Walker's performance and conduct. The Court does not, in response to a request for production ("RFP"), believe that it is proper to require the respondent to create data or, in effect, to answer an interrogatory implicit in the RFP. On the other hand, the Court does not think it is appropriate for the Court to order the Defendants to produce large amounts of documents, many of which will show the same thing once the identity of a supervisor or reviewer is established.

Accordingly, the Court will limit production, but have the Defendants identify the relevant names. The Defendants must produce three documents for each person they identified which best confirms that these people had the responsibility to supervise and/or review Walker's performance and conduct. The Defendants must produce these documents by 5:00 p.m. on May 26, 2011. The parties represented that they did not oppose the Court's proposed solution. The Court's order is without prejudice to Walker renewing her motion if the documents the Defendants produce do not give Walker the ability to create an organizational chart.

## II.    THE COURT ORDERS THE DEFENDANTS TO PRODUCE DOCUMENTS IN RESPONSE TO WALKER'S REQUEST FOR PRODUCTION NO. 5.

Walker's Request for Production No. 5 seeks records of all training provided to each BOM who was employed by each center and/or business in Andujo's region in New Mexico from August 1, 2007 through December 31, 2007. Walker has alleged that she did not receive the same level of training as other BOMs in the region. Walker attached two exhibits -- Exhibits 12 and 13 -- to her Reply, which she alleges show that, although the Defendants contend that they have produced everything they have and that they do not have any BOM training records for the region, the Defendants were tracking the training they provided to BOMs. Exhibits 12 and 13 were in Walker's possession. Exhibit 12 is an electronic mail transmission from Kristi Pederson to LTC-Admissions and LTC-BOM.[1]  The subject of the electronic mail transmission is "Conference CALL-in number for Training on Verifying Benefits (Medicare/Insurance) March 22/23rd."  Electronic Mail Transmission From Kristi Pederson to LTC-Admissions; LTC-BOM at 1 (dated March 20, 2006), filed April 28, 2011 (Doc. 281, Ex. 12). The electronic mail transmission states that, when connecting to the call, each person should provide their name and their facility name, and that

---

[1] Neither party informed the Court to what the letters "LTC" refer.

"[a]ttendance will be tracked for our training records." Pederson Electronic Mail Transmission at 1. Exhibit 13 is a Business Officer Manager Training Task List that Lothridge and Walker initialed. See Business Officer Manager Training Task List *Draft*, filed April 28, 2011 (Doc. 281, Ex. 13).

It appears that Exhibit 12 and 13 are documents the Defendants should have and it is reasonable to infer, given the documents Walker has, that the Defendants have responsive documents regarding BOM training, which they must produce. The Court orders the Defendants to locate these documents and produce them to Walker. When the Defendants find these documents, they must look to determine whether they have any similar documents. The Court will also order the Defendants to talk to a number of people to ascertain whether the people know whether there are other available documents regarding BOM training. The Defendants must talk to Lothridge, Pederson, and all of the people carbon copied on the electronic mail transmission from Pederson -- Mindy Kohlbrecher, Christopher Long, Lorice Dakdduk, Kacy Gilldand, Eileen Plundo, Luann McCormick, Karen Krebs, Delia Dupree, Susie Casler, Heather Price, Donna Holland, Linda Borsuk, Joyelle Johnson, Jami Southard, LTC-RAMs, Janet Joynes, and LTC-Admin to ascertain whether any of these people know the location of additional documents regarding BOM training. The Defendants must produce any responsive documents they find. The Defendants must produce any responsive documents by 5:00 p.m. on May 26, 2011. The Court will issue this order without prejudice to Walker renewing the motion if the Defendants' production does not satisfy her request for documents.

### III. THE COURT ORDERS THE DEFENDANTS TO PRODUCE DOCUMENTS RESPONSIVE TO WALKER'S REQUEST FOR PRODUCTION NO. 15.

Walker's Request for Production No. 15 asks the Defendants to produce documents showing the monthly collection goals THI of New Mexico, FCC, FAS, and/or any of their employees

provided to each BOM in Andujo's region from January 1, 2004 through December 31, 2008, and the memoranda and/or electronic mail transmission which communicated the goals. The Court orders the Defendants to send by facsimile transmission Exhibit 8 to Walker's Motion for Sanctions -- an Electronic Mail Transmission from Brigitte Miller to magdalena.tavarez@eeoc.gov at 1 (dated September 10, 2007), filed March 22, 2011 (Doc. 244, Ex. 8) -- to Jen Harding, the Vice President of Billings and Collections for FAS. The Defendants must circle or highlight the portion of the electronic mail transmission which states: "Jen Harding . . . sets the standards and/or goals for monthly cash collections." Miller Electronic Mail Transmission at 1. The Defendants must personally speak to Harding, and ask her if she or anyone else created documents pursuant to the process that was described to the EEOC. If Harding identifies documents that the Defendants have not yet produced, the Defendants must produce these documents. If Harding states that there are no documents and that the goals were set orally, then the Defendants must send a letter to Walker's counsel explaining what documents exist, what documents do not exist, and the results of their investigation. The Defendants must produce the documents or letter to Walker by 5:00 p.m. on May 26, 2011. The Court issues this order without prejudice to Walker renewing her motion after she obtains a response from the Defendants.

### IV.     THE ISSUES SURROUNDING THE DEFENDANTS' ANSWERS TO INTERROGATORY NO. 17 ARE NOW MOOT.

In her Reply, Walker represented that the Defendants answered Interrogatory No. 17 after she filed her Motion for Sanctions and that its inclusion in her Motion for Sanctions is now moot. The Court thus need not address the Defendants' response to Interrogatory No. 17.

### V.     THE COURT WILL AWARD WALKER EIGHTY PERCENT OF HER ATTORNEYS' FEES AND COSTS.

Walker asks the Court to issue discovery sanctions and award her attorneys' fees she

incurred in preparing and arguing the Motion for Sanctions. The Defendants argue that sanctions are not appropriate. They argue that federal discovery rules require a party only to produce documents that are already in existence and that they thus should not face sanctions for their refusal to create documents which do not exist. They also argue that, since the Court's October 20, 2010 MOO, they have taken ongoing steps to supplement discovery responses, and that their supplemental responses have been reasonable, appropriate, and justified.

At the hearing, the Court stated that it was inclined to hold a status conference after May 26, 2011 to ascertain the status of the Defendants' production before it issued a ruling regarding sanctions. On May 20, 2011, the Defendants filed a letter informing the Court that the Defendants would file a motion for reconsideration,[2] arguing that the organizational chart Walker showed the Court on the May 12, 2011 hearing was not produced in any litigation in New Mexico and that the manual was not accurate at the time it was printed. See Letter from Barbara Stephenson to the Court (dated May 20, 2011), filed May 20, 2011 (Doc. 315)("Letter"). In the Letter, the Defendants state that they are entitled to an explanation of how Walker obtained the documents and why Walker did not disclose the materials to them before the hearing, and state that Walker, "rather than Defendants, . . . should be the subject of sanctions over this matter and she should not now benefit from coming before the Court with documents which are not, in fact, as represented." Letter at 3. On June 14, 2011, Walker's counsel, Daniel Yohalem, filed a letter with the Court to provide the Court with an update regarding the Defendants' production of documents. See Letter from Daniel

---

[2] The Defendants' Motion for Reconsideration, filed May 24, 2011 (Doc. 302), is pending. This Memorandum Opinion and Order reflects the Court's ruling on the issues presented to it in the Motion for Sanctions. The Court will consider whether it should reconsider its rulings in a separate Memorandum Opinion and Order.

Yohalem to Judge Browning at 1 (dated June 14, 2011), filed June 14, 2011 (Doc. 329). Mr. Yohalem stated that, regarding Requests for Production Nos. 1 and 11, instead of producing documents, the Defendants have submitted a letter and filed a motion for reconsideration. He states that, regarding Request for Production No. 5, the Defendants have produced some documents concerning training, but argues that the Defendants have not produced all responsive documents. Regarding Request for Production No. 15, Mr. Yohalem states that the Defendants complied with the Court ruling. It thus appears that the Defendants did not produce additional documents regarding Walker's Request for Production No. 15, which means the Defendants may have been correct that responsive documents did not exist. The Defendants' response to Walker's Request for Production No. 5, however, shows that they may not have made a sufficient effort to find documents. Furthermore, it is possible that the Defendants have not yet produced all responsive documents to Request for Production No. 5. Although the parties resolved the issues surrounding Interrogatory No. 17, the issues were resolved only after Walker filed her Motion for Sanctions. The Defendants also have not yet provided Walker with responsive documents to Requests for Production Nos. 1 or 11. The Court thus believes that it should award Walker eighty percent of her attorneys' fees and costs incurred in preparing and arguing her Motion for Sanctions. Walker should send an affidavit to the Defendants about the bill for fees and costs; if the parties cannot agree on the amount owed, Walker may submit the affidavit to the Court for review and further order, if necessary.

**IT IS ORDERED** that the Plaintiff's Motion for Discovery Sanctions and Memorandum in Support, filed March 22, 2011 (Doc. 244), is granted in part and denied in part. The Court orders the Defendants to produce responsive documents to Walker's Requests for Production Nos. 1, 5, 11, and 15. The Court need not address the Defendants' response to Walker's Interrogatory No. 17, as those issues are now moot. The Court awards Walker eighty percent of her attorneys' fees and costs

incurred in preparing and arguing her Motion for Sanctions.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Katherine E. Murray
Santa Fe, New Mexico

-- and --

Daniel Yohalem
Richard Rosenstock
Santa Fe, New Mexico

  *Attorneys for the Plaintiffs*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

-- and --

Lori D. Proctor
Johnson, Trent, West & Taylor, LLP
Houston, Texas

  *Attorneys for Defendants THI of New Mexico at*
   *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants Fundamental Administrative Services, LLC,*
   *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants Jaime Andujo and Fundamental*
   *Clinical Consulting, LLC*

Colin T. Cameron
Rubin, Katz Law Firm
Santa Fe, New Mexico

-- and --

Rick L. Brunner
Columbus, Ohio

  *Attorney for Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, and*
   *Karen Hood (Miller)*