IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

        Plaintiff,

vs.                                                           No. CIV 09-0060 JB/KBM

THI OF NEW MEXICO AT HOBBS CENTER d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER),
THI OF NEW MEXICO, LLC, FUNDAMENTAL
CLINICAL CONSULTING, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,
THI OF BALTIMORE, INC., and FUNDAMENTAL
LONG-TERM CARE HOLDINGS, LLC,

        Defendants,

and

THI OF NEW MEXICO AT HOBBS CENTER, LLC,
THI OF NEW MEXICO, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, AND
FUNDAMENTAL CLINICAL CONSULTING, LLC,

        Counter-Plaintiffs,

vs.

SARAH WALKER,

        Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Jaime Andujo's Motion for Protective Order Quashing Plaintiff's Deposition Notice, filed May 13, 2011 (Doc. 291); and (ii) Plaintiff's Motion for Protective Order Quashing Defendants' Notice of Diana Melton's

Deposition and Memorandum in Support, filed May 23, 2011 (Doc. 301). The Court held a hearing on June 2, 2011. The primary issues are: (i) whether the Court should issue a protective order and quash Plaintiff Sarah Walker's notice to take Defendant Jaime Andujo's deposition on June 7, 2011, and allow Defendant THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center's deposition of Andujo to proceed on June 8, 2011; and (ii) whether the Court should issue a protective order and quash the Defendants' notice to depose Defendant Diana Melton on June 7, 2011, and permit Walker to depose Andujo on June 7, 2011 as noticed by Walker. The Court will deny both motions.

## PROCEDURAL BACKGROUND

Plaintiff Sarah Walker filed this case on January 22, 2009. See Complaint, filed January 22, 2009 (Doc. 1). The Complaint originally named Defendant THI of New Mexico at Hobbs Center d/b/a Hobbs Health Care Center ("THI of Hobbs") and three Doe Corporations as Defendants. See Complaint ¶¶ 4-5, at 2. On December 14, 2009, Walker filed an Amended Complaint adding Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, Karen Hood (Miller), THI of New Mexico, Fundamental Clinical Consulting, LLC ("FCC"), and Fundamental Administrative Services, LLC ("FAS"). Amended Complaint, filed December 14, 2009 (Doc. 50). On November 15, 2010, Walker filed a Second Amended Complaint, adding THI of Baltimore and FLTCH as Defendants. See Doc. 142 ("SAC"). In her SAC, Walker alleges that "THI-Hobbs and all the other Corporate Defendants acting as a single, integrated enterprise subjected [Walker] to race discrimination and/or to retaliation for having complained internally about race discrimination" in violation of Title VII, 42 U.S.C. §§ 2000e through e-17, and of the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 through -15. SAC ¶¶ 79-80, at 23-24. Walker alleges that the Defendants' conduct violated her rights under 42 U.S.C. § 1981 and "constituted an intentional infliction of

emotional distress." SAC ¶ 81, at 24. She also alleges that the Defendants' conduct in terminating her constituted an unlawful breach of her employment contract. See SAC ¶ 82, at 24.

On April 4, 2011, John Bannerman, Anjuo's counsel, wrote Daniel Yohalem, Richard Rosenstock, and Katerine E. Murray, Walker's counsel, stating:

> I [sic] now proposing the following dates for depositions. The June-July blocks of time were mentioned in my previous email, and the defendants have set them aside . . . . This schedule also resolved a concern Richard expressed to me about making two trips to Hobbs.
>
> While it compresses things, it should give . . . the parties time to clear work schedules and make plans to attend, and the rest of us time to make travel plans, serve subpoenas, etc.
>
> Defendants are proposing the following new dates for depositions:
>
> . . . .
>
> June 6th: Melton - ABQ
>
> June 7th: Andujo - ABQ

Electronic Mail Transmission from John Bannerman to Daniel Yohalem, Richard Rosenstock, and Katherine E. Murray (dated April 4, 2011), filed May 13, 2011 (Doc. 291-1). The next day, Mr. Yohalem responded to Mr. Bannerman's electronic mail transmission: "This schedule looks possible to me. Richard is away this week and I will check on his availability and we will respond to you next week. It would be helpful if you can begin checking on . . . defendants' availability in the time periods you propose." Electronic Mail Transmission from Mr. Yohalem to John Bannerman (dated April 5, 2011), filed May 13, 2011 (Doc. 291-1). On April 6, 2011, Mr. Bannerman replied: "Therefore, may we assume that those dates are acceptable to Plaintiff and begin to make arrangements?" Electronic Mail Transmission from John Bannerman to Dan Yohalem (dated April 6, 2011), filed May 13, 2011 (Doc. 291-1).

On April 12, 2011, Mr. Yohalem sent Mr. Bannerman an electronic mail transmission, stating: "We would like to take Melton and Andujo's deposition in ABQ on June 8, and 9 . . . . Can you suggest one of your offices for the ABQ deposition (I will supply the court reporter). . . . Thanks for coordinating all this John." Electronic Mail Transmission for Dan Yohalem to John Bannerman (dated April 12, 2011), filed May 13, 2011 (Doc. 291-1). The same day, Mr. Bannerman responded: "We have gone to great lengths to get our witnesses to agree to the dates we proposed (and to which you did not originally object, save for Richard being available, which is obviously not a problem). I will have to get back to you." Electronic Mail Transmission from John Bannerman to Dan Yohalem (dated April 12, 2011), filed May 13, 2011 (Doc. 291-1). On April 21, 2011, Mr. Bannerman sent Mr. Rosenstock, Mr. Yohalem, and Ms. Murray an electronic mail transmission, stating: "This is our **final position** on depositions and we are going to start issued [sic] notices and subpoena's based upon it. Both sides have been accommodating, and this can go on forever. . . . ALBUQUERQUE   6/7 Diane Melton   6/8 Jaime Andujo." Electronic Mail Transmission from John Bannerman to Richard Rosenstock, Dan Yohalem, and Katherine Murray (dated April 21, 2011), filed May 13, 2011 (Doc. 291-1)(emphasis in original).

On May 13, 2011, Andujo filed Defendant Jaime Andujo's Motion for Protective Order Quashing Plaintiff's Deposition Notice. See Doc. 291. Andujo moved the Court for a protective order pursuant to rule 26(c)(1) of the Federal Rules of Civil Procedure preventing Walker from taking his deposition on June 7, 2011. Andujo argues that his deposition has been noticed for the original agreed-upon date and that Walker has not established any circumstances to justify a change in his deposition date.

On May 20, 2011, Walker filed the Plaintiff's Response in Opposition to Defendant Jaime Andujo's Motion for Protective Order Quashing Plaintiff's Deposition Notice. See Doc. 299.

Walker argues that not allowing her to depose Andujo on June 7, 2011 will be prejudicial to her discovery, but will not harm the Defendants.  She argues that, if the Court allows the Defendants to proceed with their depositions of Andujo and Melton, she will not be able to prepare for or adequately participate in either deposition.

On May 23, 2011, Walker filed the Plaintiff's Motion for Protective Order Quashing Defendants' Notice of Diana Melton's Deposition and Memorandum in Support.  See Doc. 301.  Walker moves the Court for an order quashing the Defendants' notice to take Melton's deposition so that she may take Andujo's deposition, which she noticed for June 7, 2011.

## ANALYSIS

Negotiating deposition dates has been an arduous process for the parties in this case.  In his motion for a protective order, Andujo argues that Walker has not established any circumstance of undue hardship to justify a change in his deposition date when his deposition has already been noticed for the original agreed-upon date.  After carefully reviewing the electronic mail transmissions between the parties, the Court concludes that there was no agreement among the parties on the dates of Andujo's and Melton's depositions.

With motions such as the two before the Court, the Court believes it needs to be careful that it does not put its thumb on the scale for one side or the other.  As the electronic mail transmissions between counsel demonstrate, the parties have spent much time negotiating deposition dates.  Each side likely has strategic reasons to try to set depositions in a particular order.  The Court is not aware, and the parties have not directed the Court's attention to, a legal rule which governs this particular situation regarding the order in which the depositions must be taken.  The Court is thus vested with a lot of discretion in resolving this situation.  The Court does not believe that it should exercise its discretion to disturb the steps the parties have taken in noticing the depositions.  The

parties have set up the depositions, and the Court believes it should not interfere with the parties' noticing of depositions, which may have the effect of the Court tipping the scales of justice in the favor of one of the parties. The Court will thus deny both motions for protective orders. Although this decision will result in inconvenience for all parties, all the parties had strategic reasons for noticing the depositions when they did, and the Court will not exercise its discretion to intervene and tip the scales in favor of one party. Andujo contends that June 7, 2011 is the third date the parties discussed for his deposition and that he has already agreed to change his schedule on two prior occasions to accommodate Walker. Andujo asserts that he supervises eight facilities and travels a great deal, which makes changing his schedule difficult, and that he has made personal and professional arrangements to come to Albuquerque for the agreed upon deposition date. Walker argues that the Defendants have scheduled Andujo's and Melton's depositions on June 7, 2011 and June 8, 2011, despite her scheduling and strategic objections, which she made known to the Defendants. Walker asserts that she cannot be ready to depose Melton on June 7, 2011 and that she wants to depose Andujo before he has the opportunity to sit in on Melton's deposition and hear her version of the events in this matter. Although Mr. Bannerman asserted that Andujo, as a Defendant, had a right to be present at Melton's deposition, he did not direct the Court's attention to authority supporting the assertion that the Court and/or parties could not double track depositions, making it difficult or impossible for a party to be present at two depositions at the same time. The Court is not aware of, and the parties have not directed the Court's attention to, authority supporting Mr. Bannerman's assertion that a party has a fundamental right to be physically present at another party's deposition so that double tracking is, in effect, unlawful or unconstitutional. It appears that this matter is left to the Court's discretion, and the Court believes that it should not use its discretion to interfere with the schedule of the properly noticed depositions. The Court invited Mr. Bannerman

and the other parties to submit supplemental authority which would suggest that the Court's ruling is improper or does not have a sound basis in the law, but none of the parties submitted supplemental authority. Based on the record before it, for these reasons, and for the reasons stated on the record at the hearing, the Court will deny both motions for protective orders and will leave the depositions in place as scheduled.

**IT IS ORDERED** that: (i) Defendant Jaime Andujo's Motion for Protective Order Quashing Plaintiff's Deposition Notice, filed May 13, 2011 (Doc. 291), is denied; and (ii) Plaintiff's Motion for Protective Order Quashing Defendants' Notice of Diana Melton's Deposition and Memorandum in Support, filed May 23, 2011 (Doc. 301), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Katherine E. Murray
Santa Fe, New Mexico

-- and --

Daniel Yohalem
Richard Rosenstock
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

-- and --

Lori D. Proctor
Johnson, Trent, West & Taylor, LLP
Houston, Texas

    *Attorneys for Defendants THI of New Mexico at*
       *Hobbs Center, LLC and THI of New Mexico, LLC*

Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Fundamental Administrative Services, LLC,*
       *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Jaime Andujo and Fundamental*
       *Clinical Consulting, LLC*

Colin T. Cameron
Rubin, Katz Law Firm
Santa Fe, New Mexico

-- and --

Rick L. Brunner
Columbus, Ohio

    *Attorney for Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, and*
      *Karen Hood (Miller)*