IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WALKER,

       Plaintiff,

vs.                                                                                                                             No. CIV 09-0060 JB/KBM

THI OF NEW MEXICO AT HOBBS CENTER d/b/a
HOBBS HEALTH CARE CENTER, DIANA
MELTON, JAIME ANDUJO, DEBBIE
LOTHRIDGE, KAREN HOOD (MILLER),
THI OF NEW MEXICO, LLC, FUNDAMENTAL
CLINICAL CONSULTING, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC,
THI OF BALTIMORE, INC., and FUNDAMENTAL
LONG-TERM CARE HOLDINGS, LLC,

       Defendants,

and

THI OF NEW MEXICO AT HOBBS CENTER, LLC,
THI OF NEW MEXICO, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, AND
FUNDAMENTAL CLINICAL CONSULTING, LLC,

       Counter-Plaintiffs,

vs.

SARAH WALKER,

       Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court on the Defendants' Motion to Clarify Ruling Allowing Surreply to Plaintiff's Motion to Dismiss Counterclaim, filed April 22, 2011 (Doc. 273)("Motion to Clarify"). The Court held a hearing on May 4, 2011. The primary issue is whether the Court should clarify its oral ruling in the April 6, 2011 hearing and allow the Counterclaimants

to file a twenty-four page surreply in response to the Plaintiff's Motion to Dismiss Defendants' Counterclaim and Memorandum in Support, filed January 18, 2011 (Doc. 174)("Motion to Dismiss").

## PROCEDURAL BACKGROUND

The Counterclaimants filed the Motion to Clarify on April 22, 2011.  See Doc. 273.  The Counterclaimants argue that Walker raised new grounds for dismissal -- subject-matter jurisdiction -- for the first time in the Plaintiff's Reply to Defendants' Response to Motion to Dismiss Counterclaim, filed March 16, 2011 (Doc. 235)("Reply").  They argue that the issues regarding subject-matter jurisdiction warrant detailed discussion.  The Counterclaimants state that, at the hearing on April 6, 2011, Walker represented that she had no objection to the Counterclaimants filing a surreply and that the Court thus granted the Counter-Plaintiffs' request to file a surreply.  The Counterclaimants contend, however, that, when they advised Walker that their brief would be twenty-four pages, she retracted her consent.  The Counterclaimants ask the Court to clarify its oral ruling in the April 6, 2011 hearing, in which the Court granted the Counterclaimants' request to file a surreply, and to allow them to file a twenty-four page surreply.

## LAW REGARDING SURREPLIES

Rule 7.4(b) provides: "The filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b).  A surreply is appropriate and should be allowed where new arguments are raised in a reply brief.  See Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229 F.R.D. 201, 204 (D.N.M. 2005)(Browning, J.).

## ANALYSIS

The issues regarding subject-matter jurisdiction require detailed attention and study.  The Court believes that it should review the Counterclaimants' arguments on the matter so that it

thoroughly and correctly addresses the issue. At the time of the hearing on the Motion to Clarify, the Court was inclined to grant Walker's Motion to Dismiss. Because the Court was inclined to grant Walker's Motion to Dismiss, it stated that it would appreciate the Counterclaimants' briefing on the issues. If Walker had raised the issue of subject-matter jurisdiction in her Motion to Dismiss rather than in her Reply, the Counterclaimants would have been able to spend twenty-four pages -- or, if they had asked for an extension, probably more -- addressing the issues. There is no reason to shortchange the Counterclaimants on this issue. Although Walker suggests that the question of subject-matter jurisdiction is minor and does not require detailed discussion, the issues raised, and their potential impact on the litigants' pursuit of their rights, are serious enough to warrant detailed discussion. Walker may respond to the surreply if she so desires. The Court is reluctant to place its thumb on the scales of justice. Because the Court believes the issues regarding subject-matter jurisdiction require detailed attention and study, because, at the time, the Court was inclined to grant Walker's Motion to Dismiss, and because the Court believes that review of the Counterclaimants' arguments will help ensure that it thoroughly and correctly addresses the jurisdictional issue, the Court will grant the Motion to Clarify.

**IT IS ORDERED** that the Defendants' Motion to Clarify Ruling Allowing Surreply to Plaintiff's Motion to Dismiss Counterclaim, filed April 22, 2011 (Doc. 273), is granted. The Court will clarify its ruling at the April 6, 2011 hearing. The Counterclaimants may file the twenty-four page surreply.

                                                                           _____
                                                                           UNITED STATES DISTRICT JUDGE

*Counsel:*

Katherine E. Murray
Santa Fe, New Mexico

-- and --

Daniel Yohalem
Richard Rosenstock
Santa Fe, New Mexico

        *Attorneys for the Plaintiffs*

Danny Jarrett
Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

-- and --

Lori D. Proctor
Johnson, Trent, West & Taylor, LLP
Houston, Texas

        *Attorneys for Defendants THI of New Mexico at*
            *Hobbs Center, LLC and THI of New Mexico, LLC*


Barbara G. Stephenson
Quentin Smith
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

        *Attorneys for Defendants Fundamental Administrative Services, LLC,*
            *Karen Hood (Miller), Debbie Lothridge, and Diana Melton*

John A. Bannerman
Margaret A. Graham
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendants Jaime Andujo and Fundamental
>       Clinical Consulting, LLC*

Colin T. Cameron
Rubin, Katz Law Firm
Santa Fe, New Mexico

-- and --

Rick L. Brunner
Columbus, Ohio

>   *Attorney for Defendants Diana Melton, Jaime Andujo, Debbie Lothridge, and
>       Karen Hood (Miller)*